IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEDRO RAMIREZ, JR., Individually and on Behalf of All Others Similarly Situated Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION, REX W. TILLERSON, ANDREW P. SWIGER and JEFFREY J. WOODBURY<br><br>Defendants. | Case No. 3:16-cv-3111-K |

## **DEFENDANTS' SUBMISSION CONCERNING LEAD PLAINTIFF MOTION**

Defendants ExxonMobil Corporation, Rex W. Tillerson, Andrew P. Swiger, and Jeffrey J. Woodbury respectfully make this submission concerning the motion for appointment of lead plaintiff and lead counsel filed by Greater Pennsylvania Carpenters Pension Fund on January 6, 2017 (ECF No. 25).

Defendants take no position on the present motion. Defendants reserve all rights to challenge any proposed class representative at the class certification stage of these proceedings or at a later stage of these proceedings on a more developed record. As the courts have held, findings at the lead plaintiff stage do not preclude later challenges under Federal Rule of Civil Procedure 23, including but not limited to challenges to the typicality or adequacy of a proffered class representative. *See Richard NMI Bell* v. *Ascendant Sols., Inc.*, 2002 WL 638571, at *2 (N.D. Tex. Apr. 17, 2002) (noting that "the Court's finding is without prejudice to later typicality or adequacy challenges at the class certification stage"); *see also Ellenburg* v. *JA Solar Holdings Co. Ltd.*, 262 F.R.D. 262, 267 (S.D.N.Y. 2009) (noting that "defendants may of course challenge at the class certification stage whether each of the requirements of Rule 23 has been

established"); *Koppel* v. *4987 Corp.*, 1999 WL 608783, at *8 (S.D.N.Y. Aug. 11, 1999) (noting that a finding of adequacy for purposes of appointment as Lead Plaintiff "does not prejudice the defendants' capacity to contest plaintiff's adequacy on a motion for class certification"); *Fischler* v. *AMSouth Bancorporation*, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997) (noting that "the determination of lead plaintiff and lead counsel at this stage does not preclude revisiting the issue upon consideration of a motion for class certification").

Dated: January 27, 2017

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP**

By: */s/ Daniel J. Kramer*
Theodore V. Wells, Jr.*
twells@paulweiss.com
Daniel J. Kramer*
dkramer@paulweiss.com
Daniel J. Toal*
dtoal@paulweiss.com
Gregory F. Laufer*
glaufer@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
Fax: (212) 757-3990

**HAYNES & BOONE, LLP**

By: */s/ Nina Cortell*
Nina Cortell
State Bar No. 04844500
nina.cortell@haynesboone.com
Daniel H. Gold
State Bar No. 24053230
daniel.gold@haynesboone.com
2323 Victory Avenue, Suite 700
Dallas, TX 75219
(214) 651-5000
Fax: (214) 651-5940
* admitted *pro hac vice*

*Counsel for Defendants Exxon Mobil Corporation, Rex W. Tillerson, Andrew P. Swiger, and Jeffrey J. Woodbury*

2

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on January 27, 2017.

By: */s/ Daniel J. Kramer*
    Daniel J. Kramer