IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PEDRO RAMIREZ, JR., Individually and
on Behalf of All Others Similarly
Situated,

Plaintiff,

v.

EXXON MOBIL CORPORATION, REX W.
TILLERSON, ANDREW P. SWIGER,
JEFFREY J. WOODBURY, and DAVID S.
ROSENTHAL,

Defendants.

Case No. 3:16-cv-3111-K

**DEFENDANTS' MOTION TO DIRECT LEAD PLAINTIFF TO PUBLISH NEW
NOTICE UNDER THE PSLRA TO NEW PROPOSED CLASS
AND BRIEF IN SUPPORT**

Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Kramer (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Gregory F. Laufer (*pro hac vice*)
Jonathan H. Hurwitz (*pro hac vice*)
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
Fax: (212) 757-3990

Nina Cortell
Daniel H. Gold
HAYNES & BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Tel: (214) 651-5000
Fax: (214) 651-5940

*Counsel for Exxon Mobil Corporation, Andrew P.
Swiger, Jeffrey J. Woodbury, and David S. Rosenthal*

D. Patrick Long
SQUIRE PATTON BOGGS
2000 McKinney Ave., Suite 1700
Dallas, TX 75201
Tel: (214) 758-1505
Fax: (214) 758-1550

*Counsel for Rex W. Tillerson*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES...................................................................................ii

PRELIMINARY STATEMENT ........................................................................ 1

SUMMARY OF RELEVANT FACTS .......................................................... 2

ARGUMENT ...................................................................................................... 5

CONCLUSION AND PRAYER......................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Cheney* v. *Cyberguard Corp.*,
    213 F.R.D. 484 (S.D. Fla. 2003) ............................................................................. 9

*In re Cyberonics Inc. Sec. Litig.*,
    468 F. Supp. 2d 936 (S.D. Tex. 2006) ...................................................................... 6

*Dube* v. *Signet Jewelers Limited*,
    No. 16-cv-6728 (JMF), 2017 WL 1379385 (S.D.N.Y. April 14, 2017) .............. 6, 7, 8

*Greenberg* v. *Bear Stearns & Co., Inc.*,
    80 F. Supp. 2d 65 (E.D.N.Y. 2000) ....................................................................... 10

*In re Initial Public Offering Sec. Litig.*,
    214 F.R.D. 117 (S.D.N.Y. 2002) ........................................................................... 8

*In re LeapFrog Enters., Inc. Sec. Litig.*,
    No. C 03 05421 RMW, 2005 WL 5327775 (N.D. Cal. July 5, 2005) ........................ 6

*In re Select Comfort Corp. Sec. Litig.*,
    No. 99-cv-884 (DSD) (JMM), 2000 WL 35529101 (D. Minn. Jan 27, 2000) ...... 6, 7, 8

*Teamsters Local 445 Freight Div. Pension Fund* v. *Bombardier Inc.*,
    No. 05-cv-1898 (SAS), 2005 WL 1322721 (S.D.N.Y. June 1, 2005) .................... 7, 8

*Thomas* v. *MagnaChip Semiconductor Corp.*,
    No. 14-cv-01160-JST, 2015 WL 3749784 (N.D. Cal. June 15, 2015) ...................... 9

*In re Thornburg Mortg., Inc. Sec. Litig.*,
    629 F. Supp. 2d 1233 (D.N.M. 2009) ...................................................................... 9

*Turner* v. *ShengdaTech, Inc.*,
    No. 11-cv-1918 (TPG), 2011 WL 6110438 (S.D.N.Y. Dec. 6, 2011) ...................... 9

*Vanleeuwen* v. *Keyuan Petrochems., Inc.*,
    No. 11-cv-9495-PSG, 2013 WL 2247394 (C.D. Cal. May 9, 2013) ...................... 6, 8

STATUTES

15 U.S.C. § 78u-4(a)(3)(A) ..................................................................................... 1, 5

OTHER AUTHORITIES

H.R. REP. NO. 104–369, *reprinted in* 1995 U.S.C.C.A.N. 730 (1995) ............................ 5

Defendants Exxon Mobil Corporation ("ExxonMobil" or the "Company"), Rex W. Tillerson, Andrew P. Swiger, Jeffrey J. Woodbury, and David S. Rosenthal (the "Individual Defendants") submit this motion asking the Court to direct the current lead plaintiff, Greater Pennsylvania Carpenters Pension Fund (the "Pension Fund"), to publish a new notice of the pendency of this action in compliance with the Private Securities Litigation Reform Act of 1995 ("PSLRA" or the "Act"), 15 U.S.C. § 78u-4(a)(3)(A) and brief in support.

## PRELIMINARY STATEMENT

As this Court is aware, the PSLRA provides that notice of any securities lawsuit be published to the proposed class within 20 days after the complaint is filed. When a consolidated or amended complaint is subsequently filed that advances new alleged disclosure violations based on new factual and legal theories and significantly expands the proposed class period, courts have held that a new PSLRA notice is required to be published to the new class. Providing new PSLRA notice, especially when a lawsuit is still in its beginning stages, is a low-cost way to ensure that the new class members are affirmatively apprised of the lawsuit and avoids the potential for future complications, delays, collateral attack, and waste of judicial and party resources if a new class member learns of the lawsuit and seeks to intervene.

Here, the Pension Fund sought appointment as lead plaintiff based on a PSLRA notice given based upon, and expressly describing, the original complaint in this matter. That complaint asserted claims based upon a class period of only eight months. Although ExxonMobil is one of the world's largest companies with a market capitalization of over $323 billion dollars, the Pension Fund claimed losses of less than $55,000, most of which were not even realized losses. Based upon that notice and subsequent proceedings, this Court appointed

the Pension Fund as lead plaintiff to prosecute the claims in the original complaint on behalf of the putative eight-month class.

Having been appointed lead plaintiff, the Pension Fund filed the Consolidated Complaint on July 26 on behalf of a new class that is over *two years longer* than the original proposed class and which asserts substantially different factual and legal theories to support new and different alleged disclosure violations. But the Pension Fund never issued a new PSLRA notice to the new proposed class. Like the original complaint, the Consolidated Complaint is itself defective and should be dismissed for the reasons defendants will provide in their forthcoming motion to dismiss. Nevertheless, the Pension Fund's decision to change the focus of its lawsuit without providing a new PSLRA notice places these proceedings at risk of future delays and collateral attack. To avoid these issues, the Court should require the Pension Fund to issue a new notice that complies with the PSLRA.

## SUMMARY OF RELEVANT FACTS

This action began on November 7, 2016, when plaintiff Pedro Ramirez, Jr. filed his twenty-five page complaint against ExxonMobil and certain of the Individual Defendants. (*See* ECF No. 1.) The original complaint asserted federal securities claims on behalf of purchasers of ExxonMobil common stock over a proposed class period of approximately eight months. (*Id.* ¶ 1.)

The original complaint alleged that defendants committed securities fraud by failing to disclose information about climate change and the risks that climate change posed to ExxonMobil's business, including the risk that some of its assets would ultimately prove unrecoverable, or "stranded." Specifically, the complaint alleged that ExxonMobil failed to disclose that (i) its internally generated reports concerning climate change recognized the

environmental risks associated with global warming and climate change, (ii) given these risks, ExxonMobil would not be able to extract its existing hydrocarbon reserves and, therefore, a material, unspecified portion of its reserves would be stranded, and (iii) ExxonMobil employed an inaccurate "price of carbon" in assessing the value of its oil and gas assets in a supposed effort to inflate the value of its reserves. (*Id.* ¶ 3.) (Plaintiff defined the "price of carbon" as a hypothetical cost reflecting the potential cost of future changes in government policy to reduce carbon emissions.  *Id.* ¶ 41.)

A notice of the pendency of this action was published over the *PRNewswire* on November 7, 2016, which identified the proposed eight-month class period and described the alleged disclosure violations identified above. (*See* ECF No. 25 App'x Ex. A.)

On January 6, 2017, the Pension Fund moved for appointment as lead plaintiff and for the approval of its choice of counsel as lead counsel.  (*See* ECF No. 25.)  The Pension Fund was the only party to seek lead plaintiff status. In its application, the Pension Fund claimed aggregated losses of only $54,831.47 for the original eight-month proposed class period, most of which were not realized losses but losses from holding ExxonMobil stock through the end of the original class period.  (*See* ECF No. 25 App'x Ex. C.)  By order dated May 3, 2017, this Court appointed the Pension Fund as lead plaintiff and approved its selection of lead counsel.  (*See* ECF No. 29.)

The Consolidated Complaint, which the Pension Fund filed on July 26, 2017, substantially changed both the proposed class period and the substance of the claims being asserted. In contrast to the original complaint, the 176-page Consolidated Complaint purported to assert claims on behalf of a putative class covering a period of approximately two years and ten months—more than two years longer than the original eight-month class period. (ECF No. 36 ¶ 1.)

The Consolidated Complaint further asserts claims that differ from those alleged in the original complaint. The Consolidated Complaint alleges that ExxonMobil failed to disclose that: (i) ExxonMobil's Canadian bitumen operations allegedly were operating at a loss for approximately three months, (ii) ExxonMobil supposedly knew that its open-pit mining operations at Kearl Lake could not satisfy the SEC's definition for "proved reserves" at year-end 2016, (iii) a significant portion of ExxonMobil's Rocky Mountain dry gas operations was purportedly impaired by no later than year-end 2015, requiring ExxonMobil to record an asset impairment charge sooner than it did. (*See id.* ¶ 247.) None of these allegations was made in the original complaint, which made no mention of ExxonMobil's Canadian bitumen operations, its operations at Kearl Lake, or its Rocky Mountain dry gas operations.

The Consolidated Complaint also alleges that ExxonMobil purportedly failed to (i) incorporate greenhouse gas ("GHG") emissions costs or carbon "proxy costs" consistently with its public representations and internal policies or (ii) incorporate GHG emissions costs or carbon "proxy costs" into its asset impairment evaluation processes. (*See id.* ¶ 247.) None of these allegations was in the original complaint. And the Consolidated Complaint also now claims that ExxonMobil's public disclosures violated several SEC regulations and generally accepted accounting principles, allegations that, again, appear nowhere in the original complaint. (*See id.* ¶¶ 342–376.)

Despite expanding the proposed class period by over two years and substituting wholly new factual and legal theories based on different alleged disclosure violations, the Pension Fund did not publish notice in accordance with the PSLRA to advise the new proposed class that this matter is pending.

By letter dated August 3, 2017, defendants informed the Pension Fund's counsel that the Consolidated Complaint violated the PSLRA's notice provisions and asked the Pension Fund to issue new notice. On August 10, 2017, the Pension Fund refused to issue new notice. (App. 1.) The Pension Fund asserted that the new notice is not required because the Consolidated Complaint "adds no new causes of action" or "separate classes of securities" and because, it asserted, the allegations in the Consolidated Complaint are "plainly related" to the facts and theories in the original complaint. (*Id.*) As discussed below, the Pension Fund's arguments are unpersuasive.

## ARGUMENT

The PSLRA provides that notice must be published to the proposed class within 20 days after the date on which any securities class action complaint is filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). The notice must advise of "the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." *Id.* The notice provisions' objectives are "to encourage the most capable representatives of the plaintiff class to participate in class action litigation and to exercise supervision and control of the lawyers for the class," including "increas[ing] the likelihood that parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation." H.R. REP. NO. 104–369, at 32 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 731.

To further these objectives, courts have repeatedly held that where, as here, a consolidated or amended complaint adds new factual and legal theories and significantly expands the proposed class, a new notice must be published in accordance with the PSLRA to give the

new potential class members the opportunity to move for appointment as lead plaintiff. *See, e.g.,* *Vanleeuwen* v. *Keyuan Petrochems., Inc.*, No. 11-cv-9495-PSG, 2013 WL 2247394, at *5 (C.D. Cal. May 9, 2013) (requiring republication where the amended complaint added allegations based on "an entirely different factual scenario," including alleging "entirely new misrepresentations," and added "a whole new class of plaintiffs who were not included in the Original Complaint"); *In re Cyberonics Inc. Sec. Litig.*, 468 F. Supp. 2d 936, 940 (S.D. Tex. 2006) (requiring republication where the amended complaint "substantially expand[ed] the potential class of plaintiffs by adding new claims and significantly expanding the class period"); *In re LeapFrog Enters., Inc. Sec. Litig.*, No. C 03 05421 RMW, 2005 WL 5327775, at *3 (N.D. Cal. July 5, 2005) (requiring republication where consolidated complaint included new allegations and expanded the class period by nine months); *In re Select Comfort Corp. Sec. Litig.*, No. 99-cv-884 (DSD) (JMM), 2000 WL 35529101, at *7–8 (D. Minn. Jan 27, 2000) (requiring republication where "entirely new factual and legal allegations . . . affect[ed] a new class of plaintiffs"), *adopted in relevant part*, 2000 WL 36097395 (D. Minn. May 12, 2000).

*Dube* v. *Signet Jewelers Limited*, No. 16-cv-6728 (JMF), 2017 WL 1379385 (S.D.N.Y. April 14, 2017), is instructive. In *Dube*, the previously appointed lead plaintiffs filed an amended complaint that expanded the proposed class period by more than three years and "alter[ed] dramatically the gravamen of the claims alleged against Defendants" by asserting "categorically different theories of securities fraud" based on different alleged disclosure violations. *See id.*, at *1-2. The court held that republication of notice in compliance with the PSLRA was required. *See id.*, at *2. The court reasoned that:

> [T]he 'additions make it likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice, and that [a]llowing plaintiffs in this case to proceed without publishing a new notice

> reflecting their additional claims would potentially exclude qualified movants
> from the lead plaintiff selection process.'

*Id.* (quoting *Kaplan* v. *S.A.C. Cap. Advisors, L.P.*, 947 F. Supp. 2d 366, 367–68 (S.D.N.Y. 2013)).

The Pension Fund's decision not to issue new notice under the PSLRA is inconsistent with these precedents and violates the Act. Like the complaint in *Dube*, the Consolidated Complaint here asserts new factual and legal theories on behalf of a purported class over a proposed class period of approximately two years and ten months—two years longer than the original class period. (ECF No. 36 ¶ 1.) But the Pension Fund never published new notice to the proposed expanded class. Those new potential class members thus have no notice of this lawsuit, the adjudication of which may substantially affect their rights, and no opportunity to seek appointment as lead plaintiff.

The Court should not allow this case to proceed until the Pension Fund complies with the PSLRA notice provisions. The "PSLRA does not contemplate the unapproved addition of new claims or new classes of plaintiffs after . . . a lead plaintiff or plaintiffs are appointed." *Select Comfort*, 2000 WL 35529101, at *8. Permitting cases to proceed without giving notice to members of the newly expanded class would result in "'entire classes of potential lead plaintiffs [being] left out of the notice procedure.'" *Dube*, 2017 WL 1379385, at *1 (quoting *Teamsters Local 445 Freight Div. Pension Fund* v. *Bombardier Inc.*, No. 05-cv-1898 (SAS), 2005 WL 1322721, at *2 (S.D.N.Y. June 1, 2005)). Given that membership of the class is substantially expanded here, "fairness dictates that those new class members ought to be informed of the existence of pending claims that may affect their rights." *Teamsters*, 2005 WL 1322721, at *3.

Especially in cases like this one where "only a single class member . . . moved for appointment as lead plaintiff," "[i]t is entirely possible that other well-qualified lead plaintiffs

would have moved [for lead plaintiff status] had they been notified that they were potential class members." *Teamsters*, 2005 WL 1322721 at *2. That is particularly so given the relatively modest loss that the Pension Fund claimed for the original class period as the basis for its appointment as lead plaintiff. (*See* ECF No. 25 App'x Ex. C.) Giving notice to the additional members of the newly defined proposed class also furthers the purpose of the PSLRA's lead plaintiff provisions, which are designed "to ensure that securities litigation [is] investor-driven, as opposed to lawyer-driven." *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 123 (S.D.N.Y. 2002).

The court and defendants also would be prejudiced if proceedings on this unapproved Complaint go forward and a member of the new proposed class were to seek to intervene in the future. Addressing this issue now will avoid those potential delays and complications and conserve judicial and party resources. For these reasons, courts have routinely granted defendants' requests to require republication of the PSLRA notice in a lawsuit's early stages. *See, e.g.*, *Vanleeuwen*, 2013 WL 2247394, at *5; *Select Comfort*, 2000 WL 35529101, at *7-9.

The Pension Fund's arguments in its August 10 letter are unpersuasive. The Pension Fund erroneously contends that new notice is not required because the Consolidated Complaint "adds no new causes of action" or "separate classes of securities." (App. 1.) As the court in *Dube* held, however, "republication is not strictly limited to circumstances 'where the amended complaint relates to a different class or type of security from that to which the original claims related' or 'where there was no serious dispute as to whether the amended complaint added new claims . . . because the amended complaint added a new cause of action." *Dube*, 2017 WL 1379385, at *1 (citations omitted). Rather, republication is required if the amendments are

8

"substantial" such that potential lead plaintiffs were left out of the notice procedure. *Id.* (citation & internal quotation marks omitted).

The cases the Pension Fund cites are inapposite. In those cases, the courts declined to require new notice because the amendments in question did not alter the alleged factual basis for the claims. For example, in *Thomas* v. *MagnaChip Semiconductor Corp.*, No. 14-cv-01160-JST, 2015 WL 3749784 (N.D. Cal. June 15, 2015), the post-notice complaint added new defendants, expanded the class period, and added claims under the Securities Act of 1933, but all of those changes related to the same underlying factual allegations as the original complaint relating to the company's accounting and internal controls that required a restatement of certain of its financial statements. *Id.*, at *4. The court held that republication was not necessary because the new complaint "still center[ed] on the same factual scenario" and related to "the same misrepresentations." *Id.* Consistent with the decision in *Dube* and the other cases cited above, however, the court recognized that a new PSLRA notice would have been required had the complaint "substantially alter[ed] the claims or class members" by modifying the underlying factual allegations. *Id.*

The other cases on which Pension Fund relies likewise did not involve amended complaints that changed the underlying factual allegations. *See Turner* v. *ShengdaTech, Inc.*, No. 11-cv-1918 (TPG), 2011 WL 6110438, at *3 (S.D.N.Y. Dec. 6, 2011) (only difference was expanded class period, but new complaint otherwise "proceed[ed] against the same defendants," "relie[d] on the same legal theories," and "concern[ed] the same type of securities"); *In re Thornburg Mortg., Inc. Sec. Litig.*, 629 F. Supp. 2d 1233, 1240–42 (D.N.M. 2009) (only differences were expanded class period and new legal theories grounded on the same facts within the originally noticed class period); *Cheney* v. *Cyberguard Corp.*, 213 F.R.D. 484, 502–03 (S.D.

Fla. 2003) (class period expanded by eleven months but claims otherwise unchanged); *Greenberg* v. *Bear Stearns & Co., Inc.*, 80 F. Supp. 2d 65, 69 (E.D.N.Y. 2000) (only difference was the addition of one defendant). By contrast, the Consolidated Complaint here has substantially altered the factual and legal theories underlying plaintiff's claims, including by alleging different misrepresentations and omissions.

## CONCLUSION AND PRAYER

For the foregoing reasons, defendants respectfully request that the Court enter an order that directs the Pension Fund to publish a new notice to the new proposed class in compliance with the PSLRA.

Dated: August 22, 2017

Respectfully submitted,


/s/ Daniel J. Kramer
Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Kramer (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Gregory F. Laufer (*pro hac vice*)
Jonathan H. Hurwitz (*pro hac vice*)
PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
twells@paulweiss.com
dkramer@paulweiss.com
dtoal@paulweiss.com
glaufer@paulweiss.com
jhurwitz@paulweiss.com


/s/ Nina Cortell
Nina Cortell
Texas State Bar No. 04844500
Daniel H. Gold
Texas State Bar No. 24053230
HAYNES & BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
nina.cortell@haynesboone.com
daniel.gold@haynesboone.com


*Counsel for Exxon Mobil Corporation,*
*Andrew P. Swiger, Jeffrey J. Woodbury,*
*and David S. Rosenthal*

/s/ D. Patrick Long
D. Patrick Long
Texas State Bar No. 12515500
SQUIRE PATTON BOGGS
2000 McKinney Ave., Suite 1700
Dallas, TX 75201
Telephone: (214) 758-1505
Facsimile: (214) 758-1550
patrick.long@squirepb.com

*Counsel for Rex W. Tillerson*

11

## CERTIFICATE OF CONFERENCE

I hereby certify that a good-faith effort was made to resolve the disputed issues that are the subject of the foregoing motion before filing the motion.  By letters dated August 3, 2017, (from Daniel J. Kramer), and August 10, 2017, (from Nathan R. Lindell), counsel for defendants and lead plaintiff conferred regarding the issues presented in this motion, but no agreement could be reached.

*/s/ Daniel J. Kramer* \
Daniel J. Kramer

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion has been served by electronic CM/ECF filing,  on this 22nd day of August, 2017.

*/s/ Daniel J. Kramer* \
Daniel J. Kramer