UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO RAMIREZ, JR., Individually and on Behalf of All Others Similarly Situated, | § § § | Civil Action No. 3:16-cv-03111-K |
| | § | CLASS ACTION |
| Plaintiff, | § § | |
| | § | |
| vs. | § § | |
| | § | |
| EXXON MOBIL CORPORATION, et al., | § § | |
| | § | |
| Defendants. | § § | |

**LEAD PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE**

1331027_1

## TABLE OF CONTENTS

**Page**

I.  PRELIMINARY STATEMENT ...............................................................................1

II. RELEVANT BACKGROUND ...............................................................................3

III. ARGUMENT..........................................................................................................4

      A.  The Court Should Not Strike the Wright Declaration or the Paragraphs of the Complaint that Cite Thereto...............................................................5

            1.  This Court Has Discretion to Consider the Entire Wright Declaration .........................................................................................5

            2.  Defendants' Request to Strike Any and All Paragraphs from the Complaint that Mention Dr. Wright Is Unsupportable .............................10

      B.  The Court Should Not Strike the Oleske Affirmation or the Paragraphs of the Complaint that Cite Thereto...........................................................12

IV. CONCLUSION.....................................................................................................17

1331027_1

## TABLE OF AUTHORITIES

**Page**

**CASES**

*ABC Arbitrage Plaintiffs Grp. v. Tchuruk*,
291 F.3d 336 (5th Cir. 2002) ..................................................................................14

*Amini v. Oberlin Coll.*,
259 F.3d 493 (6th Cir. 2001) ....................................................................................7

*Barrie v. Intervoice-Brite, Inc.* 397 F.3d 249, 258 (5th Cir. 2005),
*opinion modified on denial of reh'g*,
409 F.3d 653 (5th Cir. 2005) ................................................................................1, 6

*Branch v. Tunnell*,
14 F.3d 449 (9th Cir. 1994), *overruled on other grounds by*
*Galbraith v. Cty. of Santa Clara*,
307 F.3d 1119 (9th Cir. 2002) ..................................................................................7

*Brothers v. Saag*,
No. 4:13-CV-466-VEH, 2014 U.S. Dist. LEXIS 27275
(N.D. Ala. Mar. 4, 2014)..........................................................................................11

*CitiCapital Commercial Corp. v. First Nat'l Bank*,
No. 3:04-CV-0302-B, 2005 U.S. Dist. LEXIS 6310
(N.D. Tex. Apr. 11, 2005).....................................................................................5, 13

*Collins v. Morgan Stanley Dean Witter*,
224 F.3d 496 (5th Cir. 2000) ..................................................................................12

*de la Fuente v. DCI Telecommunications, Inc.*,
259 F. Supp. 2d 250 (S.D.N.Y. 2003)......................................................................16

*DeMarco v. DepoTech Corp.*,
149 F. Supp. 2d 1212 (S.D. Cal. 2001)......................................................8, 9, 10, 11

*DIJO, Inc. v. Hilton Hotels Corp.*,
351 F.3d 679 (5th Cir. 2003) ..................................................................................14

*FDIC v. Niblo*,
821 F. Supp. 441 (N.D. Tex. 1993) ...........................................................................5

*Fin. Acquisition Partners, L.P. v. Blackwell*,
No. 3:02-CV-1586-K, 2004 U.S. Dist. LEXIS 20110
(N.D. Tex. Sept. 29, 2004), *aff'd*, 440 F.3d 278 (5th Cir. 2006) ............................9, 10, 11, 12

*Fin. Acquisition Partners LP v. Blackwell*,
440 F.3d 278 (5th Cir. 2006) ..............................................................................2, 6, 10

1331027_1

**Page**

*Gibson v. Liberty Mut. Grp.*,
No. 3:02-CV-2306-D, 2004 U.S. Dist. LEXIS 7944
(N.D. Tex. Apr. 30, 2004), *aff'd*, 129 F. App'x 94 (5th Cir. 2005)..........................................14

*Gulaid v. CH2M Hill, Inc.*,
No. 15-cv-04824-JST, 2016 U.S. Dist. LEXIS 137227
(N.D. Cal. Oct. 3, 2016)...............................................................................................................6

*Hall v. Bellmon*,
935 F.2d 1106 (10th Cir. 1991) ...................................................................................................7

*Harris v. Progressive Ins., Inc.*,
No. 3:13-cv-3983-K, 2014 WL 712446
(N.D. Tex. Feb. 24, 2014)...........................................................................................................12

*Howard v. Securitas Sec. Servs., USA*,
No. 08 C 2746, 2009 U.S. Dist. LEXIS 3913
(N.D. Ill. Jan. 20, 2009) ..............................................................................................................14

*HSH Nordbank AG v. RBS Holdings USA Inc.*,
No. 13 Civ. 3303 (PGG), 2015 U.S. Dist. LEXIS 36087
(S.D.N.Y. Mar. 23, 2015) ............................................................................................................16

*In re Bear Stearns Mortg. Pass-Through Certificates Litig.*,
851 F. Supp. 2d 746 (S.D.N.Y. 2012).........................................................................................15

*In re CommVault Sys., Sec. Litig.*,
No. 14-cv-5628 (PGS), 2016 U.S. Dist. LEXIS 135257
(D.N.J. Sept. 30, 2016) .........................................................................................................7, 8, 9

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
235 F. Supp. 2d 549 (S.D. Tex. 2002) .........................................................................................16

*In re Enzymotec Sec. Litig.*,
No. 14- 5556 (JLL) (MAH), 2015 U.S. Dist. LEXIS 167403
(D.N.J. Dec. 15, 2015) ..................................................................................................................8

*In re Fannie Mae 2008 Sec. Litig.*,
891 F. Supp. 2d 458 (S.D.N.Y. 2012), *aff'd*,
525 F. App'x 16 (2d Cir. 2013) ...................................................................................................15

*In re Herbal Supplements Mktg. & Sales Practices Litig.*,
No. 15-cv-5070, 2017 U.S. Dist. LEXIS 76207
(N.D. Ill. May 19, 2017) .........................................................................................................15, 16

1331027_1

**Page**

*In re Key Energy Servs., Inc. Sec. Litig.*,
166 F. Supp. 3d 822 (S.D. Tex. 2016) ...............................................................................14

*In re MannKind Sec. Actions*,
835 F. Supp. 2d 797 (C.D. Cal. 2011) ........................................................................5, 7, 8, 9

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*,
218 F.R.D. 76 (S.D.N.Y. 2003) ........................................................................................15

*In re OSG Sec. Litig.*,
12 F. Supp. 3d 619 (S.D.N.Y. 2014).................................................................................12

*In re TJX Cos. Retail Sec. Breach Litig.*,
564 F.3d 489 (1st Cir. 2009)...........................................................................................15

*Ledford v. Rapid-American Corp.*,
No. 86 Civ. 9116 (JFK), 1988 U.S. Dist. LEXIS 79
(S.D.N.Y. Jan. 8, 1988)|.................................................................................................15

*Lipsky v. Commonwealth United Corp.*,
551 F.2d 887 (2d Cir. 1976)........................................................................................15, 16

*Lormand v. US Unwired, Inc.*,
565 F.3d 228 (5th Cir. 2009) ...........................................................................................12

*Malik v. Cont'l Airlines Inc.*,
305 F. App'x 165 (5th Cir. 2008) .....................................................................................12

*Mazzeo v. Nature's Bounty, Inc.*,
No. 14-60580-CIV-BLOOM/VALLE,
2015 U.S. Dist. LEXIS 34242 (S.D. Fla. Mar. 19, 2015).....................................................11

*Montgomery v. Buege*,
No. Civ. 08-385 WBS KJM, 2009 U.S. Dist. LEXIS 32918
(E.D. Cal. Apr. 16, 2009)................................................................................................11

*N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*,
163 F.3d 449 (7th Cir. 1998) .............................................................................................7

*Novak v. Kasaks*,
216 F.3d 300 (2d Cir. 2000).............................................................................................14

*Oinonen v. TRX, Inc.*,
No. 3:09-CV-1450-M, 2010 WL 2217880
(N.D. Tex. June 1, 2010)..................................................................................................14

1331027_1

**Page**

*Owens v. Dallas Cty. Cmty. Coll. Dist.*,
    No. 3:16-CV-3162-L, 2017 U.S. Dist. LEXIS 116988
    (N.D. Tex. May 16, 2017), *report and recommendation adopted*,
    2017 U.S. Dist. LEXIS 116735 (N.D. Tex. July 26, 2017) ......................................................14

*Rose v. Bartle*,
    871 F.2d 331 (3d Cir. 1989)..................................................................................................7

*Sanchez v. Bay Area Rapid Transit Dist.*,
    No. 13-CV-1885 YGR, 2013 U.S. Dist. LEXIS 126976
    (N.D. Cal. Sept. 5, 2013) ......................................................................................................8

*Schnell v. City of Chicago*,
    407 F.2d 1084 (7th Cir. 1969) ..............................................................................................7

*SEC v. Lee*,
    720 F. Supp. 2d 305 (S.D.N.Y. 2010)..................................................................................15

*Tobia v. United Grp. of Cos., Inc.*,
    No. 1:15-CV-1208, 2016 WL 5417824
    (N.D.N.Y. Sept. 22, 2016) ..................................................................................................16

*U.S. Risk Ins. Grp., Inc. v. United States Risk, Mgmt., L.L.C.*,
    No. 3:11-cv-2843-M, 2013 U.S. Dist. LEXIS 191510
    (N.D. Tex. Mar. 6, 2013) ......................................................................................................5

*Varner v. Dometic Corp.*,
    No. 16-22482-Civ-Scola, 2017 U.S. Dist. LEXIS 73905
    (S.D. Fla. May 16, 2017) ....................................................................................................11

*Wenzel v. Knight*,
    No. 3:14-cv-432, 2015 U.S. Dist. LEXIS 4476
    (E.D. Va. Jan. 14, 2015)...............................................................................................13, 15

**STATUTES, RULES AND REGULATIONS**

29 U.S.C. §216(b) ......................................................................................................................14

Federal Rules of Civil Procedure
    Rule 9(b) ..............................................................................................................................15
    Rule 10(c)...................................................................................................................5, 7, 8, 9
    Rule 12(f) .....................................................................................................................4, 5, 13
    Rule 56(e).............................................................................................................................14

- v -

1331027_1

**Page**

Federal Rules of Evidence
   Rule 701 ....................................................................................................................................14

1331027_1

Lead Plaintiff Greater Pennsylvania Carpenters Pension Fund ("Lead Plaintiff" or "plaintiff") respectfully submits this response in opposition to Defendants' Motion to Strike the Declaration of Charlotte J. Wright, Ph.D. (the "Wright Declaration"), the Affirmation of John Oleske (the "Oleske Affirmation"), and the Allegations of the Consolidated Complaint that Rely on Them (the "Motion" or "Motion to Strike") (Dkt. No. 48).[1]

## I.       PRELIMINARY STATEMENT

Defendants' assertion that "[t]he Wright Declaration and the Oleske Affirmation are improper under well-settled law" (Motion at 1) is incorrect.  To the contrary, there is nothing "improper" about either of these documents, or the purposes for which plaintiff has attached them to the Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint") (Dkt. No. 36).  To be clear, plaintiff is not asking the Court to accept these exhibits into evidence or adopt any of the opinions or conclusions contained therein.  Nor is plaintiff attempting to substitute Dr. Wright's expert opinions for well-pled facts.  Instead, the Wright Declaration and the Oleske Affirmation were attached to the Complaint for the simple purpose of providing additional factual support and valuable context for plaintiff's allegations.  As such, this Court can (and should) properly consider the Wright Declaration and the Oleske Affirmation at this stage.

Despite defendants' assertion to the contrary, there is no inflexible rule prohibiting a plaintiff from attaching an expert declaration to a pleading.  Indeed, in *Barrie v. Intervoice-Brite, Inc.*, the Fifth Circuit specifically noted, in an opinion reversing the district court's dismissal of fraud claims, that the plaintiff's allegations of accounting improprieties were "adequately supported by expert opinion."[2]  Plaintiff concedes that *Barrie* is not controlling on the specific issue presented here – *i.e.*,

---

[1]     Defendants in this action are Exxon Mobil Corporation ("Exxon" or the "Company"), and Rex W. Tillerson, Andrew P. Swiger, Jeffrey J. Woodbury and David S. Rosenthal (collectively, the "Individual Defendants").  All references herein to "defendants" refer collectively to Exxon and the Individual Defendants.

[2]     397 F.3d 249, 258 (5th Cir. 2005), *opinion modified on denial of reh'g*, 409 F.3d 653 (5th Cir. 2005).

- 1 -

1331027_1

it does not *require* this Court to consider the Wright Declaration in its entirety. At the same time, however, the Fifth Circuit decision relied on by defendants, *Fin. Acquisition Partners LP v. Blackwell*,[3] does not preclude the Court from doing so either. As explained below, the court in *Blackwell II* simply held that this Court did not abuse its discretion when it refrained from considering the "conclusions" set forth in an expert declaration attached to the complaint, while at the same time *denying* the defendants' motion to strike as to the "nonconclusory, factual portions" of the declaration. Reading the decisions together, the Fifth Circuit's rulings provide district courts with the discretion to consider an expert declaration attached to a pleading.

Where, as here, the expert declaration is offered only as additional support and context for, and not in lieu of, well-pled factual allegations, there is good reason to exercise such discretion and consider the declaration in its entirety. This is particularly so where defendants, like defendants in this case, have made no attempt to show prejudice absent relief. Furthermore, sound policy considerations support such an exercise of discretion. Indeed, it is in the best interest of the parties and the courts alike to encourage plaintiffs to perform a robust investigation and analysis of their claims, and to provide the court with the resulting additional support for the complaint's allegations.

Moreover, even if the Court determines that some relief is appropriate in this case, defendants' request to strike the Wright Declaration, the Oleske Affirmation, and any and all paragraphs in the Complaint that mention either exhibit is completely unsupportable, even according to defendants' own authorities. Specifically, defendants have presented the Court with no valid basis for striking a non-expert, fact-based affirmation, like the Oleske Affirmation, and even defendants' own authorities do not support striking the "nonconclusory, factual portions" – *i.e.*, the overwhelming majority – of the Wright Declaration. Accordingly, if the Court is inclined to grant any portion of defendants' Motion, plaintiff respectfully submits that the only appropriate relief

---

[3]    440 F.3d 278 (5th Cir. 2006) ("*Blackwell II*").

- 2 -

would be for the Court to simply refrain from considering the ultimate conclusions set forth in the Wright Declaration, while leaving undisturbed the Wright Declaration's nonconclusory, factual portions, the entirety of the Oleske Affirmation, and any allegations in the Complaint incorporating such materials.   As demonstrated below and in Lead Plaintiff's Response in Opposition to Defendants' Motion to Dismiss ("Motion to Dismiss Response"), filed concurrently herewith, such relief would have no meaningful impact on the sufficiency of the claims set forth in the Complaint.

## II.     RELEVANT BACKGROUND

Charlotte J. Wright, Ph.D., CPA, is an accomplished oil and gas accounting expert with 35 years of experience in the areas of oil and gas accounting and economic analysis.  Plaintiff submitted Dr. Wright's sworn declaration with the Complaint to provide context for plaintiff's claims by explaining, through factual analysis, the how and why of the accounting allegations in the Complaint.  For example, Dr. Wright's factual analyses provide additional support for plaintiff's allegations that defendants' failure to disclose specific facts during the class period violated Generally Accepted Accounting Principles ("GAAP") and other established accounting guidelines and principles.  The factual analyses set forth in the Wright Declaration include, among other things:

- Comparing Exxon's public filings with other market data, competitor data, and other public filings by Exxon (*see, e.g.*, Wright Declaration, ¶¶41-53, 58-59, 63-66, 88-89, 97-100);

- Deriving "breakeven" prices for profitability based on information contained in publicly filed documents of Exxon's subsidiary, Imperial Oil (and performing appropriate currency conversions where necessary), and comparing such breakeven prices to publicly available market price data to assess the profitability of Exxon's Canadian Bitumen Operations (*see, e.g.*, Wright Declaration, ¶¶41-53, 55);

- Calculating the threshold price at which Exxon's Kearl Operation would no longer qualify as a proved reserve based on the "standardized measure of discounted future net cash flows related to proved oil and gas reserves" disclosed in Imperial Oil's 2015 Form 10-K, and comparing such price to publicly available market price data (*see, e.g.*, Wright Declaration, ¶¶58-59, 61, 63-66, 68, 71); and

1331027_1

- Comparing facts concerning key impairment-related indicators for Exxon's Rocky Mountain dry gas operations at year-end 2015 to those same set of facts at year-end 2016 (*see, e.g.*, Wright Declaration, ¶¶88-89, 92-94, 97-100).

John Oleske is a Senior Enforcement Counsel in the New York Office of the Attorney General ("NYOAG"). The NYOAG is currently investigating whether Exxon misled investors and consumers in connection with climate-related risks to the Company's operations and the specific efforts Exxon has taken to address such risks. Through the NYOAG's investigation, Mr. Oleske has developed personal knowledge regarding non-public information relating to a number of issues relevant to this litigation, including: (1) the contents of documents relating to Exxon's risk-management practices, investment practices and valuation practices; and (2) Exxon's failure to preserve documents adequately, including its failure to preserve documents responsive to the NYOAG's November 4, 2015 subpoena, which addressed a number of topics relevant to this litigation. The Oleske Affirmation, which addresses these relevant issues, was prepared for the purpose of opposing Exxon's motion to quash investigative subpoenas issued by the NYOAG. In addition to setting forth several written affirmations provided under penalty of perjury, the Oleske Affirmation also attaches several internal Exxon documents and sworn deposition testimony taken in connection with the NYOAG's investigation. Exxon has never questioned the authenticity of such documents or testimony. The Oleske Affirmation and its attached exhibits are publicly available from the docket associated with the following civil litigation pending in the Supreme Court of New York: *People v. PricewaterhouseCoopers LLP, et al.*, No. 451962/2016 (N.Y. Sup. Ct., N.Y. Cty.). Plaintiff submitted the affirmation of Mr. Oleske with the Complaint because it provides additional support for plaintiff's factual allegations relating to a number of important issues in this litigation.

## III.    ARGUMENT

Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." But motions to strike under Rule 12(f)

1331027_1

are disfavored and infrequently granted. *U.S. Risk Ins. Grp., Inc. v. United States Risk, Mgmt., L.L.C.*, No. 3:11-cv-2843-M, 2013 U.S. Dist. LEXIS 191510, at *3 (N.D. Tex. Mar. 6, 2013) ("Motions to strike are disfavored and disserve the interest of judicial economy."); *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) ("Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted."). "Unless the portion of the pleading at issue bears no possible relation to the controversy or may cause the objecting party prejudice, the motion should be denied." *CitiCapital Commercial Corp. v. First Nat'l Bank*, No. 3:04-CV-0302-B, 2005 U.S. Dist. LEXIS 6310, at *19 (N.D. Tex. Apr. 11, 2005).

### A. The Court Should Not Strike the Wright Declaration or the Paragraphs of the Complaint that Cite Thereto

#### 1. This Court Has Discretion to Consider the Entire Wright Declaration

Under Fed. R. Civ. P. 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Contrary to defendants' assertion, there is no hard and fast rule regarding the propriety of submitting an expert declaration with a pleading pursuant to Rule 10(c). *See, e.g.*, *In re MannKind Sec. Actions*, 835 F. Supp. 2d 797, 821 (C.D. Cal. 2011) ("there exists 'no inflexible rule' governing the sort of 'written instruments' that may be attached to a pleading").[4] While defendants would have this Court believe that attaching an expert declaration to a complaint is improper "under well-settled law in this Circuit and elsewhere" (Motion at 1), the case law shows otherwise.

Although the Fifth Circuit has not addressed the issue presented here directly, it has recognized that an expert opinion attached to a complaint can appropriately be used at the pleadings stage as a means for providing additional support for a plaintiff's allegations. Specifically, in *Barrie*

---

[4] Citations are omitted and emphasis is added throughout unless otherwise noted.

1331027_1

the Fifth Circuit reversed a district court's dismissal of claims alleging fraudulent accounting, and based its decision, in part, on the fact that the plaintiff's allegations of accounting improprieties were "*adequately supported by expert opinion*."  397 F.3d at 258.  In *Barrie*, the court quoted the expert's opinion that the defendants' accounting practice "did not comply with GAAP," before concluding that dismissal was inappropriate because "the accounting questions in this case are disputed."  *Id.* at 257.

While *Barrie* does not hold that a district court *must* consider an expert affidavit attached to a complaint, the Fifth Circuit's opinion in *Blackwell II* – upon which defendants' argument is based – is similarly limited.  In *Blackwell II*, the precise question addressed by the Fifth Circuit was whether this Court abused its discretion by *limiting* its consideration of an affidavit by plaintiff's accounting expert.  440 F.3d at 286.  In answering that question, the Fifth Circuit specifically noted that while "the district court refused to consider the expert's conclusions (opinions), it did consider the affidavit's 'nonconclusory, factual portions.'"  *Id.* at 285.  Accordingly, the Fifth Circuit's opinion in *Blackwell II* does *not* stand for the principle that attaching an expert declaration to a complaint is "improper," or for the principle that a district court cannot consider an expert affidavit attached to a complaint to inform its decision on a motion to dismiss.  Instead, *Blackwell II* stands only for the proposition that this Court "did *not* abuse its discretion in refusing to consider the opinions/conclusions in the [expert] affidavit" attached to the complaint in that case.  *Id.* at 286 (emphasis in original); *see also Gulaid v. CH2M Hill, Inc.*, No. 15-cv-04824-JST, 2016 U.S. Dist. LEXIS 137227, at *8 (N.D. Cal. Oct. 3, 2016) ("the question [in *Blackwell II*] was not whether a district court *could* consider an affidavit attached to a complaint, but whether it was *required* to do so") (emphasis in original).  Reading *Blackwell II* and *Barrie* together, the law in the Fifth Circuit provides district courts with the discretion to consider an expert declaration attached to a complaint.

- 6 -

The other circuit courts that have addressed this issue have reached a variety of conclusions. For example, the Seventh Circuit has concluded that "affidavits and exhibits attached to the complaint are a part thereof for all purposes." *Schnell v. City of Chicago*, 407 F.2d 1084, 1085 (7th Cir. 1969); *see also N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 453 n.4 (7th Cir. 1998) (reaffirming that "broader interpretation [of the phrase 'written instrument'] comports with the traditionally generous nature in which we view pleadings"). Similarly, the Ninth and Tenth Circuits have taken a less restrictive view of the phrase "written instrument." *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (affirming trial court's consideration of affidavit and deposition testimony referred to in complaint), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Hall v. Bellmon*, 935 F.2d 1106, 1112-13 (10th Cir. 1991) (court-ordered report properly considered on motion to dismiss). And while the Sixth Circuit has not specifically addressed the issue of whether all affidavits attached to a complaint must be considered part of the pleading for purposes of Rule 10(c), the court has reversed a trial court's dismissal of a plaintiff's race discrimination complaint where the trial court refused to consider the allegations contained in the plaintiff's EEOC charge, which was attached as an exhibit. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502-03 (6th Cir. 2001). In contrast, the Third Circuit is the lone circuit court to have determined that an affidavit attached to a complaint is not a "written instrument" for purposes of Rule 10(c) and therefore not part of the pleading. *Rose v. Bartle*, 871 F.2d 331, 339-40 n.3 (3d Cir. 1989).

A number of district courts that have considered the specific issue presented here have determined that it is proper for a court to consider an expert declaration attached to a complaint to inform the court's decision on a motion to dismiss. *See, e.g.*, *In re CommVault Sys., Sec. Litig.*, No. 14-cv-5628 (PGS), 2016 U.S. Dist. LEXIS 135257, at \*13-\*15 (D.N.J. Sept. 30, 2016) (denying motion to strike expert affidavit attached to complaint and denying motion to dismiss); *MannKind*,

- 7 -

835 F. Supp. 2d at 820 (same); *In re Enzymotec Sec. Litig.*, No. 14- 5556 (JLL) (MAH), 2015 U.S. Dist. LEXIS 167403, at *62-*63 (D.N.J. Dec. 15, 2015) (noting expert declaration "serve[d] to supplement the allegations [of scienter] contained in the Amended Complaint" in decision denying in part motion to dismiss securities fraud action); *Sanchez v. Bay Area Rapid Transit Dist.*, No. 13-CV-1885 YGR, 2013 U.S. Dist. LEXIS 126976, at *31 (N.D. Cal. Sept. 5, 2013) ("Expert reports and photographs are commonly attached to complaints and the BART Defendants have not persuaded the Court that the materials in this case are 'redundant, immaterial, impertinent, or scandalous,' as contemplated by Rule 12(f).").

In *CommVault*, the plaintiff relied upon declarations from the former Chairman of the U.S. Securities and Exchange Commission ("SEC") and a Certified Public Accountant to support and explain the allegations in the complaint that "cookie jar" accounting violated GAAP. 2016 U.S. Dist. LEXIS 135257, at *3. Relying on *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212 (S.D. Cal. 2001), a case cited heavily by defendants here, the *CommVault* defendants moved to strike the expert declarations. 2016 U.S. Dist. LEXIS 135257, at *13. Like defendants here, the *CommVault* defendants argued that it is improper to attach expert declarations to a complaint. *Id.* The district court rejected the defendants' arguments, concluding that expert declarations "are proper at the pleading stage." *Id.* at *14-*15. The court explained that the declarations "are adequately incorporated into the Complaint, and as such, only serve to supplement the factual basis alleged." *Id.* at *15. The district court denied the defendants' motion to strike the expert declarations and their motion to dismiss the complaint. *Id.*

Similarly, in *MannKind*, the district court addressed a motion to strike an expert report attached to the complaint and the portions of the complaint that relied on that expert's opinions. 835 F. Supp. 2d at 820. Like defendants' Motion here, the motion in *MannKind* was premised on the argument "that the report is not a 'written instrument' under Fed. R. Civ. P. 10(c), and therefore

- 8 -

cannot properly be considered as part of the Plaintiffs' complaint on a 12(b)(6) motion." *Id.* Like the court in *CommVault*, the court in *MannKind* considered the reasoning of *DeMarco* before concluding "that there exists 'no inflexible rule' governing the sort of 'written instruments' that may be attached to a pleading." *Id.* at 821. Noting that the expert report merely buttressed the allegations in the complaint upon which the claims rested, the court denied both the motion to strike the expert report and the defendant's motion to dismiss. *Id.*

Here, the Wright Declaration, like the expert declarations in *CommVault* and *MannKind*, only serves to support and help explain the allegations in the Complaint. Moreover, plaintiff does not attempt to substitute Dr. Wright's expert opinions for well-pled facts, and plaintiff has not asked the Court to admit the Wright Declaration in evidence or adopt any of the conclusions contained therein. As such, consideration of the Wright Declaration does not present the "'myriad of complex evidentiary issues'" that concerned this Court in *Fin. Acquisition Partners, L.P. v. Blackwell*, No. 3:02-CV-1586-K, 2004 U.S. Dist. LEXIS 20110, at *10 (N.D. Tex. Sept. 29, 2004) ("*Blackwell I*"), *aff'd*, 440 F.3d 278 (5th Cir. 2006). Accordingly, plaintiff respectfully requests that the Court exercise its discretion to consider the Wright Declaration and deny defendants' Motion to Strike in its entirety.

Not only would such a result be consistent with Fifth Circuit precedent, it would also be supported by sound policy considerations. Courts should not discourage plaintiffs from going "above and beyond" as plaintiff has done here, not only performing a detailed and robust investigation of its claims, but also providing as much information as possible with the pleading in an effort to support and explain the allegations in the complaint. An expert declaration can provide valuable context and a thoughtful explanation regarding the how and why of the factual allegations. Such information can be helpful for both the court and the parties, and poses no threat of prejudice to defendants where the plaintiff does not ask the court to accept the declaration into evidence or adopt

- 9 -

1331027_1

those conclusions supported only by the declarant's expertise.  Consistent with such considerations, plaintiff respectfully submits that there is no need for the Court to strike any portion of the Wright Declaration.

### 2.  Defendants' Request to Strike Any and All Paragraphs from the Complaint that Mention Dr. Wright Is Unsupportable

Even if the Court determines that some relief is appropriate here, defendants' request to strike the entire Wright Declaration and any and all paragraphs of the Complaint that mention the declaration is patently unsupportable.  *See* Motion at 1, 4.  Indeed, defendants cite to **no case** that imposes such a drastic remedy, resorting instead to overstating this Court's opinion in *Blackwell I*.  Specifically, in the Motion, defendants state that this Court in *Blackwell I* "granted a motion to strike an expert's affidavit attached to a complaint" and "disregarded the affidavit and the allegations of the complaint that relied on it" in considering a contemporaneous motion to dismiss.  *Id*. at 6.  Defendants' characterization of *Blackwell I* is not accurate.   Contrary to defendants' mischaracterizations, this Court's opinion in *Blackwell I* granted the defendants' motion to strike "any **conclusions** reached by [plaintiffs' expert]," but expressly **denied** the defendants' motion "to the extent it [sought] an order striking those **nonconclusory, factual portions** of [the expert affidavit] found in Plaintiffs' Second Amended Complaint."  *Blackwell I*, 2004 U.S. Dist. LEXIS 20110, at \*12.  Moreover, on appeal, the Fifth Circuit confirmed that, contrary to defendants' representation here, this Court in *Blackwell I* "consider[ed] the affidavit's 'nonconclusory, factual portions'" when addressing the contemporaneous motion to dismiss.  *Blackwell II*, 440 F.3d at 285.

Similarly, in *DeMarco* the district court denied the defendants' motion to strike "to the extent it seeks an order striking those portions in the Second Amended Complaint that were derived from the [expert] affidavit."  149 F. Supp. 2d at 1222.  In fact, the *DeMarco* court went even further, suggesting that "[a] better approach might be to include the expert's nonconclusory assertions within

- 10 -

specific paragraphs in the complaint." *Id.* In short, defendants cite to no court that has considered the precise question at issue here and granted the extreme relief that defendants now seek.[5]

The case law is consistent on this point. Like *Blackwell I* and *DeMarco*, other courts that have considered expert factual analyses (as opposed to expert opinions) in the context of a motion on the pleadings have held that a plaintiff may properly incorporate the factual analysis of an expert into the allegations of its complaint. *See, e.g.*, *Mazzeo v. Nature's Bounty, Inc.*, No. 14-60580-CIV-BLOOM/VALLE, 2015 U.S. Dist. LEXIS 34242, at *7 (S.D. Fla. Mar. 19, 2015) (striking expert report attached to complaint, but considering factual portions incorporated into complaint); *Brothers v. Saag*, No. 4:13-CV-466-VEH, 2014 U.S. Dist. LEXIS 27275, at *20 (N.D. Ala. Mar. 4, 2014) ("The motion to strike will be GRANTED as to all ***opinions*** stated in the affidavit. It will be DENIED as to ***factual statements*** contained therein.") (emphasis in original); *see also Varner v. Dometic Corp.*, No. 16-22482-Civ-Scola, 2017 U.S. Dist. LEXIS 73905, at *9 (S.D. Fla. May 16, 2017) ("Since the Plaintiffs have not attached any expert reports or affidavits to the Second Amended Complaint, the Court will not strike the references to expert opinions in the Second Amended Complaint. Such references are not immaterial, impertinent, or scandalous.").

The vast majority of the Wright Declaration concerns nonconclusory, factual analysis. *See, e.g.*, Wright Declaration, ¶¶14-39, 41-53, 55, 58-71, 73-77, 79, 82-84, 87, 89, 92-94, 97-100.[6] Moreover, the overwhelming majority of the allegations in the Complaint that reference the Wright Declaration focus on such nonconclusory, factual analysis, and are ***not*** dependent in any way on Dr. Wright's expert opinions. *See, e.g.*, Complaint, ¶¶22, 171-173, 176-178, 179-180, 187, 189-190,

---

[5]   *Montgomery v. Buege*, No. Civ. 08-385 WBS KJM, 2009 U.S. Dist. LEXIS 32918 (E.D. Cal. Apr. 16, 2009), has no application here. In that case, the three exhibits at issue were ***not*** referenced in the complaint. *Id*. at *11-*12. Accordingly, any discussion in *Montgomery* concerning the propriety of attaching such exhibits to a complaint is pure dicta.

[6]   The above paragraphs provide examples of some of the factual analysis contained in the Wright Declaration, but are not intended to serve as an exhaustive list of all such analysis.

- 11 -

192-193, 286, 319, 342, 347, 360, 364.  Even according to defendants' own authorities, there is no valid basis for striking such allegations.  Moreover, as detailed in plaintiff's Motion to Dismiss Response, each of the Complaint's claims are supported by well-pled facts that do not depend in any way upon Dr. Wright's expert opinions.  *See* Motion to Dismiss Response at 13-21.  Accordingly, even if the Court were to grant defendants the same relief as was afforded in *Blackwell I*, such relief would not have any meaningful impact on defendants' motion to dismiss plaintiff's claims.

### B.      The Court Should Not Strike the Oleske Affirmation or the Paragraphs of the Complaint that Cite Thereto

Defendants' request to strike the Oleske Affirmation and any portion of the Complaint that cites the Oleske Affirmation is meritless.  In general, when addressing a motion to dismiss, a district court should consider the complaint and any documents attached to it.  *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Harris  v. Progressive Ins., Inc.*, No. 3:13-cv-3983-K, 2014 WL 712446, at *2 (N.D. Tex. Feb. 24, 2014) (Kinkeade, J.); *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 n.3, 254 (5th Cir. 2009) (finding that exhibits attached to the complaint, such as sworn testimony and defendants' internal documents and e-mails, supported plaintiff's factual allegations); *Malik v. Cont'l Airlines Inc.*, 305 F. App'x 165, 166 n.2 (5th Cir. 2008) (noting court properly considered affidavit attached to complaint in ruling on motion to dismiss for failure to state a claim).

Defendants do not cite a single case that would apply a different rule here.[7]  In fact, defendants ***cite no case*** striking an affirmation that is attached to a complaint, like the Oleske Affirmation.[8]  Nor do defendants even ***attempt*** to apply the relevant inquiry for this stage of the

---

[7]     Because Mr. Oleske is not an expert and his affirmation contains no expert opinions, the authority relied upon by defendants in connection with their request to strike the Wright Declaration has no application here.

[8]     The reason for this dearth of case law supporting defendants' position is the obvious and unremarkable proposition that plaintiff is not obligated to attach to its Complaint the evidence that supports its allegations.  *See, e.g.*, *In re OSG Sec. Litig.*, 12 F. Supp. 3d 619, 621-22 (S.D.N.Y. 2014) (denying motion to strike allegations in complaint referring to another lawsuit because "plaintiffs need not provide admissible proof at this stage").

- 12 -

1331027_1

proceedings – namely, whether the Oleske Affirmation is "redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f).  As noted *supra*, defendants must establish that the Oleske Affirmation "bears no possible relation to the controversy or may cause [defendants] prejudice" to be entitled to relief.  *CitiCapital*, 2005 U.S. Dist. LEXIS 6310, at \*19.

When assessed against the proper test, it is clear that the Oleske Affirmation should not be stricken.  The affirmation contains specific facts that provide additional support for the allegations on which plaintiff's claims rest.  For example, the Oleske Affirmation and the documents attached thereto help demonstrate that in June 2014, Exxon's new Corporate Greenhouse Gas Manager acknowledged Exxon's "'non-conservative'" internal GHG proxy costs, and specifically noted that "'we have implied that we use the [publicly-disclosed] basis for proxy cost of carbon when evaluating investments.'"  *See* Complaint, ¶141 (quoting Oleske Affirmation, ¶25 and Ex. 5).  Moreover, defendants do not argue they will suffer any prejudice absent relief from the Court.  For these reasons alone, the Court should deny defendants' request.  *CitiCapital*, 2005 U.S. Dist. LEXIS 6310, at \*19; *see also Wenzel v. Knight*, No. 3:14-cv-432, 2015 U.S. Dist. LEXIS 4476, at \*7-\*8 (E.D. Va. Jan. 14, 2015) ("More importantly, the references to the SEC order bear direct relation to the allegations at issue in this case, and the defendants have not shown how they are prejudiced by the complaint's references to the SEC order.  Accordingly, the Court denies the motion to strike.").

Faced with an unmistakable inability to meet the relevant legal standard, defendants attempt to misdirect the Court with arguments that are misplaced at the pleading stage.  Specifically, defendants complain that: (1) Mr. Oleske lacks personal knowledge and offers legal conclusions, and (2) the affirmation contains unadjudicated allegations from an NYOAG investigation.  Motion at 9.  Defendants' arguments fail to justify the relief they seek for numerous reasons.

First and foremost, defendants' contention that Mr. Oleske lacks personal knowledge is factually wrong given that he attests he has "personal knowledge of the matters set forth" in his

- 13 -

1331027_1

Affirmation.  Oleske Affirmation at 1.  That aside, evidentiary objections are inappropriate at this stage of litigation.  *Owens v. Dallas Cty. Cmty. Coll. Dist.*, No. 3:16-CV-3162-L, 2017 U.S. Dist. LEXIS 116988, at \*12 (N.D. Tex. May 16, 2017) (noting "it is premature" at the pleading stage "to determine the admissibility of evidence"), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 116735 (N.D. Tex. July 26, 2017); *Oinonen v. TRX, Inc.*, No. 3:09-CV-1450-M, 2010 WL 2217880, at \*2 (N.D. Tex. June 1, 2010) ("Courts should be cautious at the pleading stage in determining whether material in a complaint would be relevant and admissible at trial, because there may not be enough facts at that stage to properly draw that conclusion.").[9]

Tellingly, not one of the cases cited by defendants in support of their request to strike the Oleske Affirmation involved an affidavit, declaration, report or any other type of document attached to a complaint.[10]  Motion at 9.  *See ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 335-59 (5th Cir. 2002) (addressing whether allegations in a complaint for which no citation to documentary evidence or personal sources is provided meet *Novak* standard)[11]; *DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 685-87 (5th Cir. 2003) (addressing whether witness with total lack of direct and particularized knowledge can qualify as a Fed. R. Evid. 701 opinion witness at trial); *In re Key Energy Servs., Inc. Sec. Litig.*, 166 F. Supp. 3d 822, 862 (S.D. Tex. 2016) (noting that opinions of confidential witnesses that "internal controls were inadequate" do not add to scienter analysis).

---

[9]    For this reason, defendants' reliance on *Gibson v. Liberty Mut. Grp.*, No. 3:02-CV-2306-D, 2004 U.S. Dist. LEXIS 7944 (N.D. Tex. Apr. 30, 2004), *aff'd*, 129 F. App'x 94 (5th Cir. 2005), is misplaced.  In *Gibson*, the court struck a portion of an affidavit attached to a motion for summary judgment pursuant to the standards set forth in Fed. R. Civ. P. 56(e).  For obvious reasons, those standards are not applicable at the pleading stage.

[10]    While *Howard v. Securitas Sec. Servs., USA*, No. 08 C 2746, 2009 U.S. Dist. LEXIS 3913 (N.D. Ill. Jan. 20, 2009), involved a motion to strike certain statements from a declaration, the declaration was attached to a motion for class certification, and the court struck the statements based on their failure to meet certain evidentiary standards that the court determined were applicable to evidence submitted in connection with a 29 U.S.C. §216(b) motion.  *Id*. at \*9-\*12.

[11]    The *Novak* standard governs information and belief pleading requirements and the use of confidential sources.  *See Novak v. Kasaks*, 216 F.3d 300, 311-13 (2d Cir. 2000).

1331027_1

Defendants next assert that the Oleske Affirmation should be stricken for containing unadjudicated allegations. Motion at 10-11. This argument is particularly puzzling and equally incorrect. It is puzzling because, unlike the cases that defendants cite, plaintiff does not attach or reference complaints filed in other actions[12] or reference a state agency's preliminary finding of probable cause to believe that age discrimination against the plaintiff had occurred.[13] As such, defendants' authorities are inapposite and unhelpful.

Defendants' argument is also incorrect for two distinct reasons. First, there is no *per se* rule that allegations drawn from unadjudicated matters are immaterial as a matter of law. Many courts have rejected the "broad interpretation" of *Lipsky* that the district court in *Merill Lynch* and defendants here promulgate. *Wenzel*, 2015 U.S. Dist. LEXIS 4476, at *7. *See also, e.g.*, *In re Herbal Supplements Mktg. & Sales Practices Litig.*, No. 15-cv-5070, 2017 U.S. Dist. LEXIS 76207, at *27 (N.D. Ill. May 19, 2017) (criticizing defendants' characterization of *Merrill Lynch*'s interpretation of *Lipsky* as "'well-established'" to be "an overstatement"); *In re Fannie Mae 2008 Sec. Litig.*, 891 F. Supp. 2d 458, 471 (S.D.N.Y. 2012) ("'There is no absolute rule barring a private plaintiff from relying on government pleadings and proceedings in order to meet the Rule 9(b) and PSLRA thresholds.'") (quoting *SEC v. Lee*, 720 F. Supp. 2d 305, 341 (S.D.N.Y. 2010)), *aff'd*, 525 F. App'x 16 (2d Cir. 2013).[14]

---

[12]    *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976) (attaching a copy of civil complaint from SEC); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 218 F.R.D. 76 (S.D.N.Y. 2003) (referring to complaints filed in other actions). Even if the Court finds that plaintiff's reliance on the Oleske Affirmation is indistinguishable from the plaintiff's use of complaints in other actions in *Merrill Lynch*, the holding of *Merrill Lynch* and similar cases has been criticized as supported by "[n]either [Second] Circuit precedent nor logic." *In re Bear Stearns Mortg. Pass-Through Certificates Litig.*, 851 F. Supp. 2d 746, 768 n.24 (S.D.N.Y. 2012); *see also infra* n.13 and accompanying text (collecting cases).

[13]    *Ledford v. Rapid-American Corp.*, No. 86 Civ. 9116 (JFK), 1988 U.S. Dist. LEXIS 79 (S.D.N.Y. Jan. 8, 1988) (attaching preliminary finding from New York State Division of Human Rights of probable cause to believe that age discrimination against plaintiff had occurred).

[14]    *See also In re TJX Cos. Retail Sec. Breach Litig.*, 564 F.3d 489, 497 (1st Cir. 2009) ("Where, as here, a substantial body of FTC complaints and consent decrees focus on a class of conduct, it is hard to see why a court would choose

- 15 -

Second, and importantly, the Oleske Affirmation consists of much more than merely "unadjudicated allegations." Indeed, the affirmation has attached to it ***internal Exxon documents*** and sworn deposition testimony taken in connection with the NYOAG's investigation, ***the authenticity of which defendants have never contested***. Moreover, the affirmation itself constitutes ***sworn testimony*** of a Senior Enforcement Counsel with the NYOAG given under ***penalty of perjury*** and filed with the Supreme Court of New York. Defendants ask the Court to disregard this credible support for plaintiff's allegations, but they offer "no reason to believe the NY[O]AG inaccurately reported the [review] it conducted" or "is anything other than a reliable government source." *Herbal Supplements*, 2017 U.S. Dist. LEXIS 76207, at \*43-\*44; *see also In re Enron Corp. Sec., Derivative & ERISA Litig.*, 235 F. Supp. 2d 549, 688 (S.D. Tex. 2002) (considering "facts unearthed in current investigations by the SEC and by prosecutors like . . . the attorney general of New York," including "internal documents" from certain defendants, in assessing sufficiency of securities claims).

At bottom, defendants request that the Court punish plaintiff for surpassing its duty at the pleading stage by transparently offering the basis for specific allegations. Though the Private Securities Litigation Reform Act of 1995 ("PSLRA") imposes a heightened pleading burden on plaintiff, "[t]he PSLRA does not require that a plaintiff re-invent the wheel before filing a complaint; and one could argue that a complaint predicated on the results of an [NYOAG] investigation has far more 'evidentiary support' than one based on rumor and innuendo gleaned from 'Heard on the Street.'" *de la Fuente v. DCI Telecommunications, Inc.*, 259 F. Supp. 2d 250, 260 (S.D.N.Y. 2003).

For these reasons, defendants' motion to strike the Oleske Affirmation and any portion of the Complaint that cites thereto should be denied.

---

flatly to ignore it."); *Tobia v. United Grp. of Cos., Inc.*, No. 1:15-CV-1208 (BKS/DEP), 2016 WL 5417824, at \*3 (N.D.N.Y. Sept. 22, 2016) ("[T]he Court concludes that the *Lipsky* decision, which was limited to the facts of that case, does not bar Plaintiffs from referring to and including the SEC's allegations and findings in the Complaint."); *HSH Nordbank AG v. RBS Holdings USA Inc.*, No. 13 Civ. 3303 (PGG), 2015 U.S. Dist. LEXIS 36087, at \*8-\*9 (S.D.N.Y. Mar. 23, 2015) (holding similarly).

- 16 -

1331027_1

## IV.   CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that defendants' Motion to Strike be denied in its entirety or, in the alternative, that the Motion be denied to the extent that it seeks to strike the Oleske Affirmation and any aspect of the Wright Declaration or the Complaint other than those specifically referencing one of Dr. Wright's ultimate conclusions.

DATED:  November 21, 2017                    Respectfully submitted,

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
JAMIE J. McKEY (Texas Bar No. 24045262)


                                     s/ JOE KENDALL
                                       JOE KENDALL

3232 McKinney Avenue, Suite 700
Dallas, TX  75204
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com
jmckey@kendalllawgroup.com

BALON B. BRADLEY LAW FIRM
BALON B. BRADLEY (Texas Bar No. 02821700)
5473 Blair Road, Suite 100
Dallas, TX  75231
Telephone:  972/991-1582
972/755-0424 (fax)
balon@bbradleylaw.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
SCOTT H. SAHAM
NATHAN R. LINDELL
SARA B. POLYCHRON
ERIKA OLIVER
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
scotts@rgrdlaw.com
nlindell@rgrdlaw.com
spolychron@rgrdlaw.com
eoliver@rgrdlaw.com

- 17 -

1331027_1

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN C. HERMAN
PETER M. JONES
Monarch Tower, Suite 1650
3424 Peachtree Road, N.E.
Atlanta, GA  30326
Telephone:  404/504-6500
404/504-6501 (fax)
jherman@rgrdlaw.com
pjones@rgrdlaw.com

Lead Counsel for Plaintiff

- 18 -

CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 21, 2017.

s/ JOE KENDALL
JOE KENDALL

KENDALL LAW GROUP, PLLC
3232 McKinney Avenue, Suite 700
Dallas, TX  75204
Telephone:  214/744-3000
214/744-3015 (fax)

jkendall@kendalllawgroup.com

1331027_1

## Mailing Information for a Case 3:16-cv-03111-K Ramirez v. Exxon Mobil Corporation et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mary K Blasy**
  mblasy@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Balon B Bradley**
  balon@bbradleylaw.com,balonbb@aol.com,iasanchez@bbradleylaw.com,anneh@bbradleylaw.com

- **Nina Cortell**
  nina.cortell@haynesboone.com,denise.stilz@haynesboone.com,robin.hart@haynesboone.com,kelly.hess@haynesboone.com

- **Patrick Coughlin**
  patc@rgrdlaw.com

- **Ralph H Duggins**
  rduggins@canteyhanger.com,adrake@canteyhanger.com

- **Brian Matthew Gillett**
  brian.gillett@squirepb.com,ecf-b3db5569898c@ecf.pacerpro.com,ecf-63532ccae4d9@ecf.pacerpro.com

- **Daniel H Gold**
  daniel.gold@haynesboone.com,elaine.hadaway@haynesboone.com

- **John C Herman**
  jherman@rgrdlaw.com,smeister@rgrdlaw.com

- **Jonathan Hurwitz**
  jhurwitz@paulweiss.com,mao_fednational@paulweiss.com

- **Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Daniel Kramer**
  DKramer@paulweiss.com,mao_fednational@paulweiss.com

- **Gregory F Laufer**
  GLaufer@paulweiss.com,jgoldstein@paulweiss.com,BTannenbaum@paulweiss.com,mao_fednational@paulweiss.com,MStachel@paulweiss.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com,jillk@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com,susanw@rgrdlaw.com

- **D Patrick Long**
  patrick.long@squirepb.com,dawn.furcht@squirepb.com,annie.purcell@squirepb.com,docketingrequest@squirepb.com

- **Jamie Jean McKey**
  jmckey@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Erika Oliver**
  eoliver@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Sara Bierl Polychron**
  spolychron@rgrdlaw.com

- **Samuel H Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Daniel Toal**
  DToal@paulweiss.com,dangelatos@paulweiss.com,mao_fednational@paulweiss.com

- **Theodore V. Wells**
  twells@paulweiss.com,mao_fednational@paulweiss.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)