IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEDRO RAMIREZ, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION, REX W. TILLERSON, ANDREW P. SWIGER, JEFFREY J. WOODBURY, and DAVID S. ROSENTHAL,<br><br>Defendants. | Case No. 3:16-cv-3111-K<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE THE DECLARATION OF CHARLOTTE J. WRIGHT, PH.D., THE AFFIRMATION OF JOHN OLESKE, AND THE ALLEGATIONS OF THE CONSOLIDATED COMPLAINT THAT RELY ON THEM**

Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Kramer (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Gregory F. Laufer (*pro hac vice*)
Jonathan H. Hurwitz (*pro hac vice*)
PAUL, WEISS, RIFKIND,
 WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
Fax: (212) 757-3990

Nina Cortell
Daniel H. Gold
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Tel: (214) 651-5000
Fax: (214) 651-5940
*Counsel for Exxon Mobil Corporation, Andrew P. Swiger, Jeffrey J. Woodbury, and David S. Rosenthal*

D. Patrick Long
Brian M. Gillett
SQUIRE PATTON BOGGS
2000 McKinney Ave., Suite 1700
Dallas, TX 75201
Tel: (214) 758-1505
Fax: (214) 758-1550

*Counsel for Rex W. Tillerson*

**TABLE OF CONTENTS**

**Page**

Preliminary Statement................................................................................................................1

Argument ..................................................................................................................................2

I.      The Wright Declaration and the Portions of the Complaint that Rely on It Should
        Be Stricken..................................................................................................................2

        A.      Under *Blackwell*, the Court Should Not Consider Dr. Wright's Opinions and
                Conclusions...................................................................................................2

        B.      The Wright Declaration and All References to It in the Complaint Should
                Be Stricken Because Dr. Wright Did Not Perform Any "Nonconclusory,
                Factual Analysis." .........................................................................................5

II.     The Oleske Affirmation and the Portions of the Complaint that Rely on It Should
        Be Stricken..................................................................................................................7

Conclusion ...............................................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*ABC Arbitrage Plaintiffs Grp.* v. *Tchuruk*,
291 F.3d 336 (5th Cir. 2002) ...............................................................................................9

*Amini* v. *Oberlin Coll.*,
259 F.3d 493 (6th Cir. 2001) ...............................................................................................5

*Barrie* v. *Intervoice-Brite, Inc.*,
397 F.3d 249 (5th Cir. 2005) ...............................................................................................2

*Benzon* v. *Morgan Stanley*,
No. 3:03-cv-0159, 2004 WL 62747 (M.D. Tenn. Jan. 8, 2004) ...............................................3

*Branch* v. *Tunnell*,
14 F.3d 449 (9th Cir. 1994) ...............................................................................................5

*CitiCapital Commercial Corp.* v. *First Nat'l Bank of Fort Smith*,
No. 3:04-cv-0302-B, 2005 WL 856886 (N.D. Tex. Apr. 11, 2005) .........................................8

*In re CommVault Sys., Inc. Sec. Litig.*,
No. 14-cv-5628 (PGS), 2016 WL 5745100 (D.N.J. Sept. 30, 2016) .......................................4

*Daubert* v. *Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993) ...............................................................................................3

*In re Enron Corp. Sec., Deriv. & ERISA Litig.*,
235 F. Supp. 2d 549 (S.D. Tex. 2002) ...............................................................................10

*In re Enzymotec Sec. Litig.*,
No. 14-cv-5556 (JLL) (MAH), 2015 WL 8784065 (D.N.J. Dec. 15, 2015) ..............................4

*Fin. Acquisition Partners, LP* v. *Blackwell*,
440 F.3d 278 (5th Cir. 2006) ...............................................................................................2, 3

*Fin. Acquisition Partners, LP* v. *Blackwell*,
No. 3:02-cv-1586-K, 2004 WL 2203253 (N.D. Tex. Sept. 29, 2004) ...............................1, 2, 3

*Hall* v. *Bellmon*,
935 F.2d 1106 (10th Cir. 1991) ...............................................................................................5

*In re Herbal Supplements Mktg. & Sales Practices Litig.*,
No. 15-cv-5070, 2017 WL 2215025 (N.D. Ill. May 19, 2017) ...............................................10

*Lipsky* v. *Commonweath United Corp.*,
551 F.2d 887 (2d Cir. 1976) ...............................................................................................9, 10

*In re MannKind Sec. Actions*,
    835 F. Supp. 2d 797 (C.D. Cal. 2011) ..................................................................4

*N. Ind. Gun & Outdoor Shows, Inc.* v. *City of S. Bend*,
    163 F.3d 449 (7th Cir. 1998) ...............................................................................5

*Oinonen* v. *TRX, Inc.*,
    No. 3:09-cv-1450-M, 2010 WL 2217870 (N.D. Tex. June 1, 2010) ........................9

*Owens* v. *Dallas Cty. Cmty. Coll. Dist.*
    No. 3:16-cv-3162-L, 2017 WL 3190727 (N.D. Tex. May 16, 2017) ...................8, 9

*Sanchez* v. *Bay Area Rapid Transit Dist.*,
    YGR, 2013 WL 4764485 (N.D. Cal. Sept. 5, 2013).................................................4

*Schnell* v. *City of Chi.*,
    407 F.2d 1084 (7th Cir. 1969) ..............................................................................5

*Southland Sec. Corp.* v. *INSpire Ins. Sols. Inc.*,
    365 F.3d 353 (5th Cir. 2004) ................................................................................8

**STATUTES**

15 U.S.C. § 78u-4, *et seq* ........................................................................ passim

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 8(a)(2) ...........................................................9

Federal Rule of Civil Procedure 10(c) .........................................................1, 2, 5

Federal Rule of Evidence 702...........................................................................3

**PRELIMINARY STATEMENT**

Plaintiff does not dispute that the Wright Declaration is just the kind of litigation-generated expert report that this Court declined to consider in *Financial Acquisition Partners, LP* v. *Blackwell*, No. 3:02-cv-1586-K, 2004 WL 2203253 (N.D. Tex. Sept. 29, 2004) (Kinkeade, J.), *aff'd*, 440 F.3d 278 (5th Cir. 2006).  As the decisions in *Blackwell* and other cases show, expert declarations should not be considered on a motion to dismiss a securities fraud complaint because to do so would require the Court to engage in an analysis of the expert's qualifications and the reliability of the expert's opinions that is inappropriate on a motion to dismiss; because opinions do not satisfy the plaintiff's obligation under the PSLRA to plead facts; and because an expert declaration created for litigation is not a "written instrument" that can be made part of a pleading under Federal Rule of Civil Procedure 10(c).  Nothing in plaintiff's response warrants a different result here.

Plaintiff's fallback response is that the Court should at least consider the "nonconclusory, factual analysis" in the Wright Declaration.  But there is no such analysis.  Dr. Wright is not a fact witness who has personal knowledge of ExxonMobil's accounting.  Plaintiff did not retain her to provide "nonconclusory, factual analysis," but, as her declaration states, to develop and offer opinions about accounting issues.  And the only conceivable purpose plaintiff could have had for soliciting and paying for Dr. Wright's declaration and attaching it to the Complaint was to provide the veneer of expert opinion to support the Complaint against an anticipated motion to dismiss.  As this Court and other courts have held, that is not proper.

The Oleske Affirmation is an advocacy document crafted by a litigation attorney at the Office of the New York Attorney General ("NYAG") who has no personal knowledge of any relevant facts and instead proffers conclusory and speculative allegations that are purportedly

based on the NYAG's still-pending investigation.  Contrary to plaintiff's argument, this is no mere evidentiary objection.  Rather, the Court should strike the Oleske Affirmation because it contains unqualified conclusions that may not be considered on a motion to dismiss.

The Wright Declaration and the Oleske Affirmation are not facts that should be considered on this motion to dismiss and the Court should strike any parts of the Complaint that rely on them.

### ARGUMENT

**I.**    **The Wright Declaration and the Portions of the Complaint that Rely on It Should Be Stricken.**

   **A.**    **Under *Blackwell*, the Court Should Not Consider Dr. Wright's Opinions and Conclusions.**

Defendants showed in their motion to strike that, under the Fifth Circuit's decision in *Financial Acquisition Partners, LP* v. *Blackwell*, 440 F.3d 278 (5th Cir. 2006) ("*Blackwell II*"), *aff'g*, No. 3:02-cv-1586-K, 2004 WL 2203253 (N.D. Tex. Sept. 29, 2004) (Kinkeade, J.) ("*Blackwell I*"), and other cases, the Court should not consider the purported expert declaration of Dr. Wright annexed to the Complaint on defendants' motion to dismiss.  That is because, as courts have held repeatedly, (i) considering an expert declaration on a motion to dismiss raises evidentiary issues about the admissibility of the expert's opinions that are inappropriate on a motion to dismiss; (ii) an expert's opinions cannot substitute for pleading facts as required by the PSLRA; and (iii) an expert declaration created for litigation is not a "written instrument" that may be considered part of a pleading under Rule 10(c).  (Def. Br. 6–8.)

Plaintiff argues in response that the Court has discretion to consider the entire Wright declaration, citing a passing statement in *Barrie* v. *Intervoice-Brite, Inc.*, 397 F.3d 249 (5th Cir. 2005), *modified on denial of reh'g*, 409 F.3d 653 (5th Cir. 2005), that the securities fraud allegations in that case were "adequately supported by expert opinion."  (Pl. Br. 5–10 (citing

2

*Barrie*, 397 F.3d at 258).) But the Fifth Circuit in *Blackwell* rejected precisely that argument, holding that "the appropriateness *vel non* of considering such an affidavit was *not* raised in *Barrie*. In any event, the question was *not* decided by our court." *Blackwell II*, 440 F.3d at 285 (emphasis in original). As shown in defendants' motion, other courts have reached the same conclusion. (Def. Br. 6–7; *see also Benzon* v. *Morgan Stanley*, No. 3:03-cv-0159, 2004 WL 62747, at \*2–3 (M.D. Tenn. Jan. 8, 2004) (holding that it would be improper on a motion to dismiss to consider an expert witness's analysis and graphs attached to the complaint), *aff'd*, 420 F.3d 598 (6th Cir. 2005).)

    *Blackwell* is on all fours with this case. As in *Blackwell*, considering Dr. Wright's opinions, such as whether defendants' disclosures complied with GAAP, would require the Court to resolve complex evidentiary issues such as Dr. Wright's qualifications and whether her opinions satisfy the reliability standards of Federal Rule of Evidence 702 and *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See Blackwell II*, 440 F.3d at 285–86; *Blackwell I*, 2004 WL 2203253, at \*4. These are not issues that can be decided on the pleadings. And plaintiff also cannot rely on Dr. Wright's opinions to satisfy its pleading obligations, because "opinions cannot substitute for facts under the PSLRA." *Blackwell II*, 440 F.3d at 286. For exactly these reasons, the Court should not consider Dr. Wright's declaration here.

    Plaintiff asserts that Dr. Wright's declaration serves only to "support and help explain" the allegations in the Complaint, that it "does not attempt to substitute Dr. Wright's expert opinions for well-pled facts," and that it is not asking the Court to "admit the Wright Declaration in evidence" or "adopt" its conclusions. (Pl. Br. 9.) These are word games, not legal argument. Either plaintiff wants the Court to consider the Wright Declaration on defendants' motion to dismiss, or it does not. In opposing defendants' motion to strike and in relying on Dr. Wright's

3

declaration in its opposition to defendants' motion to dismiss, plaintiff is asking the Court to consider and give weight to her opinions and to deny defendants' motion based in whole or in part on those opinions. (*See* Lead Pl.'s Response in Opp'n to Defs.' Mot. to Dismiss (ECF No. 53) at 13 n.15, 18 n.21.) That is just what *Blackwell* and the other cases cited in defendants' motion held to be improper.

The district court opinions from outside this Circuit on which plaintiff relies are inapposite and, in any event, not controlling in the face of the Fifth Circuit's ruling in *Blackwell*. (Pl. Br. 7–9.) None of these cases considered the Fifth Circuit's reasoning that expert opinions and conclusions cannot satisfy a plaintiff's pleading burden under the PSLRA. In two of the cases, the district courts denied motions to strike only after concluding that the complaints satisfied the plaintiffs' pleading burden without considering the expert declarations. *See In re CommVault Sys., Inc. Sec. Litig.*, No. 14-cv-5628 (PGS), 2016 WL 5745100, at *4 (D.N.J. Sept. 30, 2016) (reasoning that plaintiffs "do not rely exclusively on these expert declarations" but also on other facts, including confidential witness testimony); *In re MannKind Sec. Actions*, 835 F. Supp. 2d 797, 821 (C.D. Cal. 2011) ("[T]he Court reiterates that the expert report is not essential to its finding that Plaintiffs' complaint survives Defendants' motion to dismiss."). Another case plaintiff cites did not decide these issues because it did not concern a motion to strike. *See In re Enzymotec Sec. Litig.*, No. 14-cv-5556 (JLL) (MAH), 2015 WL 8784065, at *19 (D.N.J. Dec. 15, 2015). And the remaining case, *Sanchez* v. *Bay Area Rapid Transit District*, was not even a securities case but a slip-and-fall lawsuit and thus did not consider the heightened PSLRA pleading burden. *See Sanchez*, No. 13-cv-1885 YGR, 2013 WL 4764485, at *9 (N.D. Cal. Sept. 5, 2013).

4

Finally, none of the out-of-Circuit cases on which plaintiff relies addressing the scope of Rule 10(c) hold—contrary to this Court's conclusion in *Blackwell I*, 2004 WL 22303253, at *4– *5, and the other cases defendants have cited (Def. Br. 7–8)—that an expert declaration created solely for litigation is a "written instrument" that is part of a pleading for purposes of a motion to dismiss.[1]  (Pl. Br. 7.)

> **B.      The Wright Declaration and All References to It in the Complaint Should Be Stricken Because Dr. Wright Did Not Perform Any "Nonconclusory, Factual Analysis."**

Plaintiff argues that, even if the Court does not consider Dr. Wright's opinions, it should consider any "nonconclusory, factual analysis" in her declaration and the portions of the Complaint that rely on it.  (Pl. Br. 10–12 (emphasis omitted).)  But there is no substantive material in the declaration that is purely "nonconclusory" or "factual."  Plaintiff's purported examples show only that the substance of her declaration rests on her opinions.  (*Id*. 3–4.)

That is scarcely surprising.  Dr. Wright is not a fact witness, as shown by her own declaration.  She has no personal knowledge of ExxonMobil's accounting or operations, or anything else relevant to the case.  Plaintiff retained her, as she explains, based upon her alleged "knowledge of accounting practices and authoritative guidance," to offer "opinion[s] regarding several issues concerning financial and accounting disclosures by Exxon Mobil Corporation." (Wright Declaration ¶ 6.) Consequently, her declaration rests on purported expert analysis and opinions about whether, as plaintiff alleges, ExxonMobil violated GAAP and other governing

---

[1]  *See Amini* v. *Oberlin Coll.*, 259 F.3d 493, 502–03 (6th Cir. 2001) (EEOC charge); *N. Ind. Gun & Outdoor Shows, Inc.* v. *City of S. Bend*, 163 F.3d 449, 453–54 (7th Cir. 1998) (letters, a reservation application, and a policy document); *Branch* v. *Tunnell*, 14 F.3d 449, 454–55 (9th Cir. 1994) (deposition testimony), *overruled on other grounds by Galbraith* v. *Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Hall* v. *Bellmon*, 935 F.2d 1106, 1112–13 (10th Cir. 1991) (court-ordered *Martinez* report prepared by prison officials); *Schnell* v. *City of Chi.*, 407 F.2d 1084, 1085 (7th Cir. 1969) (general reference to "affidavits and exhibits"), *overruled on other grounds by City of Kenosha* v. *Bruno*, 412 U.S. 507 (1973).

rules. (*Id.* ¶¶ 7–12.)  Indeed, the whole point of submitting Dr. Wright's expert declaration was to rely on her purported expert opinions to defeat an anticipated motion to dismiss.

The portions of Dr. Wright's declaration and the Complaint that plaintiff characterizes as merely "factual" and "nonconclusory" are rife with opinion.  (*See* Pl. Br. 3–4, 11–12.)  For example, paragraph 22 of the Complaint (cited in Pl. Br. 11) cites Wright Declaration ¶ 71 (purporting to state what "Exxon knew") and ¶ 104 ("Based on the foregoing, it is my opinion that Exxon's 2015 Form 10-K violated GAAP.").  Similarly, paragraphs 342 and 347 of the Complaint (also cited in Pl. Br. 11) provide summaries of Dr. Wright's opinions regarding proved reserves and an alleged loss on ExxonMobil's Canadian bitumen operations.  Paragraphs 171–173, 176–180, 187, 189–190, 192–193, 286, 319, 360, and 364 quote and cite portions of Dr. Wright's analysis of ExxonMobil's Canadian bitumen operations, oil prices, Canadian exchange rates, accounting and SEC provisions based on her review of publicly available documents, which incorporates her opinions and conclusions.  (Pl. Br. 11.)  As even the purported summary in plaintiff's brief shows, Dr. Wright's analyses of "breakeven" prices, whether Exxon's Kearl operation would qualify as proved reserves, and alleged impairment of its Rocky Mountain dry gas assets rest on her opinions about such matters as how to calculate the profitability of ExxonMobil's Canadian bitumen operations and what should constitute the relevant "impairment-related indicators."  (*Id.* 3–4.)

Similarly, the references in the Complaint to Dr. Wright's declaration consist of purported summaries of her opinions and conclusions, not facts.  For example, paragraph 17 of the Complaint alleges that "as detailed in the Wright Declaration, Defendants' failure to disclose the above problems . . . violated GAAP, SEC accounting and disclosure requirements, and established accounting practices and guidance."  Similarly, paragraph 370 alleges that "as

6

concluded by Dr. Wright, had the proper asset impairment charge been taken at year-end 2015, the charge would have been material to investors . . . ." The same is true of virtually all of the other references to Dr. Wright's declaration in the Complaint. (*See* ¶¶ 9, 186, 191, 344–346, 349–351, 355–356, 361–364, 367–371.)

Thus, because all of the substantive parts of the Wright Declaration rest on her purported expert opinions, there is no purely "nonconclusory, factual" material in the declaration for the Court to consider.

Finally, plaintiff does not respond to defendants' showing that the Wright Declaration should be stricken to the extent it includes improper legal conclusions or speculation about defendants' states of mind. (Def. Br. 8.)

## II.    The Oleske Affirmation and the Portions of the Complaint that Rely on It Should Be Stricken.

Defendants demonstrated in their motion that the Oleske Affirmation should be stricken because Mr. Oleske—an NYAG litigation attorney participating in that office's years-long and baseless investigation of ExxonMobil, not a percipient fact witness—demonstrably lacks personal knowledge of the matters on which he avers and offers impermissible legal conclusions and unadjudicated allegations, none of which is sufficient to satisfy plaintiff's PSLRA pleading obligations. (*Id.* 9–11.) Plaintiff criticizes defendants for allegedly failing to cite any cases reaching the result defendants request here (Pl. Br. 12–13) but itself cites no on-point case, revealing the extraordinary nature of plaintiff's effort to incorporate the Oleske Affirmation in the Complaint—not a lack of merit in defendants' motion.

Plaintiff contends that, to prevail on this motion, defendants must establish that the Oleske Affirmation bears no possible relationship to the controversy or may cause prejudice. (*Id.* 13.) Defendants have done so, because they will be palpably prejudiced if the Court

7

considers on a motion to dismiss the unsupported claims, legal conclusions, and unadjudicated allegations in the Oleske Affirmation.  And, in all events, the case on which plaintiff relies, *CitiCapital Commercial Corp.* v. *First National Bank of Fort Smith*, No. 3:04-cv-0302-B, 2005 WL 856886 (N.D. Tex. Apr. 11, 2005), is inapposite because it did not involve an improper affirmation attached to a complaint but only the plaintiff's characterizations in the complaint itself.  *Id.*, at *6.  It is well settled that, on a motion to dismiss, the Court should not accept legal conclusions or conclusory allegations.  *See, e.g.*, *Southland Sec. Corp.* v. *INSpire Ins. Sols. Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) ("Nor [does the court] accept conclusory allegations, unwarranted deductions, or legal conclusions.").

Plaintiff also asserts that Mr. Oleske has personal knowledge of the relevant facts, based on the boilerplate assertion to that effect in his affirmation.  (Pl. Br. 13.)  But the affirmation provides no basis for that assertion, or for the assertions throughout the affirmation that the statements therein are based on unspecified "evidence."  Again, because he is a litigation attorney with the NYAG, Mr. Oleske does not claim to have, and does not have, personal knowledge of ExxonMobil's business.

Plaintiff's assertion that defendants' motion presents only an "evidentiary objection" that is inappropriate on a motion to dismiss is misplaced.  (*Id.* 13–14.)  The fatal flaw in plaintiff's reliance on the Oleske Affirmation is not that Mr. Oleske's testimony would be inadmissible at trial—although it plainly would be—but that the unsupported statements by a witness with no personal knowledge cannot satisfy plaintiff's pleading burden under the PSLRA.  The cases on which plaintiff relies, by contrast, are inapposite because they do not address the PSLRA pleading standards and do not consider a document attached to a complaint.  (*Id.* 14.)  In *Owens* v. *Dallas County Community College District*, an employment discrimination case, the court

8

refused the plaintiff's request "to determine the admissibility of evidence that Plaintiff might or might not present at trial," when resolving defendant's motion to dismiss.  No. 3:16-cv-3162-L, 2017 WL 3190727, at *5 (N.D. Tex. May 16, 2017), *adopted by*, 2017 WL 3172748, at *1 (N.D. Tex. July 26, 2017).  And in *Oinonen* v. *TRX, Inc.*, an age discrimination case, the court concluded that it could not answer the question of whether "Plaintiffs are 'similarly situated' to each other for evidentiary purposes" under the Rule 8(a)(2) notice pleading standard.  No. 3:09-cv-1450-M, 2010 WL 2217870, at *3 (N.D. Tex. June 1, 2010).

The principles the Fifth Circuit enunciated in the analogous context of allegations based on statements by confidential witnesses are instructive.  In *ABC Arbitrage Plaintiffs Group* v. *Tchuruk*, 291 F.3d 336, 353–54 (5th Cir. 2002), the Fifth Circuit held that allegations based on confidential witness statements must be supported by allegations "with sufficient particularity" of facts "support[ing] the probability that a person in the position occupied by the source as described would possess the information pleaded to support the allegations of false or misleading statements made on information and belief."  *Id.*  Allegations such as those at issue here, based on statements by a supposed witness who demonstrably does *not* have personal knowledge, should similarly be given no weight in determining whether the heightened PSLRA pleading standards are satisfied.

Plaintiff's argument that the Court may consider the unadjudicated allegations in the Oleske Affirmation because there is "no *per se* rule" that allegations drawn from unadjudicated matters are immaterial as a matter of law is unpersuasive.  (Pl. Br. 15.)  Plaintiff does not dispute that the Second Circuit has held reliance on such allegations improper.  *Lipsky* v. *Commonweath United Corp.*, 551 F.2d 887 (2d Cir. 1976) (discussed in Def. Br. 10).  Plaintiff relies on district court cases that have rejected *Lipsky*, but none of the cases plaintiff cites involved any argument

that the government pleading in question was unreliable for lack of personal knowledge. *See, e.g.*, *In re Herbal Supplements Mktg. & Sales Practices Litig.*, No. 15-cv-5070, 2017 WL 2215025, at *11 (N.D. Ill. May 19, 2017) (permitting plaintiffs to rely on NYAG DNA testing where the NYAG indicated how it conducted the testing, including how many samples were tested and how many times each were tested, and the results were independently confirmed); *In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 235 F. Supp. 2d 549, 688 (S.D. Tex. 2002) (permitting plaintiffs to rely on ongoing investigation, where near "daily" reports from other sources confirmed findings).

Finally, while plaintiff characterizes the Oleske Affirmation as "much more than merely 'unadjudicated allegations'" (Pl. Br. 16), plaintiff does not deny that the allegations in the Oleske Affirmation were "*not* the result of an actual adjudication of any of the issues" raised in this case. *See Lipsky*, 551 F.2d at 893–94 (emphasis added).  Plaintiff does not and cannot deny that there has never been a hearing, let alone a ruling or order, on the merits of the Oleske Affirmation's misleading and unfounded accusations.  For these reasons, the Oleske Affirmation should be stricken.

## CONCLUSION

For the foregoing reasons and those in defendants' moving brief, the Court should strike the Wright Declaration, the Oleske Affirmation, and the paragraphs of the Complaint that rely on them.

Dated: December 21, 2017

Respectfully submitted,


/s/ Daniel J. Kramer
Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Kramer (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Gregory F. Laufer (*pro hac vice*)
Jonathan H. Hurwitz (*pro hac vice*)
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
twells@paulweiss.com
dkramer@paulweiss.com
dtoal@paulweiss.com
glaufer@paulweiss.com
jhurwitz@paulweiss.com


/s/ Nina Cortell
Nina Cortell
Texas State Bar No. 04844500
Daniel H. Gold
Texas State Bar No. 24053230
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
nina.cortell@haynesboone.com
daniel.gold@haynesboone.com


*Counsel for Exxon Mobil Corporation,*
*Andrew P. Swiger, Jeffrey J. Woodbury,*
*and David S. Rosenthal*

/s/ D. Patrick Long
D. Patrick Long
Texas State Bar No. 12515500
Brian M. Gillett
Texas State Bar No. 24069785
SQUIRE PATTON BOGGS
2000 McKinney Ave., Suite 1700
Dallas, TX 75201
Telephone: (214) 758-1505
Facsimile: (214) 758-1550
patrick.long@squirepb.com
brian.gillett@squirepb.com


*Counsel for Rex W. Tillerson*

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic CM/ECF filing, on this 21st day of December, 2017.

*/s/ Daniel J. Kramer*
Daniel J. Kramer