IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEDRO RAMIREZ, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION, REX W. TILLERSON, ANDREW P. SWIGER, JEFFREY J. WOODBURY, and DAVID S. ROSENTHAL,<br><br>     Defendants. | Case No. 3:16-cv-3111-K |

## <u>JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER</u>

**KENDALL LAW GROUP LLP**, Joe Kendall, Texas State Bar No. 11260700, Jamie J. McKey, Texas State Bar No. 24045262, 3811 Turtle Creek Blvd., Suite 1450, Dallas, TX 75219, Tel.: (214) 744-3000, Local Counsel for Plaintiff

**BALON B. BRADLEY LAW FIRM**, Balon B. Bradley, Texas State Bar No. 02821700, 5473 Blair Road, Suite 100, Dallas, TX 75231, Tel.: (972) 991-1582, Local Counsel for Plaintiff

**ROBBINS GELLER RUDMAN & DOWD LLP**, Scott H. Saham, Nathan R. Lindell, Sara B. Polychron, Erika Oliver, 655 West Broadway, Suite 1900, San Diego, CA 92101, Tel.: (619) 231-1058, Lead Counsel for Plaintiff

**ROBBINS GELLER RUDMAN & DOWD LLP**, John C. Herman, Peter M. Jones, Monarch Tower, Suite 1650, 3424 Peachtree Road, N.E., Atlanta, GA 30326, Tel.: (404) 504-6500, Lead Counsel for Plaintiff

**HAYNES AND BOONE, LLP**, Nina Cortell, Texas State Bar No. 04844500, Daniel H. Gold, Texas State Bar No. 24053230, 2323 Victory Avenue, Suite 700, Dallas, TX 75219, Tel.: (214) 651-5000, Counsel for Defendants Exxon Mobil Corporation, Andrew P. Swiger, Jeffrey J. Woodbury, and David S. Rosenthal

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**, Theodore V. Wells, Jr., Daniel J. Kramer, Daniel J. Toal, Jonathan H. Hurwitz, 1285 Avenue of the Americas, New York, NY 10019-6064, Tel.: (212) 373-3000, Counsel for Defendants Exxon Mobil Corporation, Andrew P. Swiger, Jeffrey J. Woodbury, and David S. Rosenthal

**SQUIRE PATTON BOGGS**, D. Patrick Long, Texas State Bar No. 12515500, Brian M. Gillett, Texas State Bar No. 24069785, 2000 McKinney Avenue, Suite 1700, Dallas TX 75201, Tel.: (214) 758-1505, Counsel for Defendant Rex W. Tillerson

Pursuant to the Court's order dated August 14, 2018 (Dkt. No. 63) (the "Scheduling Conference Order"), Lead Plaintiff Greater Pennsylvania Carpenters Pension Fund ("Lead Plaintiff") and Defendants Exxon Mobil Corporation ("ExxonMobil"), Rex W. Tillerson, Andrew P. Swiger, Jeffery J. Woodbury, and David S. Rosenthal (together, "Defendants") respectfully submit this Joint Report.

Counsel for Lead Plaintiff and counsel for Defendants conducted an initial Scheduling Conference by telephone on August 31, 2018. During the conference, all requisite matters, including potential for settlement, were discussed. Following the conference, counsel continued to confer on these matters to prepare this Joint Report.

1.      **Brief Statement of Claims And Defenses**

Lead Plaintiff's Statement of Its Claims. This is a federal securities class action brought on behalf of all persons who purchased or otherwise acquired ExxonMobil's publicly traded common stock between March 31, 2014 and January 30, 2017, inclusive (the "Class Period"), and were damaged thereby. The claims in this action arise under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder.

As detailed in Lead Plaintiff's Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint") (Dkt. No. 36) and the Court's August 14, 2018 Memorandum Opinion and Order concerning Defendants' motion to dismiss (Dkt. No. 62), the Complaint alleges that, throughout the Class Period, Defendants made numerous material misrepresentations concerning the value and profitability of ExxonMobil's reserve assets, ExxonMobil's accounting for those assets, and the specific actions Defendants were supposedly

2

taking to protect those assets from the risks posed by climate-related policies and declining commodity prices.  In short, Defendants knowingly misrepresented the methods ExxonMobil purportedly used to value, account for and evaluate its reserves, and they concealed the significant impact historic price declines and the anticipated cost of carbon had and would continue to have on some of ExxonMobil's key operations, thereby failing to properly account for those assets and portraying ExxonMobil's reserves as far more valuable than they actually were.  As the truth about Defendants' misrepresentations was revealed, ExxonMobil ultimately de-booked nearly 20% of its proved reserves and recorded an eye-popping $3.3 billion pre-tax impairment charge on its dry gas operations.  ExxonMobil's misrepresentations and failure to timely take these write downs caused shareholders significant losses.

   Defendants' Statement of Their Defenses.  Defendants summarize here certain of their contentions and defenses, and respectfully refer the Court to their forthcoming Answer to the Consolidated Class Action Complaint (the "Complaint") for a more complete recitation of Defendants' defenses.

   Defendants contend that none of the disclosures at issue in this litigation were false or misleading, let alone materially so.  In particular, Defendants contend that:

   (a)   ExxonMobil fully disclosed the risks of climate change to its business, and accurately represented the methodologies it used to analyze those risks, including proxy costs of carbon and greenhouse gas ("GHG") costs;

   (b)   ExxonMobil's disclosures about its proved reserves were accurate and in compliance with applicable SEC regulations and Generally Accepted Accounting Principles ("GAAP");

   (c)   ExxonMobil's disclosures and financial reporting regarding impairments of its Rocky Mountain dry gas operations were accurate and in compliance with GAAP; and

   (d)   ExxonMobil's disclosures about the results of its Canadian bitumen operations were accurate and not misleading.

Defendants further assert that ExxonMobil's disclosures about proved reserves and other disclosures are protected by the safe harbor set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA") and the "bespeaks caution" doctrine, and that its disclosures about proved reserves and asset impairments, among other disclosures, truthfully reflected its opinions and are not actionable under *Omnicare, Inc.* v. *Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1327 (2015).

Defendants further deny Plaintiff's allegations that any of them acted with scienter, and assert that at all times each of Defendants believed in good faith that the disclosures at issue were truthful, not misleading, and in compliance with GAAP and applicable law, including SEC regulations.

Defendants further contend that Plaintiff cannot establish loss causation, for the reasons, among others, set forth in Defendants' Motion to Dismiss the Consolidated Complaint and Brief in Support (Dkt. No. 46), at 23–24.

Finally, Defendants believe that this action cannot be maintained as a class action pursuant to the Federal Rules of Civil Procedure because Lead Plaintiff does not and cannot satisfy the requirements of Rule 23.

**2.**     **Proposed Time Limit To File Motions For Leave To Join Other Parties**

As discussed in Item 8 below, Defendants have requested that the class certification phase of this litigation be bifurcated from the merits phase, and – in exchange for Defendants' agreement to produce certain documents and other materials by no later than October 1, 2018 – Lead Plaintiff has consented to this request.  Pursuant to such agreement, the parties respectfully request that: (1) the Court allow the parties to defer submission of a proposed deadline for the above time limit until after the Court has issued an Order on Lead Plaintiff's class certification motion and any related motions; and (2) in the event that Lead Plaintiff's forthcoming motion for

class certification is granted, the parties are ordered to meet and confer in good faith to negotiate the remaining schedule for this case and submit to the Court a proposed deadline for the above time limit within 14 days following the Court's Order on Lead Plaintiff's class certification motion and any related motions.

3.    **Proposed Time Limit To Amend Pleadings**

As discussed in Item 8 below, Defendants have requested that the class certification phase of this litigation be bifurcated from the merits phase, and – in exchange for Defendants' agreement to produce certain documents and other materials by no later than October 1, 2018 – Lead Plaintiff has consented to this request.  Pursuant to such agreement, the parties respectfully request that: (1) the Court allow the parties to defer submission of a proposed deadline for the above time limit until after the Court has issued an Order on Lead Plaintiff's class certification motion and any related motions; and (2) in the event that Lead Plaintiff's forthcoming motion for class certification is granted, the parties are ordered to meet and confer in good faith to negotiate the remaining schedule for this case and submit to the Court a proposed deadline for the above time limit within 14 days following the Court's Order on Lead Plaintiff's class certification motion and any related motions.

4.    **Proposed Time Limit To File Various Types Of Motions, Including Dispositive Motions**

Class Certification Motion.  Lead Plaintiff shall file its motion for class certification, any supporting declarations and any expert reports in compliance with Rule 26(a)(2)(B), by December 21, 2018; Defendants shall file their Opposition, any supporting declarations and any expert reports in compliance with Rule 26(a)(2)(B), by February 8, 2019; and Lead Plaintiff shall file its Reply by March 15, 2019.

Other Motions, Including Motions for Summary Judgment. As discussed in Item 8 below, Defendants have requested that the class certification phase of this litigation be bifurcated from the merits phase, and – in exchange for Defendants' agreement to produce certain documents and other materials by no later than October 1, 2018 – Lead Plaintiff has consented to this request. Pursuant to such agreement, the parties respectfully request that: (1) the Court allow the parties to defer submission of proposed deadlines for the above time limits until after the Court has issued an Order on Lead Plaintiff's class certification motion and any related motions; and (2) in the event that Lead Plaintiff's forthcoming motion for class certification is granted, the parties are ordered to meet and confer in good faith to negotiate the remaining schedule for this case and submit to the Court proposed deadlines for the above time limits within 14 days following the Court's Order on Lead Plaintiff's class certification motion and any related motions.

### 5.      Proposed Time Limit For Initial Designation Of Experts

Class Certification Experts. Lead Plaintiff shall designate its class certification experts and file any expert reports in compliance with Rule 26(a)(2)(B) by December 21, 2018.

Other Experts. As discussed in Item 8 below, Defendants have requested that the class certification phase of this litigation be bifurcated from the merits phase, and – in exchange for Defendants' agreement to produce certain documents and other materials by no later than October 1, 2018 – Lead Plaintiff has consented to this request. Pursuant to such agreement, the parties respectfully request that: (1) the Court allow the parties to defer submission of proposed deadlines for the above time limits until after the Court has issued an Order on Lead Plaintiff's class certification motion and any related motions; and (2) in the event that Lead Plaintiff's forthcoming motion for class certification is granted, the parties are ordered to meet and confer in good faith to negotiate the remaining schedule for this case and submit to the Court proposed

deadlines for the above time limits within 14 days following the Court's Order on Lead

Plaintiff's class certification motion and any related motions.

**6.     Proposed Time Limit For Responsive Designation Of Experts**

Class Certification Experts.  Defendants shall designate their class certification experts

and file any expert reports in compliance with Rule 26(a)(2)(B) by February 8, 2019.

Other Experts.  As discussed in Item 8 below, Defendants have requested that the class

certification phase of this litigation be bifurcated from the merits phase, and – in exchange for

Defendants' agreement to produce certain documents and other materials by no later than

October 1, 2018 – Lead Plaintiff has consented to this request.  Pursuant to such agreement, the

parties respectfully request that: (1) the Court allow the parties to defer submission of proposed

deadlines for the above time limits until after the Court has issued an Order on Lead Plaintiff's

class certification motion and any related motions; and (2) in the event that Lead Plaintiff's

forthcoming motion for class certification is granted, the parties are ordered to meet and confer

in good faith to negotiate the remaining schedule for this case and submit to the Court proposed

deadlines for the above time limits within 14 days following the Court's Order on Lead

Plaintiff's class certification motion and any related motions.

**7.     Proposed Time Limit For Objections To Experts (i.e. *Daubert* and Similar
Motions)**

Class Certification Experts.  Defendants shall file any *Daubert* motions and all

supporting papers directed to Lead Plaintiff's class certification experts by February 8, 2019;

Lead Plaintiff shall file its Oppositions and all supporting papers by March 15, 2019; Defendants

shall file their Replies and all supporting papers by April 12, 2019.

Lead Plaintiff shall file any *Daubert* motions and all supporting papers directed to

Defendants' class certification experts by March 15, 2019; Defendants shall file their

Oppositions and all supporting papers by April 12, 2019; Lead Plaintiff shall file its Replies and all supporting papers by April 26, 2019.

Other Experts.  As discussed in Item 8 below, Defendants have requested that the class certification phase of this litigation be bifurcated from the merits phase, and – in exchange for Defendants' agreement to produce certain documents and other materials by no later than October 1, 2018 – Lead Plaintiff has consented to this request.  Pursuant to such agreement, the parties respectfully request that: (1) the Court allow the parties to defer submission of proposed deadlines for the above time limits until after the Court has issued an Order on Lead Plaintiff's class certification motion and any related motions; and (2) in the event that Lead Plaintiff's forthcoming motion for class certification is granted, the parties are ordered to meet and confer in good faith to negotiate the remaining schedule for this case and submit to the Court proposed deadlines for the above time limits within 14 days following the Court's Order on Lead Plaintiff's class certification motion and any related motions.

8. **A Proposed Plan And Schedule For Discovery, A Statement Of The Subjects On Which Discovery May Be Needed, A Time Limit To Complete Factual Discovery And Expert Discovery, And A Statement Of Whether Discovery Should Be Conducted In Phases Or Limited To Particular Issues**

Class Certification Discovery.  Defendants have requested that the class certification phase of this litigation be bifurcated from the merits phase, and – in exchange for Defendants' agreement to produce certain documents and other materials by no later than October 1, 2018 – Lead Plaintiff has consented to this request.  Pursuant to such agreement, the parties jointly propose the following schedule to govern discovery through the end of the class certification phase.

8

| September 14, 2018 | Parties may begin serving discovery regarding Class Certification. |
|---|---|
| October 1, 2018[1] | Defendants to produce from the NYAG and SEC productions for the time period from January 1, 2007 to January 31, 2018[2]: (i) all documents concerning the proxy cost of carbon and greenhouse gas costs; (ii) any documents explaining the manner in which ExxonMobil conducts impairment analyses and/or calculates proved reserves; and (iii) all impairment- and reserves-related documents concerning ExxonMobil's Rocky Mountain dry gas and Canadian bitumen assets, including all documents produced by Imperial Oil limited ("Imperial").  In addition, Defendants will produce complete unredacted copies of any: (1) redacted papers, affirmations and/or exhibits filed by either party in connection with the NYAG matter; (2) written discovery responses served in connection with the NYAG and/or SEC investigations; (3) all transcripts of NYAG or SEC investigatory interviews and/or hearings in Exxon's possession, custody or control; and (4) any presentations made in connection with the NYAG and/or SEC investigations.  Defendants may exclude from this production any documents that relate solely to projects located outside North America.  If it is necessary for Lead Plaintiff to serve any subpoenas in order obtain any of the above materials from Exxon's auditor, Defendants consent to the issuance of such subpoenas during this phase of the litigation and will not oppose such auditor's production of the documents described above.  Defendants also agree that, to the extent there are any documents or materials that, as of the date of this agreement, do not exist or have not yet |

---

[1]   Except for the production of documents contemplated herein, all discovery not related to class certification shall be stayed until after the Court's ruling on the issue of class certification.

[2]   The parties' agreement to these time periods in the context of this production shall not waive any party's right to argue for a different time period in the context of other discovery.  All parties expressly reserve all rights and arguments regarding the appropriate time period for any other discovery.

| | been produced, but are subsequently produced or created and fall within the parameters set forth above, Defendants will produce such documents or materials on a rolling basis within 30 days of the date that such documents or materials are produced or created in connection with the NYAG or SEC matter, as applicable. Production of the above materials will not preclude Lead Plaintiff from making additional discovery requests following the resolution of Lead Plaintiff's anticipated motion for class certification. |
|---|---|
| November 19, 2018 | Deadline for parties to produce documents, and provide privilege log, in response to any Class Cert-related document requests served by October 19, 2018 (parties agree to accept service of such requests by email). |
| January 23, 2019 | Parties shall complete depositions of Proposed Class Representatives and Lead Plaintiff's experts (except for any depositions subject to a motion to compel/for a protective order pending on this date). |
| March 4, 2019 | Parties shall complete depositions of Defendants' Experts (except for any depositions subject to a motion to compel/for a protective order pending on this date). |

Lead Plaintiff's Position: With respect to class certification, Lead Plaintiff anticipates it will take discovery regarding Defendants' internal documents and communications concerning any disclosure of news that may have impacted ExxonMobil's stock price during the Class Period, as well as any communications defendants may have had with market participants during the relevant period, any materials generated for this purpose, and any documents or communications regarding market reaction to such communications.

Defendants' Position:  With respect to class certification, Defendants anticipate that they will need discovery on at least the following subjects:

- Lead Plaintiff's claims of reliance, causation, and damages.

- Lead Plaintiff's adequacy and typicality as proposed class representative.

- Differences in Lead Plaintiff's and putative class members' understanding of the disclosures at issue in the lawsuit and their risk tolerance.

- Differences in the types of information reviewed by and knowledge held by putative class members at the time they purchased ExxonMobil common stock.

- Whether and when Lead Plaintiff purchased and sold ExxonMobil common stock.

- Whether the market for ExxonMobil common stock was efficient.

- Whether any allegedly misleading statements or omissions impacted the price of ExxonMobil common stock.

Merits Discovery.   As discussed above, Defendants have requested that the class certification phase of this litigation be bifurcated from the merits phase, and – in exchange for Defendants' agreement to produce certain documents and other materials by no later than October 1, 2018 – Lead Plaintiff has consented to this request.  Pursuant to such agreement, the parties respectfully request that: (1) the Court allow the parties to defer submission of proposed deadlines for the above time limits until after the Court has issued an Order on Lead Plaintiff's class certification motion and any related motions; and (2) in the event that Lead Plaintiff's forthcoming motion for class certification is granted, the parties are ordered to meet and confer in good faith to negotiate the remaining schedule for this case and submit to the Court proposed deadlines for the above time limits within 14 days following the Court's Order on Lead Plaintiff's class certification motion and any related motions.

**9.     What Changes Should Be Made In The Limitations On Discovery Imposed Under The Federal Rules Of Civil Procedure Or By Local Rule, And What Other Limitations Should Be Imposed**

As discussed above, Defendants have requested that the class certification phase of this litigation be bifurcated from the merits phase, and – in exchange for Defendants' agreement to produce certain documents and other materials by no later than October 1, 2018 – Lead Plaintiff has consented to this request.  Pursuant to such agreement, the parties respectfully request that: (1) the Court allow the parties to defer submission of proposals regarding these issues until after the Court has issued an Order on Lead Plaintiff's class certification motion and any related motions; and (2) in the event that Lead Plaintiff's forthcoming motion for class certification is granted, the parties are ordered to meet and confer in good faith to negotiate the remaining schedule for this case and submit to the Court proposals regarding these issues within 14 days following the Court's Order on Lead Plaintiff's class certification motion and any related motions.

**10.     Proposed Trial Date, Estimated Number Of Days Required For Trial, And Whether A Jury Has Been Properly Demanded**

As discussed above, Defendants have requested that the class certification phase of this litigation be bifurcated from the merits phase, and – in exchange for Defendants' agreement to produce certain documents and other materials by no later than October 1, 2018 – Lead Plaintiff has consented to this request.  Pursuant to such agreement, the parties respectfully request that: (1) the Court allow the parties to defer submission of proposed deadlines for the above time limits until after the Court has issued an Order on Lead Plaintiff's class certification motion and any related motions; and (2) in the event that Lead Plaintiff's forthcoming motion for class certification is granted, the parties are ordered to meet and confer in good faith to negotiate the remaining schedule for this case and submit to the Court proposed deadlines for the above time

limits within 14 days following the Court's Order on Lead Plaintiff's class certification motion and any related motions.

The parties agree that a jury trial has been properly demanded.

**11.    Proposed Date For Further Settlement Negotiations**

The parties agree that further settlement discussions would not be productive at this time.

**12.    Objections To Fed. R. Civ. P. 26(a)(1) Asserted At The Scheduling Conference, And Other Proposed Modifications To The Timing Form Or Requirements For Disclosure Under Rule 26(a), Including A Statement As To When Disclosures Under Rule 26(a)(1) Were Made Or Will Be Made**

The parties have no objections to making, and fully intend to make, Rule 26(a)(1) disclosures by September 14, 2018, the deadline established by the Scheduling Conference Order.  Until the entry of an appropriate stipulated confidentiality order, all initial disclosures shall be maintained by the parties on an attorneys'-eyes-only basis, including the parties' in-house counsel.

**13.    Whether The Parties Will Consent To Trial (Jury Or Non-Jury) Before U.S. Magistrate Judge**

The parties do not consent to trial before a U.S. Magistrate Judge.

**14.    Whether The Parties Are Considering Mediation Or Arbitration To Resolve This Litigation And A Statement of When Alternative Dispute Resolution Would Be Most Effective (e.g., Before Discovery, After Limited Discovery, After Motions Are Filed, etc.), And, If Mediation Is Proposed, The Name Of Any Mediator The Parties Jointly Recommend To Mediate The Case**

The parties agree that alternative dispute resolution would not be productive at this time.

**15.    Any Other Proposals Regarding Scheduling And Discovery That The Parties Believe Will Facilitate Expeditious And Orderly Preparation For Trial**

As discussed above, Defendants have requested that the class certification phase of this litigation be bifurcated from the merits phase, and – in exchange for Defendants' agreement to produce certain documents and other materials by no later than October 1, 2018 – Lead Plaintiff

has consented to this request.  Pursuant to such agreement, the parties respectfully request that the Court enter the parties' proposed Class Certification Scheduling Order attached hereto.

**16.     Whether A Conference With The Court Is Desired And The Reasons For Requesting A Conference**

The parties do not believe that there is a need for a court conference at this time.

**17.     Any Other Matters Relevant To The Status And Disposition Of The Case, Including Any Other Orders That Should Be Entered By The Court Under Fed. R. Civ. P. 16(b), 16(c), and 26(c)**

The parties intend to negotiate a confidentiality stipulation and proposed order to be submitted for the Court's consideration.

The parties have also agreed, and respectfully request the Court order, that Defendants' deadline to respond to the Complaint shall be extended until September 27, 2018.

On September 11, 2018, Defendants intend to file a motion for reconsideration or, in the alternative, for certification of an interlocutory appeal of the August 14, 2018 Order partially denying Defendants' motion to dismiss, which motion Lead Plaintiff intends to oppose.  Defendants' anticipated motion does not seek a stay of the schedule that the parties have agreed to, and respectfully requested that the Court enter, in this joint report.

Dated: September 10, 2018

Respectfully submitted,


*/s/ Joe Kendall*
Joe Kendall (Texas Bar No. 11260700)
Jamie J. McKey (Texas Bar No. 24045262)
KENDALL LAW GROUP, PLLC
3811 Turtle Creek Blvd., Suite 1450
Dallas, TX 75219
Telephone:  214/744-3000
Fax:  214/855-3015
jkendall@kendalllawgroup.com
jmckey@kendalllawgroup.com


BALON B. BRADLEY LAW FIRM
Balon B. Bradley (Texas Bar No. 02821700)
5473 Blair Road, Suite 100
Dallas, TX 75231
Telephone:  972/991-1582
Fax:  972/755-0424
balon@bbradleylaw.com

Local Counsel

ROBBINS GELLER
  RUDMAN & DOWD LLP
Scott H. Saham
Nathan R. Lindell
Sara B. Polychron
Erika Oliver
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone:  619/231-1058
Fax:  619/231-7423
scotts@rgrdlaw.com
nlindell@rgrdlaw.com
spolychron@rgrdlaw.com
eoliver@rgrdlaw.com


Lead Counsel for Plaintiff

ROBBINS GELLER
  RUDMAN & DOWD LLP
John C. Herman
Peter M. Jones
Monarch Tower, Suite 1650
3424 Peachtree Road, N.E.
Atlanta, GA 30326
Telephone:  404/504-6500
Fax:  404/504-6501
jherman@rgrdlaw.com
pjones@rgrdlaw.com

Lead Counsel for Plaintiff

Dated: September 10, 2018

Respectfully submitted,

/s/ Daniel J. Kramer
Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Kramer (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Jonathan H. Hurwitz (*pro hac vice*)
PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
twells@paulweiss.com
dkramer@paulweiss.com
dtoal@paulweiss.com
jhurwitz@paulweiss.com

/s/ Nina Cortell
Nina Cortell
Texas State Bar No. 04844500
Daniel H. Gold
Texas State Bar No. 24053230
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
nina.cortell@haynesboone.com
daniel.gold@haynesboone.com

*Counsel for Exxon Mobil Corporation,*
*Andrew P. Swiger, Jeffrey J. Woodbury,*
*and David S. Rosenthal*

/s/ D. Patrick Long
D. Patrick Long
Texas State Bar No. 12515500
Brian M. Gillett
Texas State Bar No. 24069785
SQUIRE PATTON BOGGS
2000 McKinney Ave., Suite 1700
Dallas, TX 75201
Telephone: (214) 758-1505
Facsimile: (214) 758-1550
patrick.long@squirepb.com
brian.gillett@squirepb.com

*Counsel for Rex W. Tillerson*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has

been served by electronic CM/ECF filing, on this 10th day of September, 2018.


*/s/ Daniel J. Kramer*
Daniel J. Kramer