IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEDRO RAMIREZ, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>EXXON MOBIL CORPORATION, REX W. TILLERSON, ANDREW P. SWIGER, JEFFREY J. WOODBURY, and DAVID S. ROSENTHAL,<br><br>    Defendants. | Case No. 3:16-cv-3111-K |

**CLASS CERTIFICATION SCHEDULING ORDER**

  Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Civil Justice Expense and Delay Reduction Plan for the Northern District of Texas, the Court ORDERS as follows:

  1. On or before September 14, 2018, the parties shall exchange Rule 26(a)(1) initial disclosures, which shall be maintained by the parties on an attorneys'-eyes-only basis, including the parties' in-house counsel, until the entry of an appropriate stipulated confidentiality order.

  2. Beginning September 14, 2018, the parties may serve discovery requests regarding class certification. The parties shall accept service of such requests by

email. With the exception of the discovery contemplated in paragraph 4 below, all discovery that is not related to class certification shall be stayed.

    3.     On or before September 27, 2018, Defendants shall file their Answer to the Consolidated Class Action Complaint.

    4. On or before October 1, 2018, pursuant to the parties' agreement, Defendants will produce from the Office of the New York Attorney General ("NYAG") and U.S. Securities and Exchange Commission ("SEC") productions for the time period from January 1, 2007 to January 31, 2018 (The parties' agreement to these time periods in the context of this production shall not waive any party's right to argue for a different time period in the context of other discovery. All parties expressly reserve all rights and arguments regarding the appropriate time period for any other discovery.) : (i) all documents concerning the proxy cost of carbon and greenhouse gas costs; (ii) any documents explaining the manner in which ExxonMobil conducts impairment analyses and/or calculates proved reserves; and (iii) all impairment- and reserves-related documents concerning ExxonMobil's Rocky Mountain dry gas and Canadian bitumen assets, including all documents produced by Imperial Oil limited ("Imperial"). In addition, Defendants will produce complete unredacted copies of any: (1) redacted papers, affirmations and/or exhibits filed by either party in connection with the NYAG matter; (2) written discovery responses served in

connection with the NYAG and/or SEC investigations; (3) all transcripts of NYAG or SEC investigatory interviews and/or hearings in Exxon's possession, custody or control; and (4) any presentations made in connection with the NYAG and/or SEC investigations. Defendants may exclude from this production any documents that relate solely to projects located outside North America. If it is necessary for Lead Plaintiff to serve any subpoenas in order obtain any of the above materials from Exxon's auditor, Defendants consent to the issuance of such subpoenas during this phase of the litigation and will not oppose such auditor's production of the documents described above. Defendants also agree that, to the extent there are any documents or materials that, as of the date of this agreement, do not exist or have not yet been produced, but are subsequently produced or created and fall within the parameters set forth above, Defendants will produce such documents or materials on a rolling basis within 30 days of the date that such documents or materials are produced or created in connection with the NYAG or SEC matter, as applicable. Production of the above materials will not preclude Lead Plaintiff from making additional discovery requests following the resolution of Lead Plaintiff's anticipated motion for class certification.

5. On or before November 19, 2018, the parties shall produce documents, and provide privilege logs, in response to any class-certification-related document requests served by October 19, 2018.

6. Lead Plaintiff shall file its motion for class certification, any supporting declarations and any expert reports in compliance with Rule 26(a)(2)(B), by December 21, 2018; Defendants shall file their Opposition, any supporting declarations and any expert reports in compliance with Rule 26(a)(2)(B), by February 8, 2019; and Lead Plaintiff shall file its Reply by March 15, 2019.

7. On or before January 23, 2019, the parties shall complete depositions of the proposed class representatives and Lead Plaintiff's class certification experts (except for any depositions subject to a motion to compel/for protective order pending on this date).

8. On or before March 4, 2019, the parties shall complete depositions of Defendants' class certification experts (except for any depositions subject to a motion to compel/for a protective order pending on this date).

9. Defendants shall file any *Daubert* motions and all supporting papers directed to Lead Plaintiff's class certification experts by February 8, 2019; Lead Plaintiff shall file its Oppositions and all supporting papers by March 15, 2019; Defendants shall file their Replies and all supporting papers by April 12, 2019.

10. Lead Plaintiff shall file any *Daubert* motions and all supporting papers directed to Defendants' class certification experts by March 15, 2019; Defendants shall file their Oppositions and all supporting papers by April 12, 2019; Lead Plaintiff shall file its Replies and all supporting papers by April 26, 2019.

11. There appears to be no further reason at this time to maintain the file as

open for statistical purposes. The Clerk is therefore instructed to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records. Nothing in this Order shall be considered a dismissal or disposition of this case, and should further proceedings become necessary or desirable, any party or the Court may initiate such further proceedings in the same manner as if this Order had not been entered.

12. Within 14 days following the Court's ruling on the issue of class certification, the parties shall meet and confer in good faith and submit to the Court a joint proposal for the remaining schedule for this case.

SO ORDERED.

SIGNED September 17th, 2018.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE