IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEDRO RAMIREZ, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION, REX W. TILLERSON, ANDREW P. SWIGER, JEFFREY J. WOODBURY, and DAVID S. ROSENTHAL,<br><br>        Defendants. | Case No. 3:16-cv-3111-K<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER PARTIALLY DENYING MOTION TO DISMISS OR, ALTERNATIVELY, TO CERTIFY FOR 28 U.S.C. § 1292(b) INTERLOCUTORY APPEAL**

Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Kramer (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Jonathan H. Hurwitz (*pro hac vice*)
Justin Anderson (*pro hac vice*)
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
Fax: (212) 757-3990


Nina Cortell
Daniel H. Gold
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Tel: (214) 651-5000
Fax: (214) 651-5940


*Counsel for Exxon Mobil Corporation, Andrew P. Swiger, Jeffrey J. Woodbury, and David S. Rosenthal*

D. Patrick Long
Brian M. Gillett
SQUIRE PATTON BOGGS
2000 McKinney Ave., Suite 1700
Dallas, TX 75201
Tel: (214) 758-1505
Fax: (214) 758-1550


*Counsel for Rex W. Tillerson*

## TABLE OF CONTENTS

**Page**

Table of Authorities ...................................................................................................... ii

Preliminary Statement..................................................................................................... 1

Argument ......................................................................................................................... 2

I.     The Court Has Broad Discretion to Reconsider Its Ruling.................................... 2

II.    The Complaint Contains No Scienter Allegations Relevant to Plaintiff's Alleged Misstatements or Omissions about ExxonMobil's Canadian Bitumen, Kearl, or Rocky Mountain Dry Gas Operations..................................................................... 4

III.   The Complaint's Scienter Allegations Remain Insufficient as to Alleged Misstatements and Omissions about Proxy Costs of Carbon. .......................... 7

IV.   Alternatively, the Court Should Certify the Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b). ........................................................................................ 9

Conclusion ..................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alaska Elec. Pension Fund* v. *Asar*,
    898 F.3d 648 (5th Cir. 2018) ............................................................5, 6

*Austin* v. *Kroger Texas, L.P.*,
    864 F.3d 326 (5th Cir. 2017) ........................................................1, 3, 4

*Clark-Dietz and Associates-Engineers, Inc.* v. *Basic Construction Co.*,
    702 F.2d 67 (5th Cir. 1983) ...............................................................10

*Flaherty & Crumrine Preferred Income Fund, Inc.* v. *TXU Corp.*,
    565 F.3d 200 (5th Cir. 2009) ...............................................................4

*Goldstein* v. *MCI WorldCom*,
    340 F.3d 238 (5th Cir. 2003) ...........................................................8, 9

*Ind. Elec. Workers' Pension Trust Fund IBEW* v. *Shaw Group, Inc.*,
    537 F.3d 527 (5th Cir. 2008) .....................................................3, 9, 10

*Lormand* v. *US Unwired, Inc.*,
    565 F.3d 228 (5th Cir. 2009) ...............................................................8

*McClendon* v. *United States*,
    892 F.3d 775 (5th Cir. 2018) ...............................................................3

*Monroe Cty. Emps.' Ret. Sys.* v. *S. Co.*,
    No. 1:17-cv-241-MHC, 2018 WL 3814304 (N.D. Ga. Aug. 10, 2018) ...................................4

*Owens* v. *Jastrow*,
    789 F.3d 529 (5th Cir. 2015) ...........................................................6, 7

*Ryan* v. *Flowserve Corp.*,
    444 F. Supp. 2d 718, 726 (N.D. Tex. 2006) .........................................10

*Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)........................................................................7, 8

*Thompson* v. *Shaw Grp., Inc.*,
    No. 04-cv-1685, 2006 WL 2038025 (E.D. La. July 18, 2006) .................................9

*Tex.* v. *United States*,
    No. 7:15-cv-00151-O, 2018 WL 4271450 (N.D. Tex. Aug. 21, 2018) ...................................3

*U.S. ex rel. Willard* v. *Humana Health Plan of Tex. Inc.*,
    336 F.3d 375 (5th Cir. 2003) ................................................................10

*Williams* v. *WMX Techs., Inc.*,
    112 F.3d 175 (5th Cir. 1997) ................................................................9

**STATUTES**

15 U.S.C. § 78u-4 ........................................................................3

28 U.S.C. § 1292(b) ..................................................................9, 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11 .......................................................................10

Fed. R. Civ. P. 15(a) ...................................................................10

Fed. R. Civ. P. 54(b) ................................................................1, 3, 4

Fed. R. Civ. P. 59(e) ..................................................................3, 4

PRELIMINARY STATEMENT

Plaintiff does not, and cannot, dispute that the PSLRA—both by its plain language and as construed by the Fifth Circuit—requires Plaintiff to plead scienter as to "each act or omission" alleged to violate the federal securities laws.  Nor does Plaintiff dispute that the Order partially denying Defendants' motion to dismiss did not analyze Plaintiff's scienter allegations as the statute requires—namely, representation by representation as to each Defendant.  For these reasons alone, Defendants respectfully submit that the Court should reconsider the Order.

Plaintiff argues that the Court should nevertheless deny Defendants' motion because the motion purportedly rests on arguments that Defendants could have made in moving to dismiss, and because the case allegedly has not "evolve[d]" sufficiently since that motion was decided. (Resp. 1 (quoting *Austin* v. *Kroger Texas, L.P.*, 864 F.3d 326, 337 (5th Cir. 2017).)  But Rule 54(b) expressly authorizes the Court to revise an interlocutory order "at any time" before final judgment.  And *Austin* holds unequivocally that the Court may reconsider a non-final order "for any reason it deems sufficient."  864 F.3d at 336 (quotation and citations omitted).  Plaintiff's contention that this motion rests on arguments Defendants did not assert in their motion to dismiss is also wrong.  Defendants' motion and reply set forth the appropriate analysis, discussing the alleged falsity of each category of purported violations and then explaining that Plaintiff had failed to plead scienter as to all of those categories.

Plaintiff's argument that the Complaint adequately pleads scienter as to each of the challenged representations is without merit.  As shown in Defendants' motion, the Complaint does not plead any facts showing scienter relevant to (i) the purported three-month loss at ExxonMobil's Canadian bitumen operations; (ii) the potential de-booking of proved reserves at its Kearl operations; or (iii) alleged impairments of ExxonMobil's Rocky Mountain dry gas assets.  Plaintiff cites no allegations in the Complaint—because none exist—that the individual

1

Defendants had any reason to believe either that ExxonMobil's disclosures about these matters were false or that they violated the complex and technical requirements of SEC disclosure regulations or GAAP.  On the contrary, the only plausible conclusion consistent with the Complaint's allegations is that the individual Defendants acted in good faith reliance on the determinations of in-house experts about these accounting and disclosure issues.

The Complaint's scienter allegations relating to ExxonMobil's use of proxy costs and GHG costs are also insufficient to plead a strong inference of scienter.  Plaintiff argues for a "holistic" review of these allegations.  But, as the Fifth Circuit has made clear, any such review entails an analysis of each scienter allegation, and, as shown in Defendants' motion, *none* of Plaintiff's allegations supports a strong inference of scienter.  Plaintiff also ignores that a "holistic" review requires analyzing the competing inferences of *non-fraudulent* intent Defendants identified in their motion, including the absence of insider sales and ExxonMobil's billion-dollar repurchases of its own stock when Plaintiff alleges the stock price was inflated.

Finally, this case raises substantial, controlling questions of law regarding the proper scienter analysis under the PSLRA, *Tellabs*, and Fifth Circuit decisions.  Defendants respectfully submit that these issues warrant interlocutory review.

## ARGUMENT

### I.    The Court Has Broad Discretion to Reconsider Its Ruling.

Plaintiff's assertion that Defendants did not argue in their motion to dismiss that the PSLRA requires Plaintiff's scienter allegations to be considered representation by representation is incorrect.  (Resp. 4–6.)  Defendants' motion to dismiss specifically addressed whether Plaintiff's allegations were sufficient to plead a misstatement or omission as to each category of alleged misstatements or omissions.  (*See* ECF No. 46 at 10–17; ECF No. 57 at 2–7.) Defendants further argued that Plaintiff's scienter allegations failed to plead scienter as to *any of*

*these* categories, especially given competing, plausible inferences of non-culpable intent.  (*See* ECF No. 46 at 18–23; ECF No. 57 at 7–9.)  Defendants' motion to dismiss thus reflected the correct representation-by-representation and defendant-by-defendant analysis.  Defendants also specifically cited the governing statutory provision and case law.  (*See* ECF No. 46 at 1 (citing 15 U.S.C. § 78u-4); *see also id.* at 9–10 (referencing 15 U.S.C. § 78u-4), 18–22 (citing *Ind. Elec. Workers' Pension Trust Fund IBEW* v. *Shaw Group, Inc.*, 537 F.3d 527 (5th Cir. 2008)), 23 (citing *Neiman* v. *Bulmahn*, 854 F.3d 741 (5th Cir. 2017)).)

In any event, the Court has broad discretion under Rule 54(b) to reconsider "for any reason it deems sufficient," including new arguments.  (Mot. 3 (quoting Rule 54(b) & *Austin*, 864 F.3d at 336).)  "[I]n contrast to a Rule 59(e) motion, the district court may consider 'new arguments' on a Rule 54(b) motion."  *Tex.* v. *United States*, No. 7:15-cv-00151-O, 2018 WL 4271450, at *3 (N.D. Tex. Aug. 21, 2018) (partially granting Rule 54(b) motion).  The Court's discretion is not cabined by the stricter Rule 59(e) standard, which requires either a change in the controlling law, newly available evidence, or the need to correct a clear error of law or prevent manifest injustice.  *See Austin*, 864 F.3d at 337 (trial court abused discretion by applying Rule 59(e) to Rule 54(b) motion); *McClendon* v. *United States*, 892 F.3d 775, 781 (5th Cir. 2018) (Fifth Circuit "must vacate and remand" any denial of a Rule 54(b) motion by application of the Rule 59(e) standard) (citing *Austin*, 864 F.3d at 336).

Plaintiff's contention that *Austin* permits reconsideration under Rule 54(b) only if the "facts [or] the governing law ha[ve] 'evolve[d]'" is wrong.  (Resp. 5 (quoting *Austin*, 864 F.3d at 337).)  Plaintiff's interpretation conflicts with the plain language of Rule 54(b), which permits reconsideration "at any time."  And the language in *Austin* that Plaintiff relies on comes from an opinion that makes clear that new arguments can be considered absent any change of fact or law:

> [A]pplying Rule 59(e)'s "strict prohibition" against considering new arguments that could have been raised before the district court's ruling was "unwarranted" and "of legal consequence" when erroneously applied to interlocutory orders.

*Austin*, 864 F.3d at 337 (quoting *Cobell* v. *Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)).

The other cases on which Plaintiff relies are inapposite. Most of those cases predate *Austin* and/or improperly applied Rule 59(e) considerations to a Rule 54(b) motion. (*See* Resp. 4–5 (citing cases).) And one is an out-of-Circuit opinion that applies a standard to Rule 54(b) motions inconsistent with the standard applicable in this Circuit. *See Monroe Cty. Emps.' Ret. Sys.* v. *S. Co.*, No. 1:17-cv-241-MHC, 2018 WL 3814304 (N.D. Ga. Aug. 10, 2018).

Plaintiff's position that the Court should not consider this motion until the case has somehow "evolved" would impose enormous and unnecessary costs on the parties and the Court. As the Fifth Circuit emphasized in this context, the Federal Rules should be construed "with a preference toward resolving the case on the merits." *Austin*, 864 F.3d at 337. Declining to reconsider the Order, as Plaintiff urges, would potentially require the parties to spend years litigating this complex, multi-year, nationwide putative class action without first ensuring that the Complaint states a claim under the PSLRA. Plaintiff's approach defies logic and is contrary to the governing Rule and precedent.

## II.    The Complaint Contains No Scienter Allegations Relevant to Plaintiff's Alleged Misstatements or Omissions about ExxonMobil's Canadian Bitumen, Kearl, or Rocky Mountain Dry Gas Operations.

Plaintiff acknowledges the PSLRA "mandates that scienter be pleaded 'with respect to each act or omission.'" (Resp. 2; *see id.* 6–8; Mot. 4–5.) Plaintiff also does not dispute that the Fifth Circuit has required scienter to be analyzed representation by representation. *E.g.*, *Flaherty & Crumrine Preferred Income Fund, Inc.* v. *TXU Corp.*, 565 F.3d 200, 208 (5th Cir. 2009) ("For each of these statements, we must evaluate the scienter allegations pertinent to each."). Plaintiff argues instead that the Fifth Circuit "has 'never required different sets of scienter allegations for

4

each statement'" (Resp. 2 (quoting *Alaska Elec. Pension Fund* v. *Asar*, 898 F.3d 648, 660 (5th

Cir. 2018)), but that non sequitur does nothing to advance its claim.  As the Fifth Circuit

explained in *Alaska Electrical*, a "plaintiff must allege a connection between a defendant's

scienter and the allegedly false statements."  898 F.3d at  660.  The issue is not whether the

Complaint pleads different scienter allegations for each challenged statement, but that it does

not—as is required—allege facts showing a connection between Defendants' alleged scienter

and each allegedly false statement.

In particular, as shown in Defendants' motion (Mot. 5–9), the Complaint fails to allege

any such connection between Plaintiff's scienter allegations and any allegedly false statements

about (i) a purported three-month loss at ExxonMobil's Canadian bitumen operations, (ii) the

potential de-booking of proved reserves at its Kearl operations, or (iii) alleged impairments of its

Rocky Mountain dry gas assets.  Plaintiff asserts that its scienter allegations related to different

challenged statements—those about ExxonMobil's use of proxy costs and GHG costs—are also

sufficient to infer scienter as to these distinct matters.  (Resp. 7–13.)  But Plaintiff is mistaken.

*First*, Plaintiff has not identified ***any*** allegations relevant to scienter concerning

Defendants' alleged failure to disclose the purported three-month operating loss at ExxonMobil's

Canadian bitumen operations.  (*See id.* 12–13.)  The Complaint nowhere alleges that that the

individual Defendants even knew about the alleged loss at the time of the 2015 Form 10-K in

which Plaintiff contends it should have been disclosed.  Nor does the Complaint allege any facts

showing that the individual Defendants knew that disclosing the alleged loss was required by

GAAP, or that they were involved in deciding whether to disclose it.  Any allegation of scienter

based on not disclosing that alleged loss would be particularly weak given the Court's holding

that Item 303 of SEC Regulation S-K does not require disclosing the alleged loss.  (Order 23–

24.)  Plaintiff asserts that GAAP required ExxonMobil to incorporate a proxy cost of carbon at the Canadian Bitumen operations.  (Resp. 12–13.)  But that is entirely beside the point.  Indeed, Plaintiff's claim is not that ExxonMobil improperly calculated its profit or loss, but rather that it incurred a loss it did not disclose.  (*See* Compl. ¶¶ 342–345.)

*Second*, as to the challenged statements about the Kearl operations' proved reserves, Plaintiff relies on its allegation that Defendants failed to incorporate proxy and GHG costs into its proved reserves estimates.  (Resp. 13 (citing Compl. ¶¶ 143–144, 176, 359–365; Oleske Aff. Ex. 6).)  But the Complaint does not allege any facts showing that the Defendants acted with scienter as to those estimates or disclosures.  The Complaint nowhere alleges that any individual Defendant was involved in determining the amount of proved reserves or had information showing that the estimates did not comply with the complex and technical SEC regulations or GAAP provisions governing such estimates.  And, in all events, given that SEC regulations expressly prohibit consideration of future energy prices and regulations when estimating proved reserves (*see* ECF No. 46 at 8–9, 12), no inference of scienter can be drawn from declining to incorporate projections, such as proxy or GHG costs.  Plaintiff's suggestion that the "magnitude" of the 2016 de-booking supports an inference of scienter is equally meritless.  (Resp. 13 n.8.) The Fifth Circuit has consistently held that even large accounting errors "cannot support a strong inference [of scienter] on their own."  *Alaska Elec.*, 898 F.3d at 656; *see Owens* v. *Jastrow*, 789 F.3d 529, 543 (5th Cir. 2015) (alleged failure to follow GAAP "is not, by itself, actionable").

*Third*, for similar reasons, Plaintiff's scienter allegations regarding ExxonMobil's use of proxy costs of carbon are not sufficient to plead scienter as to the alleged misstatements or omissions about impairments of the Rocky Mountain Dry Gas assets.  (*See* Resp. 8–12.)  Again, the Complaint alleges no facts showing that any of the individual Defendants was involved in

6

determining whether to recognize an impairment of those assets, much less that they were aware

that the Company's accounting determination was (as Plaintiff alleges) inconsistent with GAAP.

Plaintiff's reliance on an email in March 2014 regarding the removal of an unspecified footnote

from an ExxonMobil report referring to "impairment" is misplaced.  (*Id.* 11–12.)  The Complaint

does not, and cannot, allege that the footnote had anything to do with the alleged failure to

recognize an impairment of those assets as of year-end 2015—an accounting decision that took

place more than one year later—much less that removing the footnote was in any way

misleading.  And Plaintiff's argument that the email's reference to "folks on the third floor . . .

would have included both Tillerson and Swiger" is insufficient because the Complaint does not

allege that Tillerson or Swiger saw the footnote or advocated its removal.  (*See id.* 12 n.6;

Compl. ¶ 389.)  Similarly, the generic statements Tillerson purportedly made in May 2016 do not

relate to the specific accounting decision at issue.  (*See* Resp. 12.)

### III.     The Complaint's Scienter Allegations Remain Insufficient as to Alleged Misstatements and Omissions about Proxy Costs of Carbon.

Defendants demonstrated in their motion that the Order's scienter analysis regarding

ExxonMobil's use of proxy costs of carbon conflicts with Fifth Circuit precedent construing

*Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), and that none of Plaintiff's

allegations supports an inference of scienter, much less the strong inference required under the

PSLRA.  (*See* Mot. 9–13.)  Plaintiff's principal response is to assert that its scienter allegations

must be considered "holistically."  (Resp. 14.)  But the Fifth Circuit has endorsed beginning any

scienter analysis by "first looking to the contribution of each individual allegation to a strong

inference of scienter, especially in a complicated case."  *Owens*, 789 F.3d at 537.  And the

analysis must consider not only allegations that tend to support an inference of scienter, but also

countervailing allegations that undercut such an inference, as well as any plausible, non-culpable

explanations for the alleged conduct. *Tellabs,* 551 U.S. at 323–325. Under this approach, the Complaint does not adequately plead scienter.

*First,* Plaintiff does not seriously dispute that the Order gives undue weight to Plaintiff's allegations about certain of the individual Defendants' positions on ExxonMobil's Management Committee and/or Board, and their signatures on its SEC filings. (*See* Mot. 9–11; Resp. 14–17.) As courts have held consistently, such allegations by themselves are insufficient. (*See* Mot. 11–12.) And Plaintiff does not identify any specific information that these Defendants received in their capacities as members of the Management Committee or Board, or as signers of SEC filings, that was inconsistent with the Company's public statements. (*See id.* 10.)

*Second,* Plaintiff greatly overstates the significance of the internal emails on which it relies. The April 2011 emails referring to Tillerson's alleged views about proxy and GHG costs were sent years before any challenged misstatement or omission. (*See* Resp. 18.) In contrast to *Lormand* v. *US Unwired, Inc.*, 565 F.3d 228 (5th Cir. 2009), which involved emails created during or shortly after the class period in that case, the emails here are dated almost three years before the putative class period began.[1] *Id.* at 253. And Plaintiff's reliance on a March 2014 email concerning the deletion of a footnote about impairment from ExxonMobil's 2014 MTR report (*see* Resp. 17) is also misplaced, particularly given that the Complaint does not allege the contents of the email or that it concerned any specific impairment determination. (*See* Mot. 12.)

*Third,* Plaintiff cannot salvage its allegations that Defendants had a motive to maintain ExxonMobil's AAA credit rating because there are no well-pleaded allegations that a downgrade would have affected the debt offering's viability. Plaintiff cannot distinguish *Goldstein* v. *MCI*

---

[1]    Plaintiff's assertion that *Lormand* pertains only to a "fraud-by-hindsight" argument is a mischaracterization because the relevant discussion of "contemporaneous" emails *precedes* the discussion of that argument. *See Lormand*, 565 F.3d at 253–254; Resp. 18.

*WorldCom*, 340 F.3d 238 (5th Cir. 2003) because the only allegations that the debt offering was "critically important" to ExxonMobil are Plaintiff's conclusory characterizations—not facts. (*See* Compl. ¶¶ 15, 198–201, 206–214.)

*Fourth*, Plaintiff ignores Defendants' showing that the Complaint itself alleges facts that—as the Court recognized—weigh *against* an inference of scienter, including a lack of insider selling and ExxonMobil's billions of dollars of repurchases throughout the putative Class Period.  (Mot. 8–9; Order 35–36.)  Any "holistic" scienter review must take account of these allegations.

## IV.   Alternatively, the Court Should Certify the Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b).

Plaintiff opposes certification under 28 U.S.C. § 1292(b) by arguing that interlocutory appeals from orders denying motions to dismiss are rare, and that the scienter questions presented in this case do not warrant certification.  (Resp. 19–24.)

As the Fifth Circuit has made clear, however, interlocutory appeals of denials of motions to dismiss in securities class actions will be permitted in appropriate circumstances.  *See Shaw Grp.*, 537 F.3d 527; *Williams* v. *WMX Techs., Inc.*, 112 F.3d 175 (5th Cir. 1997).  Plaintiff's assertion that the Fifth Circuit granted interlocutory appeal in *Shaw Group* so that it could clarify the scienter standard in light of *Tellabs* is demonstrably wrong.  (Resp. 22–23.)  The Fifth Circuit permitted the appeal in that case on August 30, 2006—nearly a year before *Tellabs* was decided. *See Thompson* v. *Shaw Grp., Inc.*, No. 04-cv-1685, 2006 WL 2038025 (E.D. La. July 18, 2006); *Shaw Grp.*, No. 06-00040 (5th Cir. Aug. 30, 2006) at Dkt. No. 3.

Contrary to Plaintiff's assertion that Defendants do not "identify any issue *at all*" that is appropriate for appellate review (Resp. 3), Defendants' motion makes clear that, if this Court denies reconsideration, it should certify for review the standard for addressing Plaintiff's scienter

allegations on a representation-by-representation basis.  (Mot. 4–5.)  This issue is not, as Plaintiff

asserts (Resp. 20–21), a mixed question of law and fact, but a pure question of law.  *See Shaw*

*Grp.*, 537 F.3d at 533 ("We review the sufficiency of the complaint *de novo* on appeal.").  The

cases Plaintiff relies on are inapposite.  In *Clark-Dietz and Associates-Engineers, Inc.* v. *Basic*

*Construction Co.*, the Fifth Circuit held only that interlocutory appeal was inappropriate from a

judgment of liability in which the district court made factual findings—circumstances not present

here.  702 F.2d 67, 68–69 (5th Cir. 1983).  And in *Ryan* v. *Flowserve Corp.*, the Court rejected

the plaintiffs' argument that defendant's motion raised "'fact-bound' pleading issues" that could

not be addressed on a Section 1292(b) appeal where, as here, the issue concerned the requisite

pleading standard.  444 F. Supp. 2d 718, 726 (N.D. Tex. 2006).

Finally, Plaintiff inaccurately claims that an interlocutory appeal would not materially

advance this lawsuit's termination.  (Resp. 23–24.)  Plaintiff's assertion that any dismissal would

be with leave to amend ignores that Plaintiff cannot amend the Complaint as of right under Rule

15(a).  And, neither in its response to Defendants' motion to dismiss nor in its response here, has

Plaintiff identified any facts it could allege, consistent with Rule 11, that would satisfy its burden

of pleading scienter.  (*See* ECF No. 53 at 25; *see* ECF No. 57 at 10.)  The Court would thus be

well within its discretion to deny a bare request for leave to amend.  *U.S. ex rel. Willard* v.

*Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).  And Plaintiff would have

to establish that any amended complaint states a claim before the litigation proceeds.

## CONCLUSION

Defendants respectfully request that the Court reconsider the Order's scienter analysis

and grant Defendants' motion to dismiss.  Alternatively, Defendants respectfully request that the

Court certify the Order for interlocutory appeal under Section 1292(b).

Dated: October 16, 2018

Respectfully submitted,

/s/ Daniel J. Kramer
Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Kramer (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Jonathan H. Hurwitz (*pro hac vice*)
Justin Anderson (*pro hac vice*)
PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
twells@paulweiss.com
dkramer@paulweiss.com
dtoal@paulweiss.com
jhurwitz@paulweiss.com
janderson@paulweiss.com

/s/ D. Patrick Long
D. Patrick Long
Texas State Bar No. 12515500
Brian M. Gillett
Texas State Bar No. 24069785
SQUIRE PATTON BOGGS
2000 McKinney Ave., Suite 1700
Dallas, TX 75201
Telephone: (214) 758-1505
Facsimile: (214) 758-1550
patrick.long@squirepb.com
brian.gillett@squirepb.com

*Counsel for Rex W. Tillerson*

/s/ Nina Cortell
Nina Cortell
Texas State Bar No. 04844500
Daniel H. Gold
Texas State Bar No. 24053230
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
nina.cortell@haynesboone.com
daniel.gold@haynesboone.com

*Counsel for Exxon Mobil Corporation,*
*Andrew P. Swiger, Jeffrey J. Woodbury,*
*and David S. Rosenthal*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic CM/ECF filing, on this 16th day of October, 2018.

*/s/ Daniel J. Kramer*
Daniel J. Kramer