IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEDRO RAMIREZ, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>                   v.<br><br>EXXON MOBIL CORPORATION, REX W. TILLERSON, ANDREW P. SWIGER, JEFFREY J. WOODBURY, and DAVID S. ROSENTHAL,<br><br>                Defendants. | Case No. 3:16-cv-3111-K |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF THEIR MOTIONS TO DISMISS AND TO STRIKE BASED ON NEW CASE DEVELOPMENT AND <u>BRIEF IN SUPPORT</u>**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

STATEMENT OF RELEVANT FACTS..................................................................................2

ARGUMENT .............................................................................................................................5

I.   Plaintiff's Allegations That ExxonMobil's Public Statements Were False Are Not Plausible in Light of the NYAG Decision. ........................................................................7

   A.   Plaintiff's Allegations Regarding ExxonMobil's Use of Proxy Costs of Carbon and GHG Costs Are Not Plausible In Light of the NYAG Decision. ....................................7

   B.   Plaintiff's Allegations Regarding ExxonMobil's Proved Reserves Estimates, Including the Kearl Project, Are Not Plausible in Light of the NYAG Decision. ...........................9

   C.   Plaintiff's Allegations Regarding ExxonMobil's Asset Impairment Analyses, Including the RMDG Assets, Are Not Plausible in Light of the NYAG Decision. ..........................9

II.  Plaintiff's Allegations That ExxonMobil's Alleged Misstatements and Omissions Were Material to Investors Are Not Plausible in Light of the NYAG Decision. ..........................10

III. Plaintiff's Allegations Cannot Support the Requisite Strong Inference of Scienter in Light of the NYAG Decision. ................................................................................................10

CONCLUSION ........................................................................................................................12

# TABLE OF AUTHORITIES

**CASES**          **Page(s)**

*Allied Petroleum, Inc.* v. *Gradney*,
   No. 3:16-CV-1453-B, 2018 WL 2321897 (N.D. Tex. May 2, 2018) ...................... 6

*Austin* v. *Kroger Tex., L.P.*,
   864 F.3d 326 (5th Cir. 2017) ............................................................................... 6

*People* v. *Exxon Mobil Corp.*,
   No. 452044/2018, 119 N.Y.S.3d 829 (TABLE), 2019 WL 6795771 (N.Y. Sup.
   Ct. Dec. 10, 2019) .......................................................................................... passim

*Funk* v. *Stryker Corp.*,
   631 F.3d 777 (5th Cir. 2011) ............................................................................... 7

*Guillory* v. *Domtar Indus. Inc.*,
   95 F.3d 1320 (5th Cir. 1996) ............................................................................... 6

*Lormand* v. *US Unwired, Inc.*,
   565 F.3d 228 (5th Cir. 2009) ............................................................................... 7

*Mallard Auto. Grp., Ltd.* v. *United States*,
   343 F. Supp. 2d 949 (D. Nev. 2004) ................................................................... 6

*MAZ Encryption Techs., LLC* v. *BlackBerry Ltd.*,
   347 F. Supp. 3d 283 (N.D. Tex. 2018) ................................................................ 7

*Norris* v. *Hearst Trust*,
   500 F.3d 454 (5th Cir. 2007) ............................................................................... 7

*Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ............................................................................................ 11

*Xerox Corp.* v. *Genmoora Corp.*,
   888 F.2d 345 (5th Cir. 1989) ............................................................................... 6

**STATUTES**

New York General Business Law § 352, *et seq* ........................................................ 4, 11

Private Securities Litigation Reform Act of 1995 ("PSLRA") ............................... passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) and 12(b)(6) ...................................................................... 3, 7, 12

**CASES** **Page(s)**

Fed. R. Civ. P. 54(b) ...................................................................................................6

Fed. R. Evid. 201(b) ...................................................................................................7

Defendants Exxon Mobil Corporation ("ExxonMobil"), Rex W. Tillerson, Andrew P. Swiger, Jeffrey J. Woodbury, and David S. Rosenthal (together, "Defendants") respectfully submit this motion for reconsideration of their motion to dismiss (ECF No. 46) and related motion to strike (ECF No. 48), partially denied by this Court's Memorandum Opinion and Order, dated August 14, 2018. (ECF No. 62.)[1]

## PRELIMINARY STATEMENT

In its Amended Complaint, Plaintiff abandoned the initial complaint's theories in favor of ones premised on the New York Attorney General's ("NYAG") most recent allegations about ExxonMobil's business and accounting practices, and its public statements. To defeat ExxonMobil's motion to dismiss and motion to strike, Plaintiff urged the Court to credit inferences of wrongdoing drawn directly from NYAG's allegations. At the time, NYAG's allegations had not been tested, and both Plaintiff and this Court doubtless assumed—absent reason to assume otherwise—that NYAG's allegations would have been made in good faith and with evidentiary support.

That assumption is now untenable. In December 2019, following a 12-day trial, the New York Supreme Court unmasked NYAG's allegations (in the words of the presiding judge) as "hyperbolic," entirely meritless, and the product of "an ill-conceived initiative" rooted in NYAG's "politically motivated statements." *People* v. *Exxon Mobil Corp.*, No. 452044/2018, 119 N.Y.S.3d 829 (TABLE), 2019 WL 6795771, at *1–2 (N.Y. Sup. Ct. Dec. 10, 2019) ("NYAG Decision"). With NYAG's allegations now exposed as entirely baseless, Plaintiff cannot meet Rule 12(b)(6)'s plausibility standard, much less the heightened standards of the Private Securities Litigation

---

[1] In September 2018, Defendants previously asked this Court to reconsider its decision on their motion to dismiss the Amended Complaint (ECF No. 69), which was denied (ECF No. 80). This motion seeks reconsideration based on a new case development that first arose well after Defendants' motions were filed and considered by the Court.

Reform Act of 1995 ("PSLRA"). Defendants respectfully request that the Court reconsider its prior rulings, and dismiss the Amended Complaint in full.

Further, under well-established res judicata principles, the NYAG Decision precludes Plaintiff's claims, and the preclusive effect of the NYAG Decision defeats class certification. Defendants are filing a supplemental brief on these points contemporaneously with this motion.

## STATEMENT OF RELEVANT FACTS

On July 26, 2017, Plaintiff amended its complaint, abandoning the original theories advanced here and wholly adopting allegations recited nearly verbatim from a June 2017 affirmation NYAG had filed in another case.[2] NYAG submitted that affirmation—under penalty of perjury—in support of a discovery application before the Honorable Barry Ostrager of the New York Supreme Court. (*See* ECF No. 36, Ex. A.) NYAG's affirmation contained a series of factual allegations that formed the nucleus of the Amended Complaint in this case, including:

- ExxonMobil's proxy cost of carbon "set out in its internal policies was lower than the proxy cost the company publicly represented that it used in investment decisions." (ECF No. 36, Ex. A ¶ 21.) Plaintiff makes the same assertion here. (ECF No. 36 ¶ 8.)

- ExxonMobil failed to account for the increasing threat of climate change regulation in its reserves calculations, especially in its Canadian bitumen operations. (ECF No. 36, Ex. A ¶¶ 9, 29–33.) Plaintiff likewise contends that by not applying a proxy cost, ExxonMobil failed to de-book reserves at the Kearl oil sands in Alberta, Canada. (ECF No. 36 ¶¶ 170–184.)

- ExxonMobil failed to incorporate proxy costs into its impairment evaluations of long-lived assets until 2016. (ECF No. 36, Ex. A ¶¶ 41–52.) Quoting directly from the affirmation, Plaintiff makes identical assertions as to ExxonMobil's Rocky Mountain Dry Gas ("RMDG") assets. (ECF No. 36 ¶ 147.)

- The "proxy cost of GHGs can have a material effect on the long-term profitability of Exxon's projects and the value of its assets." (ECF No. 36, Ex. A ¶ 20.) Plaintiff yet again makes a similar claim. (ECF. No. 36 ¶¶ 176, 360.)

---

[2] The Amended Complaint repeatedly cites to NYAG's affirmation and its exhibits. It discusses proxy and GHG costs in 98 paragraphs, the oil sands projects in Canada in 49 paragraphs, and asset impairments in 106 paragraphs. (*See* App. 100–01 (Chart).) Indeed, 211 out of 478 paragraphs in the Amended Complaint—and essentially all of the allegations of alleged wrongdoing—rely on NYAG's allegations. (*Id.*)

When it was submitted, NYAG's affirmation was wholly without merit. Defendants knew this and strenuously contested the affirmation's accuracy. But Plaintiff nevertheless relied on the affirmation, and urged this Court to do so as well.

Before this Court, ExxonMobil moved under Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the PSLRA to dismiss the Amended Complaint for failure to state a claim that was supported by plausible factual allegations, as well as to strike the allegations of the Amended Complaint founded on NYAG's affirmation. (ECF Nos. 46 & 48.) The motion to dismiss was granted in part as to certain claims and defendant Woodbury, but otherwise denied, and the motion to strike was also partially granted. (ECF No. 62.) The Court explained that it did not consider the "conclusory allegations, unwarranted deductions, or legal conclusions" in NYAG's affirmation, but did consider the presentation of evidence therein and the inferences that could be drawn from that presentation. (*Id.*, at *10.) At the time, neither the Court nor Plaintiff—who then lacked access to the four million pages of documents and hundreds of hours of testimony ExxonMobil provided to NYAG—was on notice that the presentation of "evidence" in NYAG's affirmation was misleading and inaccurate in the extreme, or that NYAG's affirmation—made under penalty of perjury no less—lacked any evidentiary support.

Now the truth about NYAG's misdirection and posturing is known. After this Court denied Defendants' motion to dismiss, NYAG filed a civil complaint against ExxonMobil that reiterated the allegations from the affirmation. (App. 2 (NYAG Compl.).) Those allegations were put to the test during a 12-day bench trial before Justice Ostrager, where 20 fact and expert witnesses testified, including former ExxonMobil Chairman and Chief Executive Officer Rex Tillerson and nine other current and former ExxonMobil executives and employees. *People* v. *Exxon Mobil Corp.*, No. 452044/2018, 119 N.Y.S.3d 829 (TABLE), 2019 WL 6795771, at *1 (N.Y. Sup. Ct.

3

Dec. 10, 2019). Justice Ostrager received into evidence over 153 exhibits during the trial, consisting largely of internal ExxonMobil documents. At the close of evidence, NYAG dropped its common law and equitable fraud claims because those counts (like Plaintiff's claims here) required proof of intent and reliance, and NYAG knew there was evidence of neither. *Id.*, at *2. It proceeded solely on statutory violations, principally of the Martin Act, a law that gives NYAG expansive powers to investigate and prosecute public companies that allegedly violate its provisions. *Id.* Unlike the federal securities law claims in this case, liability under the Martin Act requires no showing of fraudulent intent or reliance. *Id.*

On December 10, 2019, Justice Ostrager entered judgment in ExxonMobil's favor in a full acquittal and complete defense verdict. In a lengthy decision, Justice Ostrager found all of NYAG's allegations against ExxonMobil to be "without merit." *Id.*, at *1. Justice Ostrager exposed NYAG's allegations as "hyperbolic" and "the result of an ill-conceived initiative" that originated with "politically motivated statements by former New York Attorney General Eric Schneiderman." *Id.*, at *1, *2, *26. He rejected the testimony of NYAG's *lead* witness as biased, *id.*, at *16 n.7, and found the testimony of NYAG's expert witnesses had been "eviscerated on cross-examination and by ExxonMobil's expert witnesses." *Id.*, at *31. Justice Ostrager noted that NYAG had uncovered no evidence of wrongdoing despite "three and one-half years of investigation and pre-trial discovery that required ExxonMobil to produce millions of pages of documents and dozens of witnesses for interviews and depositions." *Id.*, at *1.[3] Justice Ostrager also recognized that, in all events, "[n]o reasonable investor . . . would make investment decisions based on speculative assumptions of costs that may be incurred 20+ or 30+ years in the future with

---

[3] *See, e.g.*, *Exxon Mobil Corp.*, 2019 WL 6795771, at *5 ("[T]here was no evidence" and "no proof offered"); *id.*, at *16 ("Not a single witness supported"); *id.*, at *20 ("[N]o proof adduced at trial"); *id.*, at *24 ("[T]here is no evidence"); *id.*, at *25 ("[W]ithout any fact witness to establish").

respect to unidentified future projects." *Id.*, at *20 (citing *Singh* v. *Cigna Corp.*, 918 F.3d 57, 65 (2d Cir. 2019)).

Significantly, Justice Ostrager found that "ExxonMobil executives and employees were uniformly committed to rigorously discharging their duties in the most comprehensive and meticulous manner possible." *Id.*, at *21. The court concluded that the testimony of ten current and former ExxonMobil employees proved ExxonMobil's "culture of disciplined analysis, planning, accounting, and reporting." *Id.* Each witness "swore under oath that he or she was unaware of any scheme at ExxonMobil to mislead investors about the manner in which ExxonMobil managed climate risk." *Id.* The court found the testimony of these witnesses truthful and "uniformly favorable to ExxonMobil." *Id.*, at *31.

In his decision, Justice Ostrager squarely and conclusively rejected each of the allegations that NYAG advanced in its affirmation and that Plaintiff recited in the Amended Complaint here. Among other things, he recognized:

- ExxonMobil's internal GHG cost "is clearly a separate and distinct metric" from the publicly represented proxy cost. *Id.*, at *11.

- The public disclosures at issue "were true and correct with respect to ExxonMobil's proved reserves." *Id.*, at *19.

- NYAG "failed to demonstrate that ExxonMobil's impairment disclosures and accounting practices in 2015 were inconsistent with GAAP." *Id.*, at *29.

- There was "no evidence adduced at trial" that ExxonMobil's speculative cost assumptions about future climate regulations "affected ExxonMobil's balance sheet, income statement, or any other financial disclosure." *Id.*, at *5, *20.

NYAG tellingly declined to appeal Justice Ostrager's decision, which is now final.

## ARGUMENT

A district court is "free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the

5

substantive law." *Austin* v. *Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citations omitted); *see* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").[4]

Where, as here, there are new developments "of a strongly convincing nature in support of reversing the prior decision," reconsideration is particularly appropriate to avoid injustice to the parties and waste of scarce judicial resources. *Mallard Auto. Grp., Ltd.* v. *United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004) (internal quotations & citation omitted). Indeed, the Fifth Circuit has recognized a duty to reconsider when new developments undermine an earlier decision. *See Guillory* v. *Domtar Indus. Inc.*, 95 F.3d 1320, 1332 (5th Cir. 1996) (holding reconsideration of decision on motion in limine was proper, explaining "the court properly discharged its duty to reconsider its prior ruling upon realizing that it was made in error" based on new facts); *Xerox Corp.* v. *Genmoora Corp.*, 888 F.2d 345, 355–56 (5th Cir. 1989) (holding failure to grant reconsideration of summary judgment decision was abuse of discretion where, based on later-developed record, "the trial judge knew positively . . . that his earlier grant of summary judgment could no longer be justified," explaining that "[h]e could not turn his back on such an overwhelming showing").

ExxonMobil's acquittal in the NYAG Action and Justice Ostrager's overwhelming rejection of NYAG's factual allegations have a direct impact on this case that fully justifies reconsideration of Defendants' motion to dismiss and related motion to strike. The NYAG

---

[4] Under Rule 54(b), courts consider "whether reconsideration is necessary to correct manifest errors of law or fact, to present new evidence, to prevent manifest injustice, or because of an intervening change in law." *Allied Petroleum, Inc.* v. *Gradney*, No. 3:16-CV-1453-B, 2018 WL 2321897, at *3 (N.D. Tex. May 2, 2018) (citations omitted).

6

Decision is a matter of public record, subject to judicial notice,[5] demonstrating that the Amended Complaint cannot plausibly allege based on particularized facts, as required by Rule 9(b) and 12(b)(6) and the PSLRA, that Defendants knowingly or recklessly violated the federal securities laws. The Amended Complaint rises or falls with the NYAG allegations stated in the June 2017 affirmation, taken to trial last year, and conclusively rejected by Justice Ostrager. In light of the NYAG Decision, the Amended Complaint cannot "allege enough facts to give rise to a reasonable hope or expectation that discovery will reveal evidence of the [elements of Plaintiff's claim]." *Lormand* v. *US Unwired, Inc.*, 565 F.3d 228, 258 (5th Cir. 2009) (citing *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007)).

Under these circumstances, the Amended Complaint cannot pass muster. Specifically, the NYAG Decision negates Plaintiff's ability to allege falsity, materiality, and scienter.

### I. Plaintiff's Allegations That ExxonMobil's Public Statements Were False Are Not Plausible in Light of the NYAG Decision.

Relying on the NYAG's baseless allegations, the Amended Complaint alleges that ExxonMobil's public statements regarding its (i) use of proxy costs of carbon and GHG costs, (ii) proved reserves estimates, including the Kearl Project, and (iii) asset impairment analyses, including the RMDG assets, were false and misleading. Plaintiff's allegations are not plausible in light of the NYAG Decision's complete rejection of NYAG's allegations.

#### A. Plaintiff's Allegations Regarding ExxonMobil's Use of Proxy Costs of Carbon and GHG Costs Are Not Plausible In Light of the NYAG Decision.

The Amended Complaint relied on NYAG's now-discredited affirmation to support its claim that Defendants misled the public about ExxonMobil's proxy cost of carbon. (ECF No. 36

---

[5] *See Norris* v. *Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); *Funk* v. *Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (taking judicial notice on motion to dismiss of "matters of public record"); *MAZ Encryption Techs., LLC* v. *BlackBerry Ltd.*, 347 F. Supp. 3d 283, 293 (N.D. Tex. 2018) ("The contents of the case records of [two lawsuits] are just the type of records that the Court may take judicial notice of."); *see also* Fed. R. Evid. 201(b).

¶¶ 5–9, 44, 106, 110, 113, 128–147, 175–77, 185, 191–94, 201, 239, 246–54, 257–67, 281–86, 293–96, 302–06, 309–10, 313–14, 316–18, 354–57, 359–64, 371–72, 377, 385–86, 399, 421–22.) NYAG alleged, as Plaintiff does here, that ExxonMobil used a set of cost assumptions for potential future carbon regulations that was lower than those disclosed to the public. (App. 8–14, 16–20, 22–26, 28–86, 88–90, 92–95 (NYAG Compl. ¶¶ 2–6, 8–18, 20, 33, 35–40, 42–47, 55–56, 61, 64, 66–67, 76–285, 287, 289–90, 294, 297, 299, 302, 311, 313–14, 316, 318, 321, 327)).)

NYAG's allegation was premised on a misrepresentation of ExxonMobil's practices, as Justice Ostrager expressly recognized. Justice Ostrager rejected the proposition, on which both the NYAG Action and this action are predicated, that ExxonMobil's disclosures led the public to believe that its GHG cost assumptions, used to evaluate potential future projects, were the same as its proxy cost of carbon used to estimate future demand for its products. *Exxon Mobil Corp.*, 2019 WL 6795771, at *5, *11. Instead, Justice Ostrager concluded, proxy and GHG costs are "clearly [] separate and distinct metric[s]" developed by "separate teams" within ExxonMobil. *Id.* Justice Ostrager recognized that ExxonMobil uses proxy costs to assess "future energy demand," and that it uses these demand projections, in turn, to generate the price assumptions "used to evaluate new investment opportunities." *Id.*, at *12. By contrast, the court found that—consistent with its public statements—ExxonMobil uses GHG costs "where appropriate" to evaluate specific, proposed oil and gas projects. *Id.*, at *11, *17–18, *30.

As Justice Ostrager explained, any differences between these cost assumptions reflected their different purposes and, in any event, did not cause any of ExxonMobil's public statements on the issue to be misleading. *Id.*, at *14–15, *17–19. An inference of investor deception based on NYAG's discredited claims about ExxonMobil's proxy cost of carbon is no longer plausible, given Justice Ostrager's ruling.

> B. **Plaintiff's Allegations Regarding ExxonMobil's Proved Reserves Estimates, Including the Kearl Project, Are Not Plausible in Light of the NYAG Decision.**

The Amended Complaint recited allegations from NYAG's affirmation to support its claim that Defendants misled investors about ExxonMobil's proved oil and gas reserves estimates. (ECF No. 36 ¶¶ 331–35, 342–65.) NYAG alleged, as Plaintiff does here, that ExxonMobil overstated its proved reserves estimates by failing to apply the proxy cost assumptions disclosed to the public. (App. 61–70 (NYAG Compl. ¶¶ 191–224).)

Justice Ostrager dispatched the factual basis for this claim as well, holding that ExxonMobil's *projected* regulatory costs had no effect on its publicly reported proved reserves which—in accordance with governing regulations—must account only for "*existing* economic conditions, operating methods, and government regulations." *Exxon Mobil Corp.*, 2019 WL 6795771, at *19 (emphasis added) (quoting 17 C.F.R. § 210.4-10(a)(22)). ExxonMobil thus was not permitted to include forward-looking projections of potential regulatory costs in its proved reserves estimates. Any allegation or inference to the contrary is no longer plausible, given Justice Ostrager's findings.

> C. **Plaintiff's Allegations Regarding ExxonMobil's Asset Impairment Analyses, Including the RMDG Assets, Are Not Plausible in Light of the NYAG Decision.**

Plaintiff's impairment claims also rest on allegations that Justice Ostrager rejected. NYAG alleged, as Plaintiff does here, that ExxonMobil omitted proxy costs from its impairment evaluations and therefore (i) failed to recognize asset impairments as of year-end 2015, and (ii) misled the public about whether its impairment disclosures complied with GAAP. (App. 73–74 (NYAG Compl. ¶¶ 236–42); ECF No. 36 ¶ 318.) Justice Ostrager rejected this claim unequivocally, holding that NYAG "failed to demonstrate that ExxonMobil's impairment disclosures and accounting practices in 2015 were inconsistent with GAAP" and noting that ExxonMobil's independent auditor "determined that it was not necessary to expense GHG costs

9

in 2015." *Exxon Mobil Corp.*, 2019 WL 6795771, at *29–30. In light of Justice Ostrager's findings, it is no longer plausible to infer that ExxonMobil's 2015 impairment disclosures or public statements about its practices regarding its RMDG assets were misleading.

II. **Plaintiff's Allegations That ExxonMobil's Alleged Misstatements and Omissions Were Material to Investors Are Not Plausible in Light of the NYAG Decision.**

Plaintiff alleges here, as NYAG had previously, that ExxonMobil's use of a "separate, lower set of the proxy costs" was "materially misleading to investors." (ECF No. 36 ¶ 254.) After trial, however, Justice Ostrager found precisely the opposite—emphasizing the speculative and contingent nature of these costs. Specifically, he determined that no reasonable investor "would make investment decisions based on speculative assumptions of costs that may be incurred 20+ or 30+ years in the future with respect to unidentified future projects." *Exxon Mobil Corp.*, 2019 WL 6795771, at *20 (citing *Singh*, 918 F.3d at 65). And he rejected NYAG's claim that ExxonMobil's "alleged misrepresentations were material and important to research analysts and the investing public," finding instead that the testimony from investors and analysts "establishes the exact opposite." *Id.*, at *22. An inference of materiality is no longer plausible now that Justice Ostrager has fully discredited the basis for NYAG's (and Plaintiff's) assertion of materiality. Indeed, the materiality standard employed by Justice Ostrager is the same standard that applies to federal securities law claims. *Id.*, at *3.

III. **Plaintiff's Allegations Cannot Support the Requisite Strong Inference of Scienter in Light of the NYAG Decision.**

Plaintiff alleges here that ExxonMobil and the individual defendants made the allegedly false and misleading public statements knowingly or recklessly. (*See* ECF No. 36 ¶¶ 377–420.) NYAG likewise alleged that ExxonMobil committed common law fraud and made these same allegedly false and misleading public statements with scienter. (App. 74, 95 (NYAG Compl. ¶¶ 242, 322).) At the close of evidence, however, NYAG dropped its common law fraud claim, tacitly

10

acknowledging it had failed to prove scienter. *Exxon Mobil Corp.*, 2019 WL 6795771, at *2. In the NYAG Decision, Justice Ostrager also found that NYAG's abandoned claim would have failed, even if it had not been withdrawn, because NYAG did not demonstrate a misstatement or omission of any material facts—as required by the much more lenient Martin Act (which does not have a scienter requirement). *Id.* Moreover, in the NYAG Decision, Justice Ostrager found that ExxonMobil's executives—including specifically defendants Rex Tillerson and David Rosenthal who were witnesses in the NYAG Action—and employees "were uniformly committed to rigorously discharging their duties in the most comprehensive and meticulous manner possible." *Id.*, at *21. The court concluded that the testimony of ExxonMobil's current and former executives and employees was truthful, "uniformly favorable to ExxonMobil," and proved ExxonMobil's "culture of disciplined analysis, planning, accounting, and reporting." *Id.*, at *21, *31. As the court explained:

> There was not a single ExxonMobil employee whose testimony the Court found to be anything other than truthful. Each ExxonMobil and Imperial Oil employee who testified in person at trial swore under oath that he or she was unaware of any scheme at ExxonMobil to mislead investors about the manner in which ExxonMobil managed climate risk. The Court has no reason to discredit the testimony of these witnesses.

*Id.*, at *21 (citation omitted).

Under the PSLRA, the Amended Complaint must contain particularized facts that raise a "strong" inference of scienter that is "at least as compelling as any opposing inference" of non-fraudulent intent. *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007). The NYAG's public abandonment of its common law fraud claim, the fact that Justice Ostrager would have rejected that claim in any event, and the NYAG Decision's detailed acquittal of ExxonMobil on claims with a much more lenient state of mind requirement show that no plausible, strong inference of scienter is inferable here.

11

The NYAG's allegations—on which Plaintiff and this Court previously relied—have now been adjudicated and found meritless. The NYAG Decision itself supports a strong inference of non-fraudulent intent by ExxonMobil, its executives and employees. Defendants submit that nothing in the Amended Complaint, even viewed holistically, can overcome this powerful and compelling inference.

*     *     *

At each and every turn, Justice Ostrager's decision refutes the plausibility of any allegation or inference of misconduct based on NYAG's affirmation. Because the Amended Complaint premised its claims on the plausibility of NYAG's allegations, it can no longer survive under Rule 9(b), Rule 12(b)(6), and the PSLRA.

## CONCLUSION

Plaintiff's allegations were dismantled by Justice Ostrager's factual findings and judgment on the merits. Having amended its complaint and predicated its claims against Defendants on the plausibility of inferences NYAG compiled in an affirmation, Plaintiff irrevocably tied its fate to NYAG's. Now that Justice Ostrager has held that NYAG's allegations of misconduct are meritless, Plaintiff can no longer plausibly assert that those same discredited allegations support its securities claims. In light of this new development, Defendants respectfully ask this Court to reconsider their motion to dismiss and grant it in its entirety.

Dated:  July 31, 2020

Respectfully submitted,

*/s/ Daniel J. Kramer*
Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Kramer (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Justin Anderson (*pro hac vice*)
Jonathan H. Hurwitz (*pro hac vice*)
PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
twells@paulweiss.com
dkramer@paulweiss.com
dtoal@paulweiss.com
janderson@paulweiss.com
jhurwitz@paulweiss.com

*/s/ Nina Cortell*
Nina Cortell
Texas State Bar No. 04844500
Daniel H. Gold
Texas State Bar No. 24053230
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
nina.cortell@haynesboone.com
daniel.gold@haynesboone.com

*Counsel for Exxon Mobil Corporation,*
*Andrew P. Swiger, Jeffrey J. Woodbury,*
*and David S. Rosenthal*

*/s/ D. Patrick Long*
D. Patrick Long
Texas State Bar No. 12515500
Brian M. Gillett
Texas State Bar No. 24069785
SQUIRE PATTON BOGGS
2000 McKinney Ave., Suite 1700
Dallas, TX 75201
Telephone: (214) 758-1505
Facsimile: (214) 758-1550
patrick.long@squirepb.com
brian.gillett@squirepb.com

*Counsel for Rex W. Tillerson*

## CERTIFICATE OF CONFERENCE

I hereby certify that Daniel J. Toal conferred on July 31, 2020 with Lead Plaintiff's counsel Scott Saham regarding the relief sought in this motion. Lead Plaintiff is opposed.

/s/ Daniel J. Kramer
Daniel J. Kramer

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic CM/ECF filing, on this 31st day of July, 2020.

/s/ Daniel J. Kramer
Daniel J. Kramer