IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEDRO RAMIREZ, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>EXXON MOBIL CORPORATION, REX W. TILLERSON, ANDREW P. SWIGER, JEFFREY J. WOODBURY, and DAVID S. ROSENTHAL,<br><br>     Defendants. | Case No. 3:16-cv-3111-K |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ORAL ARGUMENT REGARDING MOTION FOR CLASS CERTIFICATION**

Defendants respectfully submit this response to Plaintiff's Motion for Oral Argument regarding Motion for Class Certification (ECF No. 119). In its motion, Plaintiff argues that there is no need to conduct the evidentiary hearing this Court previously ordered on August 1, 2019 (ECF No. 117), asserting instead that this Court should set Plaintiff's motion for class certification for a virtual oral argument. Defendants do not oppose oral argument but respectfully submit that the Court should also proceed with the evidentiary hearing previously ordered after consideration of Defendants' recent filings concerning the impact of the suit brought by the New York Attorney General (ECF Nos. 120 & 122). An evidentiary hearing—whether virtual or in-person—remains appropriate for the reasons Defendants identified previously (*see* ECF Nos. 100 & 110), including the fact that Plaintiff's class certification motion depends on conflicting expert opinions. This Court already recognized by its August 2019 Order (ECF No. 117) that an evidentiary hearing would permit the Court to assess the weight to be assigned to those expert opinions, as well as to

pose its own questions to the parties' experts, and Plaintiff provides no reason to revisit that decision now.

This Court already heard and considered the same arguments Plaintiff makes about whether an evidentiary hearing is warranted on class certification issues, and the Court determined that such an evidentiary hearing is needed.  The question now before the Court is *when, not if*, such a hearing should be set.  Defendants respectfully submit that the evidentiary hearing should be scheduled only after the parties have fully briefed—and the Court has considered—the issues in Defendants' (i) Supplemental Brief Addressing New Case Development (ECF No. 120), and (ii) Motion for Reconsideration of Their Motions to Dismiss and to Strike (ECF No. 122).  Defendants' Supplemental Brief presents new information to the Court to explain how ExxonMobil's 2019 defense verdict in a lawsuit brought by the New York Attorney General both has a preclusive effect on this action, which was grounded in the same theories investigated and advanced by the New York Attorney General, and defeats class certification.  Defendants' Motion for Reconsideration explains how that same decision negates Plaintiff's ability to plead falsity, materiality, and scienter, warranting dismissal of this action.

Plaintiff's current motion as to when and how the Court should consider the issues briefed regarding class certification does nothing more than rehash arguments already considered by this Court.  Plaintiff argues there is no need for an evidentiary hearing regarding its motion for class certification because (i) the parties' class certification experts have been deposed, and (ii) neither side filed a *Daubert* motion.  (*See* ECF No. 119 at 1.)  But these are the same arguments Plaintiff made—and this Court rejected—in opposition to Defendants' request for an evidentiary hearing. (*See* ECF No. 106.)  Plaintiff articulates no new grounds for this Court to reconsider that decision. *See Stabilis Fund II LLC* v. *Compass Bank*, No. 3:18-cv-0283-B, 2018 WL 3768343, at *2 (N.D.

Tex. Aug. 9, 2018) (denying motion for reconsideration that merely "rehash[ed]" prior argument); *Cook* v. *Flight Servs. & Sys., Inc.*, No. 16-cv-15759, 2019 WL 2067640, at *2 (E.D. La. May 10, 2019) ("Even under a Rule 54(b) standard, a court need not rehash arguments it has already considered.").

Finally, Plaintiff contends in conclusory fashion that, "due to the pandemic," an evidentiary hearing is not "practicable." (ECF No. 119 at 1.) Not so. First, Plaintiff ignores that evidentiary hearings can be held virtually even when the pandemic makes an in-person hearing inadvisable. Second, if the evidentiary hearing is scheduled after the Court has first had an opportunity to consider the issues raised in Defendants' recent submissions, even an in-person hearing may prove feasible.

Accordingly, Defendants respectfully request the Court deny Plaintiff's motion.

Dated: August 5, 2020

| | |
|---|---|
| */s/ Daniel J. Kramer* | */s/ D. Patrick Long* |
| Theodore V. Wells, Jr. (*pro hac vice*) | D. Patrick Long |
| Daniel J. Kramer (*pro hac vice*) | Texas State Bar No. 12515500 |
| Daniel J. Toal (*pro hac vice*) | Brian M. Gillett |
| Justin Anderson (*pro hac vice*) | Texas State Bar No. 24069785 |
| Jonathan H. Hurwitz (*pro hac vice*) | SQUIRE PATTON BOGGS |
| PAUL, WEISS, RIFKIND, | 2000 McKinney Ave., Suite 1700 |
| WHARTON & GARRISON LLP | Dallas, TX 75201 |
| 1285 Avenue of the Americas | Telephone: (214) 758-1505 |
| New York, NY 10019-6064 | Facsimile: (214) 758-1550 |
| Telephone: (212) 373-3000 | patrick.long@squirepb.com |
| Facsimile: (212) 757-3990 | brian.gillett@squirepb.com |
| twells@paulweiss.com | |
| dkramer@paulweiss.com | *Counsel for Rex W. Tillerson* |
| dtoal@paulweiss.com | |
| janderson@paulweiss.com | |
| jhurwitz@paulweiss.com | |

*/s/ Nina Cortell*
Nina Cortell
Texas State Bar No. 04844500
Daniel H. Gold
Texas State Bar No. 24053230
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
nina.cortell@haynesboone.com
daniel.gold@haynesboone.com

*Counsel for Exxon Mobil Corporation,*
*Andrew P. Swiger, Jeffrey J. Woodbury,*
*and David S. Rosenthal*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic CM/ECF filing, on this 5th day of August, 2020.


/s/ Daniel J. Kramer
Daniel J. Kramer