IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEDRO RAMIREZ, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　　　　　　　v.<br><br>EXXON MOBIL CORPORATION, REX W. TILLERSON, ANDREW P. SWIGER, JEFFREY J. WOODBURY, and DAVID S. ROSENTHAL,<br><br>　　　　　　　Defendants. | Case No. 3:16-cv-03111-K |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE REPLY BRIEF ADDRESSING NEW CASE DEVELOPMENT**

Defendants Exxon Mobil Corporation ("ExxonMobil"), Rex W. Tillerson, Andrew P. Swiger, Jeffrey J. Woodbury, and David S. Rosenthal (together, "Defendants") respectfully submit this reply in further support of their motion for leave (ECF No. 144) (the "Motion") to file their proposed reply to Lead Plaintiff's Response to Defendants' Supplemental Brief Addressing New Case Development (ECF No. 129) (the "Response"):

Both Defendants' Motion and Plaintiff's Response confirm that further briefing allows the Court to better evaluate the parties' competing arguments about the profound implications of the December 2019 NYAG Decision for the disposition of this case, including Plaintiff's pending class certification motion, which was briefed months before the NYAG Decision issued. Indeed, Plaintiff's opposition consists principally of arguments directed to points and cases addressed in Defendants' *proposed reply brief*, rather than their Motion.[1] Plaintiff's substantive arguments do

---

[1] There is no merit to Plaintiff's suggestion that the Motion improperly addressed the substance of the proposed reply. (ECF No. 146 at 1, 4.) An explanation of why additional briefing would be helpful to the Court (and should be permitted) necessarily entails references to the contents of the proposed reply brief. Nor is there any

1

not provide a basis for denying leave for Defendants to file their reply brief—they only show why additional briefing is helpful to the Court. They also lack merit.

**Additional Briefing on Privity Would be Helpful to the Court.** Defendants explained that a reply brief is warranted to evaluate Plaintiff's arguments—based on inapposite case law—that the element of privity was not established. (ECF No. 144 at 2.) Defendants' proposed reply explains that NYAG represented all New York investors and non-New York investors, including Plaintiff and all proposed class members, pursuant to governing New York statutory and common law. In its opposition, Plaintiff does not dispute that the cases it cited in its supplemental response are inapt. Instead, Plaintiff contends that NYAG was not acting in a representative capacity for Plaintiff and all putative class members. (ECF No. 146 at 2–3.) Plaintiff is mistaken and, once again, relies on inapposite case law.

Plaintiff's contention that privity cannot be established—because the NYAG Action was not a class action, did not provide formal notice, and did not result in a specific release of claims—is baseless, as Defendants explain in their proposed reply. (*Id.* at 2.) Indeed, New York's highest court rejected that same argument in *People* v. *Applied Card Sys., Inc.*, 894 N.E.2d 1, 13 (N.Y. 2008). In that case, NYAG argued that he should not be deemed in privity as to restitution relief with class members who had settled claims for compensatory damages in a class action. *Id.* Like Plaintiff here, NYAG argued that "he was not provided with notice of the settlement or an opportunity to object to it." *Id.* The court flatly rejected this argument and held that the interest of NYAG and the class members as to the restitution relief NYAG sought "was identical" and thus established privity for purposes of res judicata. *Id.*

---

merit to Plaintiff's criticism of the filing of Defendants' initial supplemental submission, which Plaintiff did not oppose when seeking an extension of time to respond and which indisputably raised important matters for the Court's consideration that occurred after the filing of Defendants' opposition to class certification.

The other cases Plaintiff relies on are similarly beside the point.  In *Massachusetts* v. *Exxon Mobil Corp.*, No. 19-cv-12430-WGY, 2020 WL 2769681 (D. Mass. May 28, 2020), the court held that an action by the Massachusetts Attorney General was not removable to federal court because it was not a "class action" within the meaning of the Class Action Fairness Act, 28 U.S.C. § 1332(d).  *Id.*, at *14.  Nothing about the case concerned privity for purposes of res judicata under New York law.  Moreover, as the court's discussion highlights, the Massachusetts Attorney General's case differed from the NYAG Action because—unlike NYAG—the Massachusetts Attorney General's complaint did not expressly seek restitution damages on behalf of individual investors.  *See id.* ("Although the [Massachusetts] statute does authorize damages paid to individuals who suffered loss, it also authorizes injunctive relief and a 'civil penalty' payable to the Commonwealth – *which is the relief Massachusetts seeks here.*") (emphasis added).  And in *Matana* v. *Merkin*, 957 F. Supp. 2d 473 (S.D.N.Y. 2013), the court held that the plaintiff's decision to await the outcome of the NYAG's Martin Act lawsuit before filing a private lawsuit was not entitled to equitable tolling for purposes of applying the statute of limitations.  *Id.* at 488–89.  The court did not address preclusion issues, much less privity.

**Additional Briefing On Plaintiff's Abandonment of Its Proxy Costs and GHG Costs Allegations Would Be Helpful to the Court.**  Beyond the fact that all of Plaintiff's claims were or could have been litigated by NYAG and are thus precluded under New York law, Defendants also explained that a reply brief is warranted to consider the implications of Plaintiff's effective abandonment of its claims based on ExxonMobil's use of, and statements about, its proxy costs of carbon and GHG costs, including in its (i) proved reserves estimates, and (ii) asset impairment analyses.  (ECF No. 144 at 1, 3.)  In its opposition, Plaintiff essentially confirms that abandonment, contending only that its "proxy cost allegations provide an alternative avenue to prove that the

3

Rocky Mountain Dry Gas Assets were impaired." (ECF No. 146 at 3.) Plaintiff does not attempt to revive its other claims as to ExxonMobil's use of proxy costs of carbon and GHG costs, including the use of such metrics in its proved reserves estimates. This alone substantially undermines Plaintiff's claims and truncates the proposed class period.

In all events, Plaintiff's argument that Defendants purportedly misrepresented that ExxonMobil avoided impairments "in part, because it applied a proxy cost of carbon in connection with all of its investment analyses" is groundless. (*Id.*) The portion of the lone analyst report Plaintiff cites concerning the "asset write-down trap" does not mention proxy costs at all:

> We have asked ExxonMobil on multiple occasions how it avoids the asset write-down trap. Their answer is they are conservative on when and how much is capitalized. Other parts of the answer are likely related to ExxonMobil's size (i.e., materiality), its ability to capitalize other reserves to offset losses and its practice of high-grading its operations through investments, acquisitions and dispositions. The final reason to believe ExxonMobil is not over-capitalized is that its returns on capital employed (ROCE) have consistently outperformed its peers - a harder performance to deliver without write-downs.

(ECF No. 105-4 at App. 54.)

**An Evidentiary Hearing Remains Appropriate.** Straying beyond the issues presented in Defendants' Motion, Plaintiff contends that the Court should either rule on Plaintiff's class certification motion or schedule a video oral argument. (ECF No. 146 at 4.) Plaintiff ignores that this Court has already ordered an evidentiary hearing on class certification. (ECF No. 117.) For the reasons discussed in their Response to Plaintiff's pending Motion for Oral Argument Regarding Motion for Class Certification (ECF No. 125), Defendants respectfully submit that the Court should proceed with the previously-ordered evidentiary hearing after consideration of Defendants' filings concerning the impact of the NYAG Decision on this case.

\*      \*      \*

For all these reasons, Defendants respectfully request leave to file the reply brief attached as Exhibit A to their Motion and reject Plaintiff's request to strike Defendants' Motion. Defendants do not oppose Plaintiff's request to file a five-page supplemental sur-reply.

Dated:  October 30, 2020

Respectfully submitted,

| | |
|---|---|
| */s/ Daniel J. Kramer* | */s/ D. Patrick Long* |
| Theodore V. Wells, Jr. (*pro hac vice*) | D. Patrick Long |
| Daniel J. Kramer (*pro hac vice*) | Texas State Bar No. 12515500 |
| Daniel J. Toal (*pro hac vice*) | Brian M. Gillett |
| Justin Anderson (*pro hac vice*) | Texas State Bar No. 24069785 |
| Matthew D. Stachel (*pro hac vice*) | SQUIRE PATTON BOGGS |
| PAUL, WEISS, RIFKIND, | 2000 McKinney Ave., Suite 1700 |
|    WHARTON & GARRISON LLP | Dallas, TX 75201 |
| 1285 Avenue of the Americas | Telephone: (214) 758-1505 |
| New York, NY  10019-6064 | Facsimile: (214) 758-1550 |
| Telephone: (212) 373-3000 | patrick.long@squirepb.com |
| Facsimile: (212) 757-3990 | brian.gillett@squirepb.com |
| twells@paulweiss.com | |
| dkramer@paulweiss.com | *Counsel for Rex W. Tillerson* |
| dtoal@paulweiss.com | |
| janderson@paulweiss.com | |
| mstachel@paulweiss.com | |

*/s/ Nina Cortell*
Nina Cortell
Texas State Bar No. 04844500
Daniel H. Gold
Texas State Bar No. 24053230
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
nina.cortell@haynesboone.com
daniel.gold@haynesboone.com

*Counsel for Exxon Mobil Corporation, Andrew P. Swiger, Jeffrey J. Woodbury, and David S. Rosenthal*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic CM/ECF filing, on this 30th day of October, 2020.

/s/ Daniel J. Kramer
Daniel J. Kramer