UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO RAMIREZ, JR., Individually and on Behalf of All Others Similarly Situated, | § § § | Civil Action No. 3:16-cv-03111-K |
| | § | CLASS ACTION |
| Plaintiff, | § § | |
| | § | |
| vs. | § § | |
| | § | |
| EXXON MOBIL CORPORATION, et al., | § § | |
| | § | |
| Defendants. | § § | |

**LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS'
SUPPLEMENTAL SUBMISSION**

4867-4657-6644.v1

## I.   INTRODUCTION[1]

At the October 19, 2021 hearing on defendants' motion for reconsideration of the Court's MTD Order (ECF No. 62), defendants raised – *for the first time* – an unfounded argument aimed at downplaying the ***billions*** of dollars' worth of impairments taken by Exxon's peers during 2014 and 2015 based on purported differences in the accounting methodologies employed by Exxon and its peer companies for calculating asset impairments.  10-19-2021 Hg. Tr. at 98:9-99:5.  In response to this new argument, the Court invited defendants to "supplement the record" with "a chart saying how [the difference in methodologies] all plays out."  *Id.*  In lieu of the limited submission requested by the Court, defendants have filed a six-page brief (ECF No. 157) (the "Supplement" or "Supp.") and a 206-page appendix (ECF No. 158).  This Supplement goes far afield of the Court's narrow invitation, is highly improper at this (pleadings) stage of the litigation, and – more importantly – fails to warrant reconsideration of the MTD Order.  Defendants' Supplement should be stricken, their Motion for Reconsideration (ECF No. 122) should be denied, and plaintiff's December 2018 motion for class certification (ECF No. 86) (the "Motion for Class Certification") should be granted.

## II.   ARGUMENT

Defendants' improper Supplement should be stricken or, at the very least, disregarded.  First, defendants' attempt to discredit the allegations concerning Exxon's peer companies is insufficient to overcome the conclusion that the totality of plaintiff's allegations supports the plausible inference that Exxon's RMDG assets were impaired at year-end 2015.  Second, defendants' fact-bound argument is improper at the motion to dismiss stage of the litigation.  Finally, defendants waived their attack on the peer company allegations by failing to raise it in ***either*** their initial 2017 motion to dismiss (ECF No. 46) or the Motion filed 16 months ago.

---

[1]   All terms contained in plaintiff's Glossary of Terms (ECF No. 131-3 at iv) apply to this opposition.

4867-4657-6644.v1

Defendants' Supplement misrepresents plaintiff's RMDG impairment claim by insinuating that, absent the carbon proxy allegations, the only remaining allegation supporting the claim is the comparison to Exxon's peer companies, who nearly all recognized massive impairment charges and/or divestitures. But as explained in plaintiff's opposition, and as recognized in the Court's MTD Order, the Complaint "alleges a *number* of red flags [that] arose in 2015 that indicated ExxonMobil's Rocky Mountain Dry Gas Operation was impaired." *Ramirez v. Exxon Mobil Corp.*, 334 F. Supp. 3d 832, 847 (N.D. Tex. 2018).[2] In addition to impairments taken by Exxon's peers, these red flags include declining gas prices, declining productions costs, and Exxon's upcoming $12 billion bond offering that necessitated putting off recognizing that the RMDG assets were impaired. *See* ECF No. 131-3 at 6-8, 14. In total, these allegations raise a plausible inference that Exxon's RMDG assets, like those of its peers, were impaired before year-end 2015.

Moreover, contrary to defendants' representations at the October 19, 2021 hearing, the Supplement admits that Breitburn Energy Partners LP – one of the RMDG region peers cited in the Complaint – *did* use the same accounting methodology as Exxon. Supp. at 2. The Supplement also ignores plaintiff's allegations that several of Exxon's supermajor peers – most, if not all, of whom used the same "successful efforts" accounting methods employed by Exxon – recognized billions of dollars' worth of oil and gas asset impairments during 2014 and 2015, including massive impairments to North American gas properties similar to Exxon's RMDG assets. Complaint, ¶157; *see also* Royal Dutch Shell plc's Annual Report and Form 20-F for the year ended December 31, 2015, at 120, 131. As such, defendants' attempt to explain away Exxon's failure to timely impair its RMDG assets by pointing to its purportedly unique accounting methods is unavailing.

In addition to the multiple flaws in the merits of defendants' new "methodology" argument, the Supplement cannot support defendants' stale request for reconsideration for the additional reason that it introduces a fact-intensive argument premised on 206 pages of exhibits extraneous to the Complaint, which cannot be resolved at the pleadings stage of this litigation. On its face, the Supplement raises numerous factual disputes, asserting – for example – that Exxon's accounting

---

[2] Citations are omitted and emphasis is added throughout unless otherwise indicated.

- 2 -

method required defendants to "use their own estimates and assumptions concerning *future* prices," and that application of these estimates "confirm[ed] no impairment." Supp. at 3-4 (italics in original). As noted above, numerous facts alleged in the Complaint support the inference that defendants did not reasonably apply these subjective estimates in good faith, but instead knowingly failed to recognize the required RMDG impairment. The Supplement's attempt to negate this inference based on Exxon's accounting methods does nothing but raise factual disputes, which this Court correctly recognized in its MTD Order "cannot be determined at this motion to dismiss stage." *See Exxon Mobil*, 334 F. Supp. 3d at 847 (citing *Barrie v. Intervoice-Brite, Inc.*, 397 F.3d 249, 257 (5th Cir. 2005)).

Finally, defendants have waived the argument that Exxon's peers employed different accounting methodologies. Defendants did not raise any argument about the accounting methodologies employed by Exxon's peers in either their initial 2017 motion to dismiss or their most recent Motion. *See* ECF No. 46 at 14-15; Motion at 9-10. As such, defendants have waived their right to raise that argument at this late stage in the briefing of defendants' motion to dismiss. *See Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, 66 F. Supp. 3d 795, 811 (E.D. Tex. 2014) ("Failure to raise an argument in a motion waives the argument . . . .").[3]

### III.   CONCLUSION

The Court's MTD Order is sound, and the NYAG Decision does not disrupt its analyses or conclusions. Defendants' repeated attempts to obtain dismissal of this action on the papers – despite the sufficiency of the Complaint and limited discovery that supports plaintiff's claims – should not be countenanced. Plaintiff respectfully requests that defendants' improper Supplement be stricken,

---

[3]   In a single line in defendants' reply brief in support of the Supplement, defendants obliquely mention "different accounting standards" employed by "competitors." ECF No. 140-1 at 5. But even assuming this single sentence is sufficient to preserve the argument (it is not), "raising [an argument] for the first time in a reply memorandum is too late." *Loyalty Conversion*, 66 F. Supp. 3d at 811; *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived.").

4867-4657-6644.v1

defendants' Motion for Reconsideration be denied, plaintiff's Motion for Class Certification be granted, and that plaintiff be permitted the opportunity to litigate its claims on the merits.

DATED:  November 22, 2021

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)

s/ JOE KENDALL
JOE KENDALL

3811 Turtle Creek Blvd., Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

BALON B. BRADLEY LAW FIRM
BALON B. BRADLEY (Texas Bar No. 02821700)
11910 Greenville Avenue, Suite 220
Dallas, TX  75243
Telephone:  972/991-1582
972/755-0424 (fax)
balon@bbradleylaw.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
SPENCER A. BURKHOLZ
X. JAY ALVAREZ
SCOTT H. SAHAM
NATHAN R. LINDELL
SARA B. POLYCHRON
ERIKA OLIVER
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
spenceb@rgrdlaw.com
jaya@rgrdlaw.com
scotts@rgrdlaw.com
nlindell@rgrdlaw.com
spolychron@rgrdlaw.com
eoliver@rgrdlaw.com

Lead Counsel for Plaintiff

- 4 -

4867-4657-6644.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on November 22, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

<u>  s/ JOE KENDALL                                      </u>
JOE KENDALL

KENDALL LAW GROUP, PLLC
3811 Turtle Creek Blvd., Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)

E-mail:  jkendall@kendalllawgroup.com

4867-4657-6644.v1

# Mailing Information for a Case 3:16-cv-03111-K Ramirez v. Exxon Mobil Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **X Jay Alvarez**
  JayA@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Justin Anderson**
  janderson@paulweiss.com,mao_fednational@paulweiss.com

- **Mary K Blasy**
  mblasy@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Balon B Bradley**
  balon@bbradleylaw.com,balonbb@aol.com,anneh@bbradleylaw.com,tracy@bbradleylaw.com

- **Nina Cortell**
  nina.cortell@haynesboone.com,denise.stilz@haynesboone.com,robin.hart@haynesboone.com

- **Patrick Coughlin**
  patc@rgrdlaw.com

- **Ralph H Duggins**
  rduggins@canteyhanger.com,adrake@canteyhanger.com

- **William Royal Furgeson**
  royal@furgesonlaw.com,stacy@furgesonlaw.com

- **John C Herman**
  jherman@rgrdlaw.com,smeister@rgrdlaw.com

- **Jonathan Hurwitz**
  jhurwitz@paulweiss.com,mao_fednational@paulweiss.com

- **Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Daniel Kramer**
  DKramer@paulweiss.com,mao_fednational@paulweiss.com

- **Gregory F Laufer**
  GLaufer@paulweiss.com,BTannenbaum@paulweiss.com,mao_fednational@paulweiss.com,MStachel@paulweiss.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com,e_file_sd@rgrdlaw.com,susanw@rgrdlaw.com

- **D Patrick Long**
  patrick.long@squirepb.com,ecf@squirepb.com,karen.lahrman@squirepb.com,annie.purcell@squirepb.com,docketingrequest@squirepb.com

- **Erika Oliver**
  eoliver@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Sara Bierl Polychron**
  spolychron@rgrdlaw.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Samuel H Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Scott H Saham**
  scotts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew Stachel**
  mstachel@paulweiss.com,jhwang@paulweiss.com,estrong@paulweiss.com,avgordon@paulweiss.com,mao_fednational@paulweiss.com

- **Daniel Toal**
  DToal@paulweiss.com,mao_fednational@paulweiss.com

- **Theodore V. Wells**
  twells@paulweiss.com,mao_fednational@paulweiss.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)