IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEDRO RAMIREZ, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION, REX W. TILLERSON, ANDREW P. SWIGER, JEFFREY J. WOODBURY, and DAVID S. ROSENTHAL,<br><br>    Defendants. | Case No. 3:16-cv-03111-K |

**DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY IN FURTHER SUPPORT OF THEIR SUPPLEMENTAL SUBMISSION REGARDING ASSET IMPAIRMENT QUESTION RAISED BY THE COURT**

Defendants Exxon Mobil Corporation ("ExxonMobil"), Rex W. Tillerson, Andrew P. Swiger, Jeffrey J. Woodbury, and David S. Rosenthal (together, "Defendants") respectfully submit this motion for leave to file a reply (attached hereto as Exhibit A) to Lead Plaintiff's Response (ECF No. 159) to Defendants' Supplemental Submission (ECF No. 157):

Without the discredited allegations Plaintiff borrowed from the New York Attorney General, Plaintiff's impairment-related claims rest on no more than generalized allegations that cannot plausibly allege a violation of the securities laws. Defendants' Supplemental Submission showed the Complaint's allegations—that ExxonMobil should have impaired its Rocky Mountain dry gas assets in 2015 because three supposed "peer" companies impaired certain of their dry gas assets in the region—do not state a plausible claim for securities fraud. None of those companies was a peer of ExxonMobil. Each company either used a different accounting methodology and/or was financially incapable of weathering any sustained decline in energy prices.

1

Plaintiff's response does not seriously dispute this showing. Instead, Plaintiff attempts to sidestep the defective allegations in its Complaint by (i) relying on generalized allegations about declining gas prices and impairments other energy companies took on entirely different assets (namely, Canadian oil sands assets), and (ii) mistakenly asserting factual disputes. Unable to advance a meaningful substantive response to the Supplemental Submission, Plaintiff also asks the Court to ignore it, asserting a meritless waiver argument. Defendants respectfully submit that their reply would be helpful to the Court in understanding why each of Plaintiff's arguments is meritless. The proposed reply establishes the following:

**Plaintiff's Generalized Allegations and Reliance on Impairments by Other Companies Are Insufficient to State a Claim.** Plaintiff argues that it can plead a plausible misstatement or omission based on the totality of its generalized allegations concerning (i) impairments recognized by yet other energy companies as to entirely different assets, and (ii) the state of natural gas spot prices in 2015 & 2016, ExxonMobil's average production costs in those years, and ExxonMobil's March 2016 bond offering. Defendants' reply shows that Plaintiff's arguments are baseless. The Complaint's comparisons to other companies' asset impairments are inapt because those companies impaired their *Canadian oil sands assets*—not Rocky Mountain dry gas assets. Tacitly recognizing this, Plaintiff's response attempts to rely on a different asset impairment made to unspecified natural gas operations by Royal Dutch Shell plc. But the Complaint contains no allegations about any such impairment, and Plaintiff's response cannot belatedly amend the Complaint. In all events, Plaintiff ignores that Shell *also* used a different accounting methodology than ExxonMobil, rendering the unpleaded impairment yet another inapt comparison.

**The Supplemental Submission Does Not Raise Factual Disputes.**  In addressing the Court's question concerning asset impairments of the three purported "peer" companies, Defendants' Supplemental Submission showed that Plaintiff failed to state a plausible claim that ExxonMobil should have impaired its Rocky Mountain dry gas assets in 2015.  Defendants made this showing by relying on documents and information incorporated into the Complaint and/or subject to judicial notice by this Court.

**Defendants' Have Not Waived Any Argument.**  Plaintiff incorrectly argues that Defendants waived arguments in the Supplemental Submission by not making them in their 2017 motion to dismiss and 2020 motion for reconsideration.  As Defendants show in their reply, Plaintiff's argument fails because Defendants provided the Supplemental Submission at the Court's request to address arguments Plaintiff advanced at the October 19, 2021 oral argument.  Plaintiff's argument also ignores Fifth Circuit case law directly refuting Plaintiff's attempt to rely on the waiver rule in these circumstances.

\*        \*        \*

In sum, absent the New York Attorney General's discredited allegations about proxy costs of carbon and GHG costs, Plaintiff cannot plead a plausible misstatement or omission relating to ExxonMobil's Rocky Mountain dry gas assets by its attempted reliance on generalized and otherwise defective allegations.  Consideration of Defendants' reply will allow the Court to better evaluate the parties' competing arguments on these important issues.  For the foregoing reasons, Defendants respectfully request leave to file the reply with appendix attached hereto as Exhibit A.

Dated:  December 3, 2021

Respectfully submitted,


*/s/ Daniel J. Kramer*

Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Kramer (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Justin Anderson (*pro hac vice*)
Matthew D. Stachel (*pro hac vice*)
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
twells@paulweiss.com
dkramer@paulweiss.com
dtoal@paulweiss.com
janderson@paulweiss.com
mstachel@paulweiss.com


*/s/ Nina Cortell*

Nina Cortell
Texas State Bar No. 04844500
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
nina.cortell@haynesboone.com

*Counsel for Exxon Mobil Corporation,
Andrew P. Swiger, Jeffrey J. Woodbury,
and David S. Rosenthal*

*/s/ D. Patrick Long*

D. Patrick Long
Texas State Bar No. 12515500
SQUIRE PATTON BOGGS
2000 McKinney Ave., Suite 1700
Dallas, TX 75201
Telephone: (214) 758-1505
Facsimile: (214) 758-1550
patrick.long@squirepb.com

*Counsel for Rex W. Tillerson*

4

**CERTIFICATE OF CONFERENCE**

I hereby certify that Defendants' counsel conferred on December 3, 2021 with Lead Plaintiff's counsel regarding the relief sought in this motion. Lead Plaintiff is opposed.

*/s/ Daniel J. Kramer*
Daniel J. Kramer

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic CM/ECF filing, on this 3rd day of December, 2021.

*/s/ Daniel J. Kramer*
Daniel J. Kramer