**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| PEDRO RAMIREZ, JR., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EXXON MOBIL CORPORATION, REX W. TILLERSON, ANDREW P. SWIGER, JEFFREY J. WOODBURY, and DAVID S. ROSENTHAL, <br><br> Defendants. | Civil Action No. 3:16-CV-3111-K |

## ORDER

Before the Court are Defendants' Motion for Reconsideration of their Motions to Dismiss and to Strike Based on New Case Development and Brief in Support ("Defendants' Motion") (Doc. No. 122), Lead Plaintiff's Response in Opposition to Defendants' Motion for Reconsideration ("Plaintiff's Response") (Doc. No. 133), and Defendants' Reply in Support of Their Motion for Reconsideration of Their Motions to Dismiss and to Strike Based on New Case Development ("Defendants' Reply") (Doc. No. 140-1). Having carefully reviewed Defendants' Motion, Plaintiff's Response, Defendants' Reply, the relevant appendices and hearing transcript, and the applicable law, the Court **DENIES** Defendants' Motion.

1

Defendants have also filed a Motion for Leave to File Reply Brief Addressing New Case Development ("Defendants' Motion to File Reply") (Doc. No. 144). Defendant's Motion to File Reply relates to Defendants' Supplemental Brief Addressing New Case Development (Doc. No. 120)—which should have been stricken as it failed to comply with this district's Local Rules. *See* N.D. Tex. Civ. R.  56.7. Plaintiff responded in Lead Plaintiff's Response to Defendants' Supplemental Brief (Doc. No. 134). Although the Court believes that Defendants' Reply in Further Support of Its Supplemental Brief Addressing New Case Development (Doc. No. 144-1) does not substantively advance or buttress any arguments not already addressed in Defendants' Supplemental Brief Addressing New Case Development—which, again, should have been stricken—the Court declines to strike it out of fairness to Defendants. Thus, the Court **GRANTS** Defendants' Motion to File Reply. Defendants' Reply in Further Support of Its Supplemental Brief Addressing New Case Development (Doc. No. 144-1) will be filed as of this date.

Further violations of this district's Local Rules will not be met with such lenience. Future filings that are not in compliance with both the Federal Rules of Civil Procedure and this district's Local Rules will be unfiled without warning and without regard to any impact on deadlines.

Also before the Court are Plaintiff's Motion for Oral Argument Regarding Lead Plaintiff's Motion for Class Certification ("Plaintiff's Motion") (Doc. No. 119) and Defendants' Response to Plaintiff's Motion for Oral Argument Regarding Motion for

Class Certification (Defendants' Response) (Doc. No. 125). Considering that the Court

previously granted (Doc. No. 117) Defendants' Request for Evidentiary Hearing on

Lead Plaintiff's Motion for Class Certification (Doc. No. 100), the Court construes

Plaintiff's Motion as a motion to reconsider. Because the Court sees no reason to

reconsider its decision to grant Defendants' Request for Evidentiary Hearing on Lead

Plaintiff's Motion for Class Certification, the Court **DENIES** Plaintiff's Motion.

To summarize:

- Defendants' Motion for Reconsideration of their Motions to Dismiss and to Strike Based on New Case Development and Brief in Support (Doc. No. 122) is **DENIED**.
- Defendants' Motion for Leave to File Reply Brief Addressing New Case Development (Doc. No. 144) is **GRANTED**. Defendants' Reply in Further Support of Its Supplemental Brief Addressing New Case Development (Doc. No. 144-1) will be filed as of this date.
- Plaintiff's Motion for Oral Argument Regarding Lead Plaintiff's Motion for Class Certification (Doc. No. 119) is **DENIED**.

The Court hereby sets a hearing regarding Lead Plaintiff's Motion for Class

Certification (Doc. No. 186) for **June 6, 2022, at 9:00 A.M**. in Courtroom 1627,

United States District Court for the Northern District of Texas, Dallas Division,

located at 1100 Commerce Street, Dallas, Texas 75242. Parties shall be prepared to

present argument and evidence on class certification at the hearing. *See* Fed. R. Civ. P.

23(a), (b)(3), (c); *see also* Manual for Complex Litigation (Fourth) § 21.1.

Lead Plaintiff's Motion for Class Certification (Doc. No. 186) will remain **STAYED** pending the Court's decision on class certification after the hearing.

**SO ORDERED.**

Signed March 31st, 2022.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE