IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEDRO RAMIREZ, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>EXXON MOBIL CORPORATION, REX W. TILLERSON, ANDREW P. SWIGER, and DAVID S. ROSENTHAL,<br><br>                    Defendants. | Case No. 3:16-cv-03111-K<br><br>CLASS ACTION |

**DEFENDANTS' MOTION FOR LEAVE TO**
**SUPPLEMENT THEIR SUMMARY JUDGMENT EVIDENCE**

Pursuant to Rule 56.7 of the Local Civil Rules for the United States District Court for the Northern District of Texas, Defendants hereby move for leave to supplement their summary judgment evidence and would respectfully show the Court as follows:

1.      In Lead Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (the "Opposition" or "Opp."), Dkt. No. 248, Plaintiff repeatedly invokes a quote from Defendant Rex Tillerson, "we don't do write downs," as purported evidence of scienter. *See, e.g.*, Opp. at 1, 43, 48.

2.      However, the document that Plaintiff cites for this quotation excludes Defendant Tillerson's complete remarks, *see* Pl. App. 2598, Dkt. No. 249, which rebut Plaintiff's assertions of scienter. The full transcript of the interview reveals the full context of what Tillerson said: "We don't do write-downs. I mean, if you look at our history, we do not write investments down. ***And we follow the accounting standards***." Supp. App. 15, attached hereto as **Exhibit A** (emphasis added).

3.      Defendants thus seek to supplement their summary judgment evidence submitted in their Appendix in Support (Dkt. No. 233) to include the full transcript of Tillerson's remarks.  *See* Fed. R. Evid. 106 ("If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time.").  Because Plaintiff put Tillerson's remarks at issue—and, indeed, introduced the transcript as an exhibit at a deposition held in this case on January 14, 2025— Plaintiff suffers no surprise or prejudice by its inclusion here.

4.      Plaintiff further contends in its Opposition that "Defendants were aware that disclosing any of the concealed facts regarding Exxon's troubled Kearl and RMDG assets would put the Company's already-tenuous AAA credit rating in significant jeopardy."  Opp. at 47.

5.      However, deposition testimony from S&P Global's corporate representative directly refutes this contention.  In fact, S&P's corporate representative unequivocally testified that S&P did not inform ExxonMobil personnel "that if its reserves . . . dropped below a certain threshold, it would impact its credit rating," Supp. App. 73 at 235:3–18, or that "its credit rating would be impacted by some particular impairment of some particular asset."  Supp. App. 74 at 253:17–22; *see also* Supp. App. 75 at 254:9–14 ("Q. . . . [Y]ou didn't communicate any cutoffs to Exxon that it had to maintain . . . a lack of asset impairments to maintain its AAA rating, correct? A. Correct.").

6.      This deposition testimony further supports Defendants' argument that S&P confirmed that ExxonMobil at all times had proved reserves that were more than sufficient to maintain its AAA rating—including without Kearl—and the Moody's documents confirm the same. Mot. at 15; *see* App. 240 at 248:14–249:2 (S&P's corporate representative testifying that with or without Kearl, ExxonMobil's proved reserves "were still well within our expectations for the [AAA] rating"); App. 704 (an Aaa rating requires 10 billion barrels of oil equivalent proved

2

reserves); App. 732 (same); App. 212 (ExxonMobil recorded around 20 billion barrels of oil-equivalent proved reserves in its 2016 Form 10-K); *see also* App. 1370–73.  Plaintiff has no basis in the record to support its statement that ExxonMobil contemporaneously knew or believed otherwise.

7.      Defendants thus seek to supplement their summary judgment evidence submitted in their Appendix in Support (Dkt. No. 233) to include this relevant testimony from S&P's corporate representative to rebut Plaintiff's allegations of scienter.  Because excerpts of the S&P representative's deposition transcript were already included in Defendants' Appendix in Support, *see* App. 232–41, and because Plaintiff's counsel was present at the deposition, Plaintiff suffers no surprise or prejudice by its inclusion.

8.      For these reasons, Defendants respectfully request that this Court grant their Motion for Leave and include Defendants' Supplemental Appendix in Support, attached hereto as **Exhibit A**, as part of the evidence for consideration in Defendants' summary judgment motion (Dkt. No. 231).

Dated:   March 28, 2025

Respectfully submitted,


/s/ Daniel J. Toal

Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Kramer (*pro hac vice*)
Audra J. Soloway (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Paul Brachman (*pro hac vice*)
Matthew D. Stachel (*pro hac vice*)
Samuel M. Kleiner (*pro hac vice*)
Lyuba Shamailova (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
twells@paulweiss.com
dkramer@paulweiss.com
asoloway@paulweiss.com
dtoal@paulweiss.com
pbrachman@paulweiss.com
mstachel@paulweiss.com
skleiner@paulweiss.com
lshamailova@paulweiss.com


/s/ Jason Bloom

Nina Cortell
Texas State Bar No. 04844500
Jason Bloom
Texas State Bar No. 24045511
HAYNES AND BOONE, LLP
2801 N. Harwood Street, Suite 2300
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
nina.cortell@haynesboone.com
jason.bloom@haynesboone.com

*Counsel for Exxon Mobil Corporation,*
*Andrew P. Swiger,*
*and David S. Rosenthal*

/s/ D. Patrick Long

D. Patrick Long
Texas State Bar No. 12515500
SQUIRE PATTON BOGGS
2200 Ross Avenue, Suite 4100W
Dallas, TX 75201
Telephone: (214) 758-1505
Facsimile: (214) 758-1550
patrick.long@squirepb.com

*Counsel for Rex W. Tillerson*

4

**CERTIFICATE OF CONFERENCE**

I hereby certify that Defendants' counsel conferred on March 28, 2025 with Plaintiff's counsel regarding the relief sought in this motion.  Counsel for Plaintiff took no position on the motion but reserved its right to oppose.

> */s/ Daniel J. Toal*
> Daniel J. Toal

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing Motion has been served by electronic CM/ECF filing on this twenty-eighth day of March, 2025.

> */s/ Daniel J. Toal*
> Daniel J. Toal