### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO RAMIREZ JR., Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:16-CV-3111-K |
| v. | § § | |
| EXXON MOBIL CORPORATION, REX W. TILLERSON, ANDREW P. SWIGER, and DAVID S. ROSENTHAL, | § § § § | |
| Defendants. | § § | |

## <u>ORDER</u>

Before the Court is Class Representative Greater Pennsylvania Carpenters Pension Fund's Unopposed Motion for Entry of an Order Approving Notice of Pendency of Class Action, Notice Procedures, and Appointment of Notice Administrator (the "Motion") (Doc. No. 267). Having carefully considered the Motion, the applicable law, and the relevant portions of the record, the Court **GRANTS** the Motion. It is **HEREBY DETERMINED AND ORDERED** that:

1. The proposed Notice of Pendency of Class Action (Doc. No. 267-1) (the "Printed Notice"), the proposed Summary Notice of Pendency of Class Action (Doc. No. 267-2) (the "Summary Notice"), and the Postcard Notice (Doc. No. 267-3) (collectively, the "Notice") are found to comport with the mandates of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure in that the Notice plainly states the

nature of the action, the definition of the Class certified, and the Class claims, and advises each member of the Class that:

> (a)  the Court will exclude from the Class any member who requests exclusion by a specified date;
>
> (b)  the time and manner for requesting exclusion;
>
> (c)  any judgment in this litigation, whether favorable or not, will include all members who do not request exclusion and is binding; and
>
> (d)  any member who does not request exclusion may, if the member desires, enter an appearance through counsel as described below.

2.      Counsel for the Class Representative shall cause the Postcard Notice to be mailed to all potential members of the Class who can be identified through reasonable effort, and cause the Summary Notice to be published once in the national editions of *Investor's Business Daily* and *The Wall Street Journal* and once over a national newswire service. The Printed Notice and the Summary Notice shall also be posted on a website established for this class action by Verita Global ("Verita") (which will serve as the Notice Administrator, *see infra*). The Court finds that the foregoing meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereof.

3.      Exxon Mobil Corporation ("ExxonMobil"), through its counsel, will request that its stock transfer agent provide the Notice Administrator with an electronic

copy of relevant transfer records available to ExxonMobil containing the names and addresses of ExxonMobil shareholders during the Class Period solely to facilitate prompt and efficient mailing or emailing of the Postcard Notice. Class Counsel shall pay the costs, if any, to obtain the relevant transfer records from ExxonMobil's stock transfer agent. The Notice Administrator will submit this list to the National Change of Address registry maintained by the United States Postal Service requesting updated address information. Any updated address information will be included in the data file used to complete the mailing of the Postcard Notice.

4.      Class Counsel is hereby authorized to retain Verita as the Notice Administrator. The Notice Administrator shall supervise and administer the Notice procedure as more fully set forth below:

(a)     Not later than fourteen (14) days after entry of this Order, Class Counsel, through the Notice Administrator, shall cause a copy of the Postcard Notice, substantially in the form submitted to the Court and conformed as needed to comport with this Order, to be emailed or mailed by first class mail to all Class members who can be identified with reasonable effort appearing on the mailing list (the "Notice Date");

(b)     Contemporaneously with the mailing and emailing of the Postcard Notice, the Notice Administrator shall establish a dedicated website, to make available to Class members the full-length Printed Notice and other case information and filings, including: (1) the Consolidated Complaint for Violations of the Federal Securities Laws (Doc. No. 36); (2) the Court's Memorandum Opinion and Order granting in part and denying in part Defendants' motion to dismiss (Doc. No. 62); (3) Defendants' Answer, Defenses, and Affirmative Defenses to the Consolidated Complaint (Doc. No. 72); (4) the Court's Memorandum Opinion and Order granting in part and denying in part Lead Plaintiffs' Motion for Class Certification (Doc. No. 178); and (5) the Stipulation and

[Proposed] Order dismissing defendant Jeffrey J. Woodbury from the case with prejudice (Doc. No. 221), as well as such other documents as the parties may agree or the Court shall require. The website shall provide an address for the purpose of receiving requests for exclusion from the Class and requests for copies of the Printed Notice. The website will be available until at least one year after the conclusion of the trial and exhaustion of all possible appeals in this action or any settlement or other resolution. The Notice Administrator shall establish a toll-free telephone number for Class members to call if they have questions or to request copies of the Class notices or other documents; and

(c)    Within seven (7) calendar days of mailing of the Postcard Notice, Class Counsel, through the Notice Administrator, shall cause the Summary Notice, substantially in the form submitted to the Court, to be published once in the national editions of *Investor's Business Daily* and *The Wall Street Journal* and once over a national newswire service. The Summary Notice shall also be posted on the website for the class action established and maintained by Verita.

5.    The Notice Administrator shall use reasonable efforts to give notice to omnibus account or nominee owners such as brokerage firms and other persons or entities who held and/or purchased or acquired ExxonMobil shares as record owners but not as beneficial owners. To the extent the beneficial account holders are not known or readily available, nominee owners who purchased, acquired, or held stock for the benefit of another person during the Class Period shall be requested to send the Postcard Notice to all such beneficial owners within seven (7) days after receipt thereof, or to send a list of names and addresses of such beneficial owners to the Notice Administrator within seven (7) days of receipt thereof, in which event the Notice Administrator shall promptly mail the Postcard Notice to such beneficial owners and update the electronic mailing list. Nominee owners who elect to send the Postcard

Notice to their beneficial owners shall send a statement to the Notice Administrator confirming that the mailing was made as directed. Additional copies of the Postcard Notice shall be made available to any record holder requesting the Postcard Notice for the purpose of distribution to beneficial owners. Such record holders shall be reimbursed by Class Counsel, upon receipt by the Notice Administrator of proper documentation, for the reasonable expense of sending the Postcard Notice to beneficial owners. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Notice Administrator per record; and up to a maximum of $0.03 plus postage at the rate used by the Notice Administrator per Postcard Notice. The Notice Administrator will, contemporaneously with the mailing of the Postcard Notice, send a letter in the form set out in Exhibit D to the Motion (Doc. No. 267-4) specifically requesting the brokerage firms, banks, and other nominees to, within seven (7) days of receipt of the letter and Postcard Notice: (a) supply an Excel file, text file, or other compatible data format containing the names, email addresses if available, and mailing addresses of Class members; (b) indicate that they will email or mail the Postcard Notices themselves and identify how many Postcard Notices they require to complete the mailing; or (c) indicate they have no records of Class members as described in the Postcard Notice in this litigation. Copies of the Postcard Notice and the Printed Notice shall also be posted on the website established and maintained for the class action by the Notice Administrator.

6.      The Notice Administrator shall also cause the Postcard Notice and the Printed Notice to be published by the Depository Trust Company ("DTC") on the DTC Legal Notice System.

7.      Any person falling within the definition of the Class shall be bound by all determinations, orders, and judgments in the above-captioned action, whether favorable or unfavorable to the Class, unless such person requests exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class member wishing to make such a request for exclusion shall mail the request by first class mail postmarked no later than forty-five (45) days following the initial mailing described in Paragraph 4(a) above to the address designated in the Printed Notice and the case website. Such request for exclusion shall clearly identify the name and address of the person seeking exclusion, the number of shares of ExxonMobil common stock purchased or otherwise acquired during the Class Period, be signed, and clearly state that the person requests to be excluded from the Class. Class members requesting exclusion from the Class shall not be entitled to any recovery that might be obtained in the above-captioned action, or bound by any Court orders or judgments in the above-captioned action.

8.      The Notice Administrator shall identify and number all exclusion requests received and create images of those requests for Class Counsel and counsel for Defendants. The Notice Administrator shall maintain original requests in its files. The Notice Administrator shall promptly provide via email copies of any exclusion requests

received to Class Counsel and counsel for Defendants.

9.      Within seven (7) calendar days following the exclusion deadline, Class Counsel shall file with the Court proof of mailing of the Postcard Notice, proof of publication of the Summary Notice, and an affidavit or declaration setting forth a list of all persons or entities who have validly and timely requested exclusion from the Class, as well as a list of persons and entities who requested exclusion from the Class that were not deemed to be valid or timely.

10.     Any member of the Class may enter an appearance in the above-captioned action, at their own expense, individually or through counsel of their own choice; such appearances must be entered no later than forty-five (45) days after the Notice Date. If they do not enter an appearance, they will be represented by Class Counsel.

11.     Subject to potential reimbursement, the costs of notice, including the cost of obtaining relevant transfer records from ExxonMobil's stock transfer agent in Paragraph 3, shall be borne by Class Counsel.

12.     This Order may be modified by the Court upon motion by any party, for good cause shown.

**SO ORDERED.**

Signed December 8th, 2025.

_____

ED KINKEADE
UNITED STATES DISTRICT JUDGE