IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO RAMIREZ, JR., Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:16-CV-3111-K |
| v. | § § | |
| EXXON MOBIL CORPORATION, REX W. TILLERSON, ANDREW P. SWIGER, and DAVID S. ROSENTHAL, | § § § § | |
| Defendants. | § | |

## ORDER

The Court addresses two motions in this Order. It will first address Defendants

Exxon Mobil Corporation, Rex W. Tillerson, Andrew P. Swiger, and David S.

Rosenthal's (together, "Defendants") Opposed Motion for Leave to File Sur-reply to

Plaintiff's Motion to Bifurcate Trial (the "Motion for Leave") (Doc. No. 288), to which

Lead Plaintiff Eastern Atlantic States Carpenters Pension Fund filed its Opposition to

Defendants' Motion for Leave (the "Response to Motion for Leave") (Doc. No. 296)

and Defendants filed their Reply in Support of Motion for Leave (Doc. No. 302). Sur-

replies are highly disfavored and permitted only in very limited circumstances.

*Campoamor v. Cengage Learning, Inc.*, 3:09-CV-0921-M, 2010 WL 11618843, at *1

(N.D. Tex. June 10, 2010) (Lynn, J.); *see also* L. Civ. R. 7.1 (motion practice limited to

response filed by nonmovant and reply filed by movant). A sur-reply may be permitted

1

in the district court's discretion where the movant asserts new legal theories or evidence in its reply. *Williams v. Aviall Servs. Inc.*, 76 F. App'x. 534, 535 (5th Cir. 2003); *Zurich Am. Ins. Co. v. Centex Corp.*, 373 F. Supp. 3d 692, 695 (N.D. Tex. 2016) (Godbey, J.); *cf. Domain Vault LLC v. Rightside Grp., Ltd.*, 3:17-CV-0789-B, 2017 WL 4298133, at *1 (Sept. 28, 2017) (Boyle, J.) (sur-reply standard applies to motions other than just summary judgment).

The Court has carefully considered the Motion for Leave with the attached proposed sur-reply, the Response to Motion for Leave, and the Reply in Support of Motion for Leave. The Court is not persuaded by Defendants' proffered reasons that a sur-reply is warranted. Accordingly, the Court **DENIES** the Motion for Leave. However, even if the Court had considered the proposed sur-reply in determining Lead Plaintiff's Motion to Bifurcate Trial, the outcome would be the same.

The Court further addresses Lead Plaintiff's Motion to Bifurcate Trial (the "Motion to Bifurcate") (Doc. No. 272), to which Defendants filed their Opposition to the Motion to Bifurcate (the "Response to Motion to Bifurcate") (Doc. No. 285) and Lead Plaintiff filed its Reply in Support of Motion to Bifurcate (Doc. No. 287). "[B]ifurcation is a case-specific procedural matter within the sole discretion of the district court." *Nester v. Textron, Inc.*, 888 F.3d 151, 163 (5th Cir. 2018) (citing *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992)).

The Court has carefully considered the Motion to Bifurcate, the Response to Motion to Bifurcate, and the Reply in Support of Motion to Bifurcate, as well as the

2

supporting appendices, the applicable law, and the relevant portions of the record. The

Court **DENIES** Lead Plaintiff's Motion to Bifurcate.

**SO ORDERED.**

Signed April 15th, 2026.

_____

ED KINKEADE
UNITED STATES DISTRICT JUDGE