IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO RAMIREZ, JR., Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:16-CV-3111-K |
| v. | § § | |
| EXXON MOBIL CORPORATION, REX W. TILLERSON, ANDREW P. SWIGER, and DAVID S. ROSENTHAL, | § § § § | |
| Defendants. | § | |

## ORDER

The Court has informally notified the parties regarding its intent to use a Special Master in this proceeding, and the parties did not object. The Court hereby appoints James M. Stanton as Special Master for this proceeding. Mr. Stanton's contact information is as follows:  Stanton LLP, 6125 Luther Lane #250, Dallas, TX 75225; Phone (972)233-2300; and email at JMS@stantonllp.com.

This appointment is made pursuant to Federal Rule of Civil Procedure 53 and the inherent authority of the Court. "Beyond the provisions of [Rule 53] for appointing and making references to Masters, a Federal District Court has 'the inherent power to supply itself with this instrument for the administration of justice when deemed by it essential.'" *Ruiz v. Estelle*, 679 F.2d 1115, 1161 n. 240 (5th Cir. 1982), *amended in part, vacated in part*, 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983)

1

(internal citations omitted). As Rule 53 requires, this Order sets out the duties and terms of the Special Master, the reasons for the appointment, and orders the Special Master to proceed with all reasonable diligence. *See* FED. R. CIV. P. 53(b)(2).

## I.      Master's Duties

Rule 53(a)(1)(A) states that the Court may appoint a master to "perform duties consented to by the parties." Consistent with the anticipated needs of the Court, the Special Master in this proceeding shall have the authority to assist the Court with matters that arise during trial, to complete tasks as assigned by the Court, and to communicate with the attorneys as directed by the Court.

The Court will adjudicate all matters in this case, including all motions filed by the parties and all disputes that arise.

## II.     Communications with the Parties and the Court

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances – if any – in which the master may communicate ex parte with the court or a party." FED. R. CIV. P. 53(b)(2)(B). The Special Master may communicate *ex parte* with the Court and Court staff at either the Court's or the Special Master's discretion, without providing notice to the parties, in order to fulfill the duties specified herein.

The Special Master may communicate with the attorneys in this matter only at the Court's direction and only if a representative for all parties is present in person or by phone. Such communications shall not address the merits of any substantive issue.

### III.    Master's Record

Rule 53(b)(2)(C) states that the Court must define "the nature of the materials to be preserved and filed as a record of the master's activities." FED. R. CIV. P. 53(b)(2)(C). Because the Special Master will not be producing any orders, findings, or recommendations for the record, the Special Master need not preserve for the record any documents created by the Special Master, nor any documents received by the Special Master from counsel in this case.

### IV.    Review of the Special Master's Orders

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." FED. R. CIV. P. 53(b)(2)(D). In fulfilling his limited duties, the Special Master will not be producing any orders, findings, or recommendations for the record.

### V.    Compensation

Rule 53(b)(2)(E) directs the Court to state "the basis, terms, and procedure for fixing the master's compensation under Rule 53(g)." FED. R. CIV. P. 53(b)(2)(E). The Special Master has agreed to forgo any compensation. The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order, or such other Orders as the Court may issue. The Court has "consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay." FED. R. CIV. P. 53(a)(3).

## VI.    Affidavit

Rule 53(b)(3) notes that the Court may enter an Order of appointment "only after the master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." *See also* FED. R. CIV. P. 53(a)(2) (discussing grounds for disqualification). Attached to this Order is the affidavit previously submitted to the Court by the Special Master.

**SO ORDERED.**

Signed April 27th, 2026.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

Affidavit of James M. Stanton
Tendered Pursuant to Fed. R. Civ. P. 53

State of Texas          )
                        )
County of Dallas        )

James M. Stanton, being first duly sworn according to law, states the following:

1.  I am an attorney licensed to practice law in the State of Texas, and my Texas State Bar Number is 24037542.

2.  I am unaware of any grounds for my disqualification under 28 U.S.C. § 455 for the case captioned *Pedro Ramirez, Jr., Individually and on Behalf of All Others Similarly Situated. V. Exxon Mobil Corporation, Rex W. Tillerson, Andrew P. Swiger, and David S. Rosenthal* pending in the United States District Court for the Northern District of Texas.

FURTHER AFFIANT SAYETH NAUGHT.

_____
James M. Stanton

Sworn before me and subscribed in my presence this 27th day of April, 2026.

NICOLLETTE VANEGAS
MORTON
Notary ID #130948965
My Commission Expires
March 4, 2029

Notary Public