## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

PEDRO RAMIREZ, JR., Individually and §
on Behalf of All Others Similarly §
Situated, §
                              §

      Plaintiff, §          Civil Action No. 3:16-CV-3111-K
                              §

v. §

EXXON MOBIL CORPORATION, REX §
W. TILLERSON, ANDREW P. §
SWIGER, and DAVID S. ROSENTHAL, §
                              §

      Defendants. §

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

Throughout these instructions, I may refer to Lead Plaintiff and class representative Eastern Atlantic States Carpenters Pension Fund as the "Pension Fund" or as "Lead Plaintiff." Please know that Lead Plaintiff is formerly known as Greater Pennsylvania Carpenters Pension Fund. I may refer to the class of Exxon shareholders represented by Lead Plaintiff as the "Class." Together, I may refer to Lead Plaintiff and the Class as "Plaintiffs." Further, I may refer to Defendant Exxon Mobil Corporation

1

as "Exxon," Defendant Rex W. Tillerson as "Mr. Tillerson," Defendant Andrew P. Swiger as "Mr. Swiger," and Defendant David S. Rosenthal as "Mr. Rosenthal." Together, I may refer to them as "Defendants."

This lawsuit has been brought as a class action. A class action is a lawsuit that has been brought by one or more persons, called class representatives, on behalf of a larger group of people who have similar legal claims, called a class. A class action lawsuit allows the claims of many people to be resolved at the same time, rather than requiring each individual to separately file a lawsuit.

In this case, the Class includes all persons who purchased or otherwise acquired Exxon common stock between February 24, 2016 and October 28, 2016, inclusive. This period of time is called the Class Period. Certain shareholders are excluded from the Class, such as the Defendants and members of their immediate families.

At this trial, the Class is represented by Lead Plaintiff Eastern Atlantic States Carpenters Pension Fund, whom I appointed to represent the Class in this case. You should assess the evidence presented and decide the issues as though Lead Plaintiff was presenting this case solely on its own behalf. In other words, you must not infer anything about the merits of this case simply because it is a class action. But, it is important for you to understand that whatever verdict you reach, that decision will bind each and every member of the Class, including Lead Plaintiff.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your

memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, TikTok, or X (formerly known as "Twitter"), or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, tablet, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or me, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

During the trial, the lawyers may make objections to questions asked or answers given. That simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my

rulings on the objections. These relate only to the legal questions that I must determine and should not influence your thinking. If I sustain an objection to a question, the witness cannot answer it. Do not attempt to guess what answer might have been given had I allowed the question to be answered. If I sustain an objection to any evidence or if I order evidence to be stricken, that evidence must be entirely ignored. If I overrule an objection, treat the answer like any other.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact

as evidence and treat the fact as having been proven here in court. The parties have agreed, or stipulated, that the following facts are not in dispute and will require no proof at trial.

1. Lead Plaintiff purchased 11,150 shares of Exxon stock on May 12, 2016, 2,700 shares of Exxon stock on June 17, 2016, and 5,775 shares of Exxon stock on July 28, 2016. Lead Plaintiff sold 1,350 shares of Exxon stock on June 27, 2016, and 3,725 shares of Exxon stock on September 20, 2016.

2. During the class period (*i.e.*, between February 24, 2016 and October 28, 2016), Exxon stock traded on the New York Stock Exchange.

3. Defendants Rex W. Tillerson, Andrew P. Swiger, and David S. Rosenthal signed Exxon's 2015 Form 10-K for the fiscal year ending December 31, 2015.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the Plaintiffs will present their case through witness testimony and documentary or other evidence. Next, the Defendants will have an opportunity to present their case. The Plaintiffs may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, the closing arguments, and my instructions.

## POST-EVIDENCE GENERAL INSTRUCTIONS

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the

arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the Plaintiffs or the Defendants in arriving at your verdict. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

The Plaintiffs have the burden of proving each of their claims by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that the Plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

As I told you before the trial began, it is your duty to determine the facts. The evidence you are to consider consists of the testimony of the witnesses, the documents

and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Certain exhibits have been admitted for limited purposes. As I instructed you before the trial began, when testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

The parties may have offered exhibits that are illustrations. These are a party's description or picture or model used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read and/or shown to you during this trial. This deposition testimony is entitled to the same consideration and should be

weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

I also told you previously that there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

In determining the weight to give the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember

other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Now, I will turn to the specific instructions about this particular case.

## SPECIFIC INSTRUCTIONS

### I.    DEFINITIONS

The following definitions apply to terms used throughout this Charge.

"Lead Plaintiff" means Eastern Atlantic States Carpenters Pension Fund.

The "Class" means all persons who purchased or otherwise acquired Exxon common stock between February 24, 2016 and October 28, 2016, inclusive. Excluded from the class are Defendants and their families, the officers and directors of Exxon, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

The "Class Period" means the time period between February 24, 2016 and October 28, 2016, inclusive.

"Plaintiffs" means Lead Plaintiff and the Class as a whole.

"Defendants" means Exxon Mobil Corporation, Rex W. Tillerson, Andrew P. Swiger, and David S. Rosenthal as a whole.

"Exxon" means Defendant Exxon Mobil Corporation.

"Rule 10b-5" means the Securities and Exchange Commission rule promulgated under Section 10(b) of the Securities Exchange Act of 1934.

### II.    RULE 10b-5 FRAUD CLAIM

Plaintiffs claim that Defendants Exxon, Rex W. Tillerson, Andrew P. Swiger, and David S. Rosenthal violated the federal securities law, Rule 10b-5, which makes it unlawful to:

1. employ any device, scheme, or artifice to defraud;

2. make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statement not misleading; or

3. engage in any act, practice, or course of business that operates or would operate as a fraud or deceit on any person,

in connection with the purchase or sale of Exxon stock.

To succeed on this claim, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. a material misrepresentation or omission by Defendants Exxon, Rex W. Tillerson, Andrew P. Swiger, and/or David S. Rosenthal;

2. made with an intent to deceive, manipulate, or defraud;

3. reliance on the misrepresentation or omission;

4. economic loss; and

5. loss causation.

The first element requires a material misrepresentation or omission by Defendants Exxon, Rex W. Tillerson, Andrew P. Swiger, and/or David S. Rosenthal. A "misrepresentation" is a statement that is not true. An "omission" is actionable if it omitted to state facts that would be necessary to make other statements by Defendants Exxon, Rex W. Tillerson, Andrew P. Swiger, and/or David S. Rosenthal, in light of the circumstances under which they were made, not misleading. For purposes of the first element, a "material" fact is one that a reasonable investor would consider significant in the decision whether to invest, a fact that alters the "total mix" of information available to the reasonable investor. A minor or trivial detail is not material.

Forward-looking statements, such as predictions or expressions of opinion, are not representations of material facts so long as they are not worded as fact or guarantees

13

and the person making the statements reasonably believed them at the time they were made. If you find that a statement alleged to contain a material misrepresentation or omission is forward-looking, you must determine whether the statement was accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement. If you find that a statement is forward-looking and includes meaningful cautionary statements, then the statement cannot be fraudulent, even if it turns out that the projections or forecasts were not correct.

To establish the second element, Plaintiffs must prove that Defendants Exxon, Rex W. Tillerson, Andrew P. Swiger, and/or David S. Rosenthal acted with scienter, in other words with an intent to deceive, manipulate, or defraud. Plaintiffs must show that Defendants Exxon, Rex W. Tillerson, Andrew P. Swiger, and/or David S. Rosenthal stated material facts they knew to be false at the time the statements were made or that, at the time the statements were made, they knew of the existence of material facts that were not disclosed although they knew that knowledge of those facts would be necessary to prevent their other statements from being misleading. Plaintiffs do not satisfy this burden of proof merely by showing that Defendants Exxon, Rex W. Tillerson, Andrew P. Swiger, and/or David S. Rosenthal acted recklessly, accidentally, or made a mistake. A defendant cannot commit fraud by hindsight.

For the scienter of a defendant corporation, it is appropriate to look to the state of mind of the individual corporate official who made or issued the statement or

14

ordered or approved the statement's making or issuance, or who furnished information or language for inclusion therein, rather than generally to the collective knowledge of all the corporation's officers and employees acquired in the course of their employment. A defendant corporation can have the requisite state of mind only when that state of mind is possessed by a single corporate official. In other words, the requisite state of mind cannot be aggregated from the collective knowledge of the corporation's officers and employees. Rather, the requisite scienter must actually exist in the individual corporate official making or being a cause of the making of the statement.

To establish the third element, Plaintiffs must prove that they relied on the alleged misrepresentation or omission. To do so here, Plaintiffs must invoke the "fraud-on-the-market" presumption of class-wide reliance. To invoke this presumption, Plaintiffs must prove that (1) Defendants Exxon, Rex W. Tillerson, Andrew P. Swiger, and/or David S. Rosenthal made public material misrepresentations, (2) Defendant Exxon's shares were traded in an efficient market, and (3) Plaintiffs traded Defendant Exxon's shares between the time the misrepresentations were made and the time the truth was revealed. Defendants Exxon, Rex W. Tillerson, Andrew P. Swiger, and/or David S. Rosenthal may, by a preponderance of the evidence, rebut this presumption by any showing that severs the link between the alleged misrepresentation and either the price received or paid by Plaintiffs or their decision to trade at fair market value, including a showing that the alleged misrepresentations or omissions did not affect the price of Exxon stock.

As to the fourth and fifth elements of the claim, Plaintiffs must show economic loss and loss causation. Plaintiffs must show that they actually suffered an economic injury that was proximately caused by the alleged misrepresentation or omission. To establish a causal connection, Plaintiffs must show that when the relevant truth about the alleged fraud began to leak out or otherwise make its way into the marketplace, that relevant truth caused the price of the stock to depreciate and thereby proximately caused Plaintiffs' economic loss.

**QUESTION 1**

Did Plaintiffs prove their Rule 10b-5 claim as to Defendants' statement in Exxon's 2015 Annual Report on Form 10-K regarding proved bitumen reserves at Exxon's Kearl operations in Canada?

Answer "Yes" or "No" as to each Defendant.

Rex W. Tillerson:     NO

Andrew P. Swiger:     NO

David S. Rosenthal:     NO

Exxon:     NO

Proceed to Question 2.

**QUESTION 2**

Did Plaintiffs prove their Rule 10b-5 claim as to Defendants' statement in Exxon's 2015 Annual Report on Form 10-K regarding "Average production prices" and "Average production costs" at Exxon's Kearl operations in Canada?

Answer "Yes" or "No" as to each Defendant.

Rex W. Tillerson:        NO

Andrew P. Swiger:        NO

David S. Rosenthal:      NO

Exxon:                   NO

Proceed to Question 3.

**QUESTION 3**

Did Plaintiffs prove their Rule 10b-5 claim as to Defendants' earnings statement in Exxon's 2015 Annual Report on Form 10-K regarding non-impairment of Exxon's Rocky Mountain Dry Gas operations?

Answer "Yes" or "No" as to each Defendant.

Rex W. Tillerson:        NO

Andrew P. Swiger:        NO

David S. Rosenthal:      NO

Exxon:                   NO

If you answered "Yes" to Question 1, Question 2, OR Question 3 as to ANY Defendant, proceed to Section III. If you answered "No" to Question 1, Question 2, AND Question 3 as to ALL Defendants, do not proceed to Section III, and instead sign the Verdict Form and return it to me.

## III.  DAMAGES

If you find for Plaintiffs on their claims, you must then consider the issue of the amount of money damages to award. You should award Plaintiffs an amount of money they show by a preponderance of the evidence to be fair and adequate compensation for the loss that proximately resulted from Defendants Exxon, Rex W. Tillerson, Andrew P. Swiger, and/or David S. Rosenthal's wrongful conduct that you have found. The amount of damages may be shown in evidence as a "per-share" amount. In other words, Plaintiffs may demonstrate damages by offering evidence of a dollar amount per share. If you decide to award money damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.

### QUESTION 4—KEARL DAMAGES

Answer Question 4 only if you answered "Yes" to Question 1 OR Question 2 as to ANY Defendant.

For Defendants' statements reflected in Question 1 and/or Question 2, what amount, if any, reasonably estimates Plaintiffs' damages per share during the Class Period?

Answer in dollars and cents:

$_____

Proceed to Question 5.

18

QUESTION 5—ROCKY MOUNTAIN DRY GAS DAMAGES

Answer Question 5 only if you answered "Yes" to Question 3 as to ANY Defendant.

For Defendants' statement reflected in Question 3, what amount, if any, reasonably estimates Plaintiffs' damages per share during the Class Period?

Answer in dollars and cents:

$_____

Proceed to Section IV.

## IV.    LEAD PLAINTIFF RELIANCE

### QUESTION 6

Answer Question 6 only if you answered "Yes" to Question 1, Question 2, OR Question 3 as to ANY Defendant.

Did Defendants prove, by a preponderance of the evidence, that Lead Plaintiff Eastern Atlantic States Carpenters Pension Fund did not rely on the integrity of the market price of Exxon stock and would have purchased Exxon stock at the same price it did regardless of the misrepresentation or omission?

Answer "Yes" or "No" as to each statement for which you answered "Yes" in Question 1, Question 2, and/or Question 3.

For the statement reflected in Question 1:      _____

For the statement reflected in Question 2:      _____

For the statement reflected in Question 3:      _____

Sign the Verdict Form and return it to me.

## POST-ARGUMENT INSTRUCTIONS

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Remember at all times, you are the judges of the facts. You should determine these facts without any bias, prejudice, sympathy, fear, or favor, and this determination should be made from a fair consideration of all the evidence that you have seen and heard in this trial. Do not speculate on matters that are not in evidence. Keep constantly in mind that it would be a violation of your own sworn duty to base a verdict on anything but the evidence in the case. You must carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

The fact that I have given you instructions about a particular claim or defense, or that I have not so instructed you, should not be interpreted by you in any way as an indication that I believe a particular party should, or should not, prevail in this case.

You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do

not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up your honest beliefs solely because the other jurors think differently, or just to finish the case.

When you go into the jury room to deliberate, you may take with you a copy of this Charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom. During your deliberations you will set your own work schedule, deciding for yourselves when and how frequently you wish to recess and for how long.

Do not deliberate unless all of you are present in the jury room. In other words, if one or more of you are together outside the jury room, do not discuss the case.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions in the Charge and sign and date the verdict. Do not reveal your answers to anyone besides other members of the jury until such time as you are discharged, unless otherwise directed by me. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**SO ORDERED.**

Signed May __13th__, 2026.

ED KINKEADE
UNITED STATES DISTRICT JUDGE